UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

AUG 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAURICE CEASAR' PRO SE          :
                               :
            Plaintiff,          :
                               :
                               :
VS.                             :       Civil Action No. 07-1191-PLF
                               :
FEDERAL BUREAU OF PRISONS, et al:
                               :
            Defendants.         :
_____:

## TO AMEND CIVIL COMPLAINT FOR 1191-07
## DUE TO CORRECTION OF TYPE ERRORS MADE
## IN FIRST COMPLAINT

I, here by ask this Honorable Court and Judge Paul L. Friedman to **Amend the 07-cv-1191**

**Civil Complaint;** Enclose or attach to this letter/motion due to the First Comlaint,

I had filed, thats under **07-cv-1191** having to many **Type Errors** that can be a little

misunderstood for its Request and Complaint. So may this as, amended Complaint be

consolidated or combined with **07-cv-1191** as the Official Civil Complaint with those

supplemented **Exhibits** that may have been sent to Honorable Judge Rosemary M. Collyer,

who was the **(First)** assigned Judge on **07-1191**. I sent by Certified Mail these **Exhibits**

Legal Documents to her in **June 2007**. May attachment of Revised Complaint be Honored.

I have made corrections of words.

_8- 14 -07_____
            Date

_Maurice Ceasar_____
        Maurice Ceasar, Reg.No. 09747-007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Ceasar,Maurice
Reg.No.09747-007
P.O. Box 300
Waymart, PA 18472-300

| | |
|---|---|
| MAURICE CEASAR | CIVIL CASE# 07-1191-PLF |
| PLAINTIFF | |
| v. | |
| D.C./Federal Bureau of Prison In Lieu of: DESIGNATION AND SENTENCE COMPUTATION CENTER LEGAL INSTRUMENT EXAMINERS GRAND PRAIRIE OFFICE COMPLEX 346 MARINE FORCES DRIVE GRAND PRAIRIE, TEXAS 75051 | |
| DEFENDANT | |

## Civil-Diverse Citizenship Case.

Filing -lawsuit Complaint for violation of False Imprisonment On (F-7641-81) Closed Case. Invasion of my Civil Rights/Unusual Punishment Due To Closed Case Documents/and Expired Time Computation-Docket Number.

## COMPLAINT

In reference to the Retaliation and Illegal Sentencing by there Non Authority to be resentence or give an inmate a fair computation Fifth Amendment  Due Process and causing miscalculation there at the legal instrument examiners office to compute time has deprived I, Maurice Ceasar under the Constitutional Laws and Clause, by there false calculation and misleading reports sent through out the Judicial and

Criminal Computer System that house Inmates and Exoffenders legal Data-In Data Based Census. (Especially) after 4 to 20 years sententence was done from a period of 1983-2003 most done Incarceration days on the **J+C F 7641-81**. They sent false information through the DAta System. They currently added 3,688 more days on closed case **F-7641-81** to falsely send data through legal system.

## COMPLAINT FACTS

On **May 9, 2006**, I Maurice Ceasar was arrested on **Theft Charges** by Warrant of my arrest; through my arrest and aprehension of these charges, I was never held on any other Warrants for my arrest, only **CF3-9216-06, CF39217-06 D.C.**, Superior Court Cases. There were never no charges, or any Warrant for my arrwest brought to the Court, or to the Prosecution Offices attention of I, Maurice Ceasar being charged or Indicted on any other charges or any other disposition of any claims. Nor after the facts when I was Incarcerated, did I see any one from any other agency in the U.S. Federal Justice Department In Lieu of F.B.O.P. or nor did M.P.D. had any awareness of me having any escape warrant complaint concerning to this matter **On 11-11-2005.**

However, when I got sentenced **On 1-11-07 for CF3-9216-06, and CF3-9217-06 Burglary Cases.** I was designated to served 24 Months/24 Months Consecutively after misdemeanor 90 days **(I've done first at CCA in D.C.).** Then the Designation and Sentence Computation Center comes up with computating an escape charge then takes it off the **F.B.O.P.** Web site, then they constructed the release data On F.B.O.P. **Web site of 2011**, in which they gave **no deduction** for already 8 Months Jail Time Credit before the (90 days) of 1-11-07 to 4-9-07.

Nor did they percentage me of 85% of the time in which, (any thing over a year, I can be eligible for the 54 days of each year.)

Furthermore, between **(4-9-07)+ (4-14-07), the Legal Examiners,** went on to construct and created a release data of 2015 for **CF3-9216-06/CF3-9217-06 Cases,** which is more than 24 Months Consecutive Sentencing, that Judge H.B. Dixon Jr. given me. These are some facts, that they went into closed case/termination probated data base history, to find another reason to say I Owe Time for something without having legal paper work to lead up to me having a warrant or detainer, or set offs of probation/parole action endeavors because I, never was in COurt, nor received any paper work or disposition that stated that I'm in violation of these Criminal Claims.

Under **UNITED STATES CONST., AMEND V.** In all Criminal Prosecution the accused shall enjoy the right to speedy and public trial, by an impartial jury of the State and District wherein the crime shall have been committed, which District shall have asertained by law, and to be informed of the nature and cause of the accusation to be confront with the witnesses against him to have compulsory process for obtaining witnesses in his favor,and have the Assistance of Counsel for the defense.

## RELIEF SORT OF CLAIM

I, Maurice Ceasar Plaintiff am filing this Civil Complaint for the invasion of my Civil Right also for the treatment of malice (Fraudulant Dates) that I received **On Me Due to this Federal or Federal Contracted Agency not Honoring the truth,** but disregarded in correcting this matter after each step I made by filing BP-8, BP-9 Grievance as well as BP-10, to insured some type of relief than being denied my

**Right of Liberty** after the 24 Months Consecutive Release Date, that would have been 2009-2010. They stop my sentence until 2011 to 2015 a sentence that already started since 1-11-07 and jail Time started On 5-10-06.

## REQUEST ACTION

I Maurice Ceasar, (Plaintiff) Due to Action that needs to be taken by the Courts to bring this matter of closed cases and history data base that the Designation Sentencing Computation Center is misusing authority to stretch Inmate time/Exoffender time comps, longer in which they need to be investigated there at the computation center for Federal and local Inmates.

A) I seek from this Honorable Court Relief to have an Investigation and Representation.

B) May this Honorable COurt bring charges against those reported the the Misinformation to USP Canaan and Placed Erroneous Time Computation in Federal BUreau of Prison DAta Base and Web Site.

C) I wish to have, an Oral Hearing and Proceedings; a set trial by Jury and ask this Honorable Court to have each legal Instrument Examiner Present, to reveal these source, or how they created the Criminal Information in which I was never aware of, until they Designated me to U.S.P. On 4-30-07 and 5-21-07 Team.

D) May this Honorable Court know that I am asking Financial Relief in damages and Injuries in which under **F-7641-81 Closed Case** that they are trying to created data under (and that has Incarcerated longer than the 20 years I was given to expired, in 2003 altogether. This relief financially carries the Damages and Burden Emotionally-Punitively- and Economy Damage and Injuries as well as My Stressful matter which is untoldly confusing to how they seen to get away. I ask **$1,000,000,00 One Million Dollars in this Suit (plus) Awarded Damages and Injuries (under this Claim Civil Right Act 42 U.S.C. of (1983).**

E) This Civil Claim also seeking the name of Anonymous defendants Agency Officials who reported this untrue information about me to have more time than 48 Months and who computed extra 48 extra Months and used closed case time all over again, when limit has expired in 2003 and then 2004 and 2005 in which it went over that 20 years sentence amount given **On F-7641-81 Judgement & Commitment.** The untrue Computation

data mislead all other Federal Agencies/the Courts,M.P.D. and N.C.
I.C./Wales national Criminal Data Base System which houses Inmates
and Exoffender, Computations/Parole Criminal Information. This also
violates Federal Rights and Procedure of law by this Federal or Fede-
ral Contract Agency Designation and Sentence Computation Center in
**(Grand)** prairie  Texas having this matter Erroneoussly in dispare.

8/12/07
_____
Date

_Maurice Caada 2007_
_____
Signed



I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?        Yes ( )        No (X)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?        Yes ( )        No (X)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to this previous lawsuit.

        Plaintiffs: _____0_____

        Defendants: _____0_____

    2.    Court (If federal court, please name the district; if state court name the county.)
        _____0_____

    3.    Docket number: _____0_____

    4.    Name of judge to whom case was assigned: _____0_____

    5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
        _____0_____

    6.    Approximate date of filing lawsuit: _____0_____

    7.    Approximate date of disposition: _____0_____

## PLACE OF CONFINEMENT

(A) Is There A Prisoner Grievance Procedure In This Institution?

   (YES)

If Your Answer Is Yes, Go To Question III B. If Your Answer Is No, Skip Question,C And D And So To Question III E.

(B)  (YES)

(C) If Your Answer Is Yes To III B;

1 <u>To Whom And When Did You Complain?</u>

I Followed - Federal GrievanceStep By Filing A B-P-8,B-P-9 And B-P-10 Forms To The Regional Level Also By Lawyers Contact In 4-9-07

2 <u>Did You Complain In Writing ?</u>
    YES

3 <u>What If Any ,Response Did You Recieve ?</u>(Furnish Copy Of Responses If In Writing).

      U.S.P Cannan Record Office Responded To BP-8 ,BP-9 In Stating That There review Of What Grand Prairie Texas Computation Center of What Grand Prairie Texas Has On F.B.O.P Computer States I Have More Time Than The Time I Was Given By Judge Dixon Court...And That My Release Date Of 2015 Remains The Same And That They Are Going With That By Who Computated My time/Release.

4 <u>What happened As A Result Of Your Compliant?</u>

    (nothing)

This Is Why Im Filing A Lawsuit Against The Incompotencey Of The Contracted Federal Agency To Computate Prisoners Time.

**(D)** <u>If Your Answer Is No To Question III B Explain Why Not ?</u>

My Answer Was "YES".

(E)  <u>If There Is No Prison Grievance In The Insitution Did You Complain To Prison Authorities?</u>  "(YES)".

I Did Both - Grevance And Mainline Office Complained.

(F) <u>If Your Answer is (YES) To Question III E, Who Did You And When You Complain?</u>

1 Between The  3  Weeks Ive Been here On 5-3-07 UP To this DAte. I Complain To USP Cannan Record Inmate System Clerks Especially Mr Farley. Complain To Case Mananger-Counselor_ Unit Manager And The Warden Ronni Holt.

2 I Did Complain Verbally And In Writing Of Requests Cop-outs And BP-8 Grievance And BP-9 Grievances

3 My Responses To This  Computation Was The Same As III C-3 Response.

(4) For This Matter,Nothing Happen In Complaint Differently However, I Wish To File This Suit For Cruel And Unusual Punishment By This USP Cannan Administration And Designation And Sentence Computation Center

IV

## PARTIES

**(A)** <u>Name Of Plaintiff</u>; MAURICE CEASAR REG:09747-007

    Address; UNITED STATES PENITENTIARY CANNAN

            PO BOX 300
            WAYMART P.A 18472

**(B)** <u>Name Of Defendant</u>; Legal Instrument Examiners Designation & Sentence Center

    <u>Address</u>; GRAND PRAIRIE OFFICE COMPLEX
           346 MARINE FORCES DRIVE
           GRAND PRAIRIE ,TEXAS 75051

  <u>Name Of Defendant</u>;  Federal Bureau Of Prisons D.C./Records

    <u>Address</u>; 320 First Street  North West
           Washington D.C. 20001

5) And that 4-20 years sentence suppose to expired in 2003 altogether.

6) I, the petitioner have exhausted all remedies and still have not received a suitable resoluton that will address the time gap in which my sentence from 1983-2003 was over or about to expired in 2003. Since these criminal authorities that deal with housing or revoking parole have violated the clauses that brought this matter to Court, I wish to have an oral argument on this matter of why I am still being incarcerated on an old expired F-7641-81 docket number which has no more time on it. This has taken street time and other time from me illegally and basically resulted in an illegal extended sentence on F-7641-81 to 2015 and 2009 on CF-9216-06. My time was supposed to have been up in 2003 on F-7641-81; Please may relief to vacate this matter be deem appropriate under this civil ground. as well as in this ground an out side specialist will examine the time computation to determine an allowed 4 to 20 years on F-7641-81.
These issues show that they are assuming the authority of the United States District of Columbia Metropolitan Courts, which are the only one with authority of criminal endeavors that can legally vacate, set aside, or correct a sentence or resentence me under docket number F-7641-81 or CF-9216-06-9217-06 cases. ...... Something must be done to prevent, F.B.O.P. designation of sentence computation office from getting away with this type of deception,especially when they created a face sheet document with misleading information under an expired J&C docket number F-7641-81 and send it throught the system to criminal records divisions, and to NCIC/Wales computer. The falsified information is then sent across the nation illegally causing criminal authorities to think that I still owe time under docket number F-7641-81, which is not true, but it is criminally false.

7) The Instrument of the Institution Computation Center where I am located CAnaan. C/O F.B.O.P. has been mislead by the docket number F-7641-81 information; and are holding me longer on closed case F-7641-81, than they should have. this is an old case number that I was sentenced to with no more than 4 years; and no more than 20 years, this is appalling and has been a problem that I ask the Court to step in to correct and acknowledge that the docket number and associated judgement and commitment Time have expired.This is especially important in cases when the sentencing judge has retired or passed on. This matter needs to be resolved by an investigation following this Law Suit.

8) This data was created by those responsible for inmates entering jail system and docket numbers and replaced time in the computer to created a face sheet for incarcerated individuals, in which in my case, is falsified, because the computation with them, who have computated time caused turpitude to there type of service.

## Term of Sentence Statement of Claim-Original Sentencings

1) Most recent grounds (5/9/06-5/10/06). Pretrial Office and Attorney pulled up my Bureau of Prison site data On **F-7641-81** case that I was originally sentence 8/15/83 by honoralble judge Tim Murphy, who had retired. In pretrial reports from **F.B.O.P.** web site that due to Sheena Hungerford's preparation On 5/10/06 and attorney under docket number PSA case# 061308-89 according to automated probation and paro le records the defendant parole was closed, revoked to incarceration On 10/24/04. According to the Bureau of Prison website the defendant was release On 11/11/05. PSA has no additional information regarding this matter.

2) The D.C. Superior Court Records Dept, Room 4001 had in their records all of my closed filed cases including case **F-7641-81** that was the longest time sentence of 4 to 20 years for which I was held on paro le until 2004 (1983 to 2004) and realease of parole in 2005. In my presentence report, done by Wendy Covey. It states that my parole probation has been terminated unsuccessfully these are grounds to show by this Court aknowledgement that **F-7641-81** case time and expi ration contents are closed and no other agency should attempt to con spire to hold me on **Dead time issue or attempt to add more time on B.O.P.** website without having authority to do so and documents upda ted.

3) In these matters concerning a 2015 release date for **CF3-9216-06 and CF-9217-06**, where did they get this release date?., who orchestrated the authorization for access of entering this date (2015) which is wrong and should only carry a total of 24 Months consecutivly and which should be complete in 2009 after the math of 85% done on the sentence, however someone at the **F.B.O.P. entered 2015 date** in the computer and does not wish to correct it. Someone from **F.B.O.P.** Desi gnation and Sentence Center site have given me, a date of incarcera tion from 2007 to 2015 doubling the 4 years, to give me 8 years, or using a closed case data to hold me in prison illegally by disrega ding the Court record office or judge authority to sentence a person to specified time period, after serving the time sentence the case becomes closed and final.

4) This agency, for either U.S. Justice Department is abusing its authority and overriding the power of the Court system records files that this **F7641-81** case is closed. This is a very illegal approach to mislead other local and federal agencies by sending **Non- Active Computation data on me to mislead those into thinking that I still have time until 2015 on a F-7641-81 closed case.** Its appalling that someone with access to F.B.O.P. computer housing Inmate data will stoop that low to keep an Exoffender or inmate in the system illegally. I ask for an investigation and relief in this matter and to make these U.S. Justice Department F.B.O.P. or USPC acknowledge that **F-7641-81** is a closed case.

9) There have been many concerned by those who knows the existing
system; that I am being railroaded by the prison records data
system and parole authorities who have overtaken the authority
of the criminal Court judges jobs who are the only ones who should
have the proper authority to correct or sentence an Exoffender in
Lieu of his original sentence.

## CERTIFICATE OF SERVICE

I hereby certify that the above legal matter that is being expressed
is true that my time comutation is unfair and misleading to the judici-
al and NCIC Inmate data systems, and to that, the **F7641-81** case was
closed out by its expiration date, that the 4 to 20 years sentence ex-
pired from 1983 to 2003 . However, closed in 2005 according to the
Court Records files and other. I certify this On ___12ᵗʰ___ Day of _August_
2007, and ask for an oral hearing in this matter.
I Certify under the Penalty of Perjury that foregoing is True and Correct.

Respectfully yours,

Ceasar, Maurice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MAURICE CEASAR

     Plaintiff         :

                    :

                    :

vs.                  :     Civil Action No. **07-1191-**PLF

                    :

FEDERAL BUREAU OF PRISONS et al  :

     Defendants       :

_____

SUPPLEMENTAL TO CASE 07-1191-RMC
IN LIEU OF F-7641-81 EXHIBITS AND ORDER
FRCP (UNDER RULE 15)

To: Honorable Judge Paul L. Friedman

    In view of my Civil Action Case for **F-7641-81** Criminal Case. Obviously something is going on that I'm not to comfortable with when it comes to me finishing out the sentence of 4 to 20 years on parole and while Incarcerated on numerous violations. Your Honor, I come truthfully to you with a request of forgiveness of my foolish criminal past. What appears to be the problem I am having is that the Federal Bureau of Prisons and Designation Sentence Computation Center has placed 3,688 Days back on the 4 to 20 years sentence that was given in 1983 by Honorable Judge Tim Murphy which after 20 years of getting this sentence it should be expired out and Docket No. **F-7641-81** should not have any more time on it or shall I be given a new sentence in 2007 under that **F-7641-81** Docket number without consentment of a Judge's Ruling that I was Re-sentence.

Your Honor, this is not the case that a Judge ordered me a new sentence; someone who are in operations of the input and output of criminal data on either, ex-offenders parolees, probation, parole violators and new criminal cases has took F-7641-81 **Docket No.** And placed more time on it...It is obvious that something has triggered the Designation Sentence Computation Center to carry out this matter of Computation due to that service of sentence on 8-15-83 to now being the only Docket Number **F-7641-81** having a large amount of time on it, in which I have done my time all 20 years (twenty) years of it under concurrent sentence and parole.

Your Honor, I can prove that they have altered criminal computation under my name in there (data base) and now sent it through to other criminal and federal agencies who may think as you may think that I have not completed my 4 to 20 years given in 1983, but I have. The changing of data in there F.B.O.P. Computation Center computers has made a mess of many Inmates time that they owed. I know that some who has not receive relief as to my situation, is still an issue. And D.S.C. they made it more confusing intentionally by adding 3,688 Days on top of the 20 years I've done already; that now has me doing (30 years) on **F-7641-81**, which is not right of the **J & C** original sentence that was originally given by Honorable Judge Tim Murphy on 8-15-83. He only sentence me to 4 to 20 years on **F-7641-81 case.** Then in 1986 Honorable Judge Reggie Walton reduced it on 12-18-86 to 42 months to 20 years taking only 6 months off the front of the original sentence. In my own words (Your Honor) their have been failure to seek relief from this Judgement and Commitment after the 20 years time has expired in 2003.

After the expiration of F-7641-81 it has been Re-approached by the U.S. Parole commission and F.B.O.P. to Re-sentence me on new sentence by there computation that is inaccurate to the standards of criminal law and justice which this matter should be adjudicated) by a Judge who holds the authority and power as a Judge of the Courts.

It appears again that the turpitude of authority lingers on in certain Federal Jurisdictions of the Criminal Computation and Designation Data Systems, which over looks the right of liberty after a prisoners has served his sentence, in most ways-Incarcerated and on parole. Served to his amount that these Honorable Judges has given us in no less than-no more than-in Superior Court 1981 sentencings. Why is it that after a long 20 years of this sentence, I should be subjected to do 3,688 Days after the computation of expired sentence Incarcerated. This should not be happening without a Judge's order after the fact that F-7641-81 case Docket No. is a closed and expired case. And that it is being Illegally Re-opened to hold me to be Incarcerated until 2015, than allowing this to be over. May this be ordered closed finally by this Court Judge. Especially after you have An expert computation examiner from the out side to review my F-7641-81 sentence amount.

Enclosed: (A) Are Documents from the D.C. Superior Court Records Department from Ms. Shepard,/Mr. Wesley King Deputy Clerks, to show closure of my past criminal cases.
(B) also, copy of Presentence Report Parole and Probation Disposition Documents (12) through (18) pages concerning F-7641-81.
(c) Also, copy of Pretrail Service Report of 5,/10,/06 with case F-7641-81 Document Concerning close,/revoke data and release 11,/11,/05 data.

(D) Also, copy of Judgement and Commitment 12/18/86 Honorable Judge Reggie Walton reduction. May these documents become apart of this Civil case as **Exhibit (A)** thru **(I)** as well of my Department of Correction and F.B.O.P. records ordered, and examine by an outside expert for computating sentencings and parole time-to show Proof of there "Errors".

(E) Also the Plaintiff (wishes) to base his Civil Action Case under the <u>Sellers v. Bureau of Prisons</u>, 959. F.2d 307 (D.C.Cir.1992) as an **Exhibit** to show that the Incorrected Information is very misleading in the Record Central Files to Keep Accuracy of F-7641-81 time and not allowing the docket number to expire respectively as time has been completed after 2003. F.B.O.P. has this thing, of over riding and abusing authority as both federal justice Department agencies cause the language of turpitude to the criminal system under their disregards to obey by Federal Court Rules and Procedures; however, take lead over the Courts intentionally as well deregard the time limit for Docket No. F-7641-81 has expired.

## CERTIFICATE OF SERVICE

I, here by ask this Honorable Court to Honor under F.R.C.P. Rule 15 supplemental to case 07-1191-RMC in lieu closed case F-7641-81 **the Exhibit,** to support that this case Docket No. is being illegally used to keep me in the system until 2015, after some 23 years over the amount time of the 4 to 20 years sentence given by Honorable Judge Tim Murphy on 8-15-83. In which I ask on this_____Day and_____month 2007. That these **Exhibit** be a said part of Civil Action 07-1191-RMC case hereforth.

Respectfully yours,

Maurice Ceasar#09747-007

4

```
   CAA1F  540*23 *           SENTENCE MONITORING          *    05-03-2007
PAGE 001         *          COMPUTATION DATA             *    11:47:02
                           AS OF 05-03-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE

```
FBI NO...........: 442456X1
ARS1.............: CAA/A-DES          DATE OF BIRTH: 02-08-1960
UNIT.............: C2 UNIT
DETAINERS........: NO                QUARTERS.....: C04-203U
                                     NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 11-08-2014

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 05-08-2015 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 040 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 2006 CF3 9216
JUDGE...........................: DIXON
DATE SENTENCED/PROBATION IMPOSED: 01-11-2007
DATE COMMITTED..................: 01-11-2007
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.:  $00.00         $00.00          $00.00     $250.00
```

RESTITUTION...: PROPERTY: NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 605
OFF/CHG: 22-1801(B), 2ND DEGREE BURGLARY

```
SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
TERM OF SUPERVISION............:    3 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CS TO 050
DATE OF OFFENSE................: 05-09-2006
```

---------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: 2006 CF3 9217
JUDGE...........................: DIXON
DATE SENTENCED/PROBATION IMPOSED: 01-11-2007
```

G0002      MORE PAGES TO FOLLOW . . .

```
  CAA1F  540*23 *          SENTENCE MONITORING        *    05-03-2007
PAGE 003 OF 003 *           COMPUTATION DATA          *    11:47:02
                           AS OF 05-03-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE


DATE COMPUTATION BEGAN..........: 11-20-2011
AGGREGATED SENTENCE PROCEDURE...: DC SRAA ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............:    48 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     4 YEARS
AGGREGATED TERM OF SUPERVISION..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 05-09-2006

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                    05-10-2006    05-16-2006

TOTAL PRIOR CREDIT TIME.........: 7
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 188
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 05-08-2015
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-12-2015


PROJECTED SATISFACTION DATE.....: 05-08-2015
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: FUTURE COMP. ANY CHANGES TO COMP 030 WILL AFFECT DCB.


G0000       TRANSACTION SUCCESSFULLY COMPLETED

```
  CAA1F   540*23  *           SENTENCE MONITORING        *     05-03-2007
PAGE 002           *          COMPUTATION DATA           *     11:47:02
                                AS OF 05-03-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE


DATE COMMITTED..................: 01-11-2007
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO

```
             FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $00.00        $00.00       $00.00     $350.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  605
OFF/CHG: 22-1801(B), 2ND DEGREE BURGLARY

 SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    24 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO 040
 DATE OF OFFENSE................: 05-10-2006

------------------------CURRENT COMPUTATION NO: 040 --------------------------

COMPUTATION 040 WAS LAST UPDATED ON 04-12-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-14-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010, 050 010


G0002       MORE PAGES TO FOLLOW . . .
```

```
   CAA1F  542*22 *            SENTENCE MONITORING          *      05-03-2007
PAGE 001 OF 001 *             GOOD TIME DATA               *      11·47:13
                            AS OF  05-03-2007

REGNO...: 09747-007   NAME: CEASAR, MAURICE
ARS 1...: CAA A-DES
COMPUTATION NUMBER..: 040                  FUNC..: PRT   ACT DT:
LAST UPDATED: DATE.: 04-12-2007            FACL..: DSC    CALC: AUTOMATIC
UNIT................: C2 UNIT              QUARTERS...........: C04-203U
DATE COMP BEGINS....: 11-20-2011           COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 7                    TOTAL INOP TIME....: 0
CURRENT REL DT......: 11-12-2015 THU       EXPIRES FULL TERM DT: 11-12-2015
PROJ SATISFACT DT...: 05-08-2015 FRI       PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                      ACTUAL SATISF METHOD:
DAYS REMAINING......:                      FINAL PUBLC LAW DAYS:

-------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

    START       STOP     MAX POSSIBLE TO     ACTUAL TOTALS    VESTED    VESTED
    DATE        DATE     DIS  FFT           DIS   FFT         AMOUNT     DATE
 11-13-2011  11-12-2012   54
 11-13-2012  11-12-2013   54
 11-13-2013  11-12-2014   54
 11-13-2014  05-08-2015   26

      TOTAL EARNED AMOUNT........................................:        0
      TOTAL EARNED AND PROJECTED AMOUNT...........................:      188
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Case 1:06-cr-01306-ER-1   Document 34   Filed 06/08/10   Page 1 of 1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

_AMENDED_

vs.

Case No. _F 2641-81 COE_

PDID No. _348-504_

_Maurice Ceasar_  "IN-JAIL"

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of _Assault_
_with intent to commit Robbery while armed_
_(three counts)_

and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Not less than_
_forty-two (42) months nor more than twenty_
_(20) years on each count respectively._
_Said sentences are to run concurrently._

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court will distribute monies to _____
_____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment order for the defendant.

_12/18/86_
Date

_Reggie B. Hitt_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

_12/18/86_
Date

A TRUE COPY
TEST:
JUN - 6 2007
Superior Court of the
District of Columbia

BY: _Turley_
Deputy Clerk

_Owen V. Bohn_
Deputy Clerk

Original — Court
Blue — Jail
Green — Probation
Canary — Social Services

Defense Lawyer's Office
U.S. Attorney/Corporation Counsel
Defense Attorney
Bureau of Prison's

Form CD(18)-1040/Feb. 86

N6—p1760 wd-60

## THE CASE OF MAURICE CEASAR

The case of Maurice Ceasar represents a very serious, disturbing miscarriage of justice. In my sixteen years as a volunteer caseworker in corrections, this is the one case I have encountered where a person completely innocent of any wrongdoing whatsoever was swept up by the system, wrongly convicted and imprisoned.

On December 30, 1981, at approximately 12:30 p.m., two men attempted to rob the New University Market at 1901 4th Street, N.W. The robbers, apparently frightened by a dog in the store, ran out and ran away. Two young men reported in court that they happened on the scene and took off after the robbers. (One witness was the son of a man employed at the Market, but it was not established why he happened to be on the scene at that time.) The men said that, in crossing through traffic, they lost the robbers. They ended up in an area threaded with alleys. One man testified he posted himself in the street near 4th and P. Streets, N.W. to see if the robbers would emerge from the alley.

A few minutes later, two young men emerged from 413 P. Street and took off jogging. They were Maurice Ceasar and Willie Hicks. They were wearing different clothes from what the robbers allegedly were wearing, but the witness said that he decided these were the robbers, that they had entered a back door at 413 P. Street from the alley, had changed their clothes and had then come out the front door.

Here is a remarkable fact, established in court testimony: There is no back door to 413 P. Street. Ceasar and Hicks could not have come in from the alley and then emerged out the front door. A neighbor from across the street testified that he had been sitting on his porch and that the only time he saw Hicks leave the house was when he went out jogging. This would leave only one conclusion: that Hicks was in his house during the time of the robbery, as he claimed, and only left the house when he and his friend, Ceasar, emerged to go jogging. Ceasar had earlier jogged from his house at 937 S. Street, N.W., and was also in Hicks' house at the time the robbery was committed.

The witness, having determined on his accusations against Ceasar and Hicks, returned to the Market, informed the police of his suspicions and directed them to 413 P. Street. When Ceasar and Hicks returned from jogging, they found police and police cars crowded in front of Hicks' house. The witness said they were the robbers. They were carried in police cars directly back to the Market, where two victims identified them as the robbers, one of them a man in a high state of anger. This man was the father of one of the two witnesses, and he testified later that he had been troubled by suspicions that one robber might have been his own son. The third victim, a Korean woman, was not sure in her identification, though she later testified in court that Ceasar and Hicks were the robbers.

At no time were Ceasar and Hicks identified in a line-up. The identification was established through this hasty and improper confrontation immediately after the witness had informed the victims that he had found the robbers. Later, single mug shots of Ceasar and Hicks were shown to the victims, to reconfirm the already established impression of identification. Again, this was not done in the proper fashion, with pictures displayed in an array. The entire case rested on this single factor of sudden improperly confirmed identification.

Other basic factors were ignored. For example, no clothing such as the robbers allegedly were wearing was found in Hicks' house. Yet the change of clothes was essential to the prosecutor's account of the robbery. The case absolutely required these two factors: that the robbers entered 413 P. Street from the back alley and that they discarded a set of clothing in the house before emerging to go jogging. Yet both these factors were totally and factually disproved.

This brings us to the second outrageously mishandled aspect of the case. The first, the whole mistaken identification. The second is the very poor legal assistance Ceasar and Hicks received. These two young men were of outstanding character and behavior. They had completed their high school education at Dunbar High School. They had never gotten into drugs or alcohol abuse or any type of criminal charge. Hicks had a good job in the District government and Ceasar was pursuing various studies and projects in the arts, particularly in the field of music, and was doing a variety of part-time jobs. They were outstanding examples of young people who were hard workers and who used their talents and abilities in constructive ways.

The defense attorneys apparently took no notice of these factors and, in the final trial (There was one mistrial), did not even have them take the stand in their own defense. When the extent of this disaster became apparent to family and friends of the two young men, Hicks hired the very able Mr. Gary Kohlman to represent him at sentencing, which brought important results for him. Mr. Ceasar was not so fortunate.

In the first trial, the attorneys let the case get tangled in technical knots. In testimony before and during the trial, much was made of apparently conflicting statements by Ceasar and Hicks as to how many minutes they were out jogging. It would appear that the only objective of the prosecutor in pursuing these apparent inconsistencies was to discredit the defendants as witnesses, since this line of questioning was completely irrelevant to the charge. When the prosecution witness saw Ceasar and Hicks leave Hicks' house to go jogging, the robbery had already been committed. Factually, it did not make the slightest difference how long they jogged after that. In case anyone cared, the witness saw them when they started out and the police saw them when they returned.

Yet, on the basis of this confusion, the defense called a mistrial and, in the subsequent trial, they did not ask Ceasar and Hicks to testify. This was an inexcusable error. No matter how much a jury may be instructed that failure of the defendant to testify in his own defense is not to be construed as an admission of guilt, this will surely influence the jury's decision. If the two young men were sitting there listening to all these allegations against them, and if they were innocent, why wouldn't they stand up and tell their story? Ceasar and Hicks, being completely innocent of legal procedures, had no idea what was happening to them or how damaging this was.

These two basic factors, mistaken identification and very poor legal assistance destroyed two totally innocent young men.

When it came time for sentencing, Ceasar went first before Judge Murphy and was sentenced to 4 - 20 years in prison. Horrified friends and families of the two men had begun amassing letters and petitions on their behalf, but too late to help Ceasar. Hicks' family held block parties to

raise money to pay for the attorney, Mr. Kohlman, at Hicks' sentencing. Mr. Kohlman even went on television to protest this gross miscarriage of justice. Judge Murphy eventually could not totally ignore this outpouring of testimony as to the character of and community support for the two men. He delayed Hicks' sentencing and then set him free on probation. In a final outrageous step, Judge Murphy then refused to lighten the sentence he had imposed on Ceasar, although Hicks was alleged to have been the robber who was holding a gun. He released Hicks into the community and left Ceasar to give up four years of his life in prison.

We are all aware that there are times when an indisputable miscarriage of justice takes place. This was one of those cases.


Anne Knight

U.S. Department of Justice

Federal Bureau of Prisons

| | |
|---|---|
| Number | 068-93  (5820) |
| Date | March 15, 1993 |
| Subject | Maintenance of Inmate Files |

# Operations Memorandum

Cancellation Date  March 15, 1994

1.  PURPOSE.  The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2.  BACKGROUND.  In Sellers v. Bureau of Prisons, 959. F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified.  The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time.  The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages.  The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual."  Sellers at 312.  The Sellers court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed.  If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

EXHIBIT A

March
Page 2

money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the <u>Sellers</u> case will affect all of our institutions. A final determination has not yet been made in <u>Sellers</u> regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum are intended to minimize the chances of such award resulting from future challenges.

3.  <u>ACTION</u>. Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged. If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer. These procedures will be incorporated into the Central File Program Statement at the next annual review.


Patrick R. Kane
Assistant Director
Correctional Programs
Division


Wallace H. Cheney
Assistant Director
Office of General Counsel

W. Foster Sellers, appellant v. Bureau of Prisons, et al., appellees
UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT
952 F.2d 1423; 1992 U.S. App. LEXIS 266
No. 90-5197
January 14, 1992, Decided

## Editorial Information: Subsequent History

Rehearing granted March 27, 1992; Reported at 1992 U.S. App. LEXIS 5659.

Vacated March 27, 1992; Substituted Opinion of March 27, 1992, Reported at 1992 U.S. App. LEXIS 5369.

## Editorial Information: Prior History

Appeal from the United States District Court for the District of Columbia.

## Counsel

*Julie M. Carpenter* (appointed by the Court) with whom *David W. DeBruin* was on the brief, for amicus curiae urging that the judgment of the District Court be reversed. *W. Foster Sellers, pro se,* also entered an appearance for appellant.

*William J. Dempster,* Assistant United States Attorney, with whom *Jay B. Stephens,* United States Attorney, *John D. Bates* and *R. Craig Lawrence,* Assistant United States Attorneys were on the brief, for appellees.

**Judges:** Before: Mikva, Chief Judge, Wald and Buckley, Circuit Judges. Opinion for the Court filed by Chief Judge Mikva.

## Opinion

Opinion by:     MIKVA

{952 F.2d 1424} Mikva, *Chief Judge:* Appellant, W. Foster Sellers, filed an action under the Privacy Act against the Bureau of Prisons and the Parole Commission claiming that the agencies maintained incorrect information in his inmate files. Contending that the agencies violated sections (e)(5), (g)(1)(C), and (g)(4) of the Act by using the incorrect information in determinations adverse to him, Mr. Sellers sought amendment of his records and money damages. Relying on this Court's decision in *Doe v. United States,* 821 F.2d 694, 701 (D.C. Cir. 1987), the United States District Court for the District of Columbia granted appellees' motion for summary judgment, holding that the agencies satisfied the requirements of the Privacy Act simply by noting in Mr. Sellers's prison records that he disputed the information contained in the records. We reverse the district court and remand for further consideration of Mr. Sellers's claims. The agencies do not meet the Act's requirements by indicating that the appellant disputes the information in his prison files. The agencies and the court below must review *de novo* the allegedly erroneous information contained in Mr. Sellers's files to determine whether it is correct.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

*II. CONCLUSION*

*Mr. Sellers is entitled, under the Privacy Act, to a de novo* review of his records *both* at the Parole Commission and the Bureau of Prisons to determine whether the challenged information is correct. Then, if he can show that the agencies wilfully or intentionally failed to properly maintain their records and, as a result, made determinations adverse to him, he has stated a claim under sections (e)(5), (g)(1)(C), and (g)(4) of the Privacy Act and is entitled to money damages. We reverse, therefore, and remand to the district court for further consideration of Mr. Sellers's claims consistent with this opinion. *So Ordered.*

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

| Results Case Number | Full Name | Status | Filed |
|---|---|---|---|
| 1981 FEL 007641 | CEASAR, MAURICE N | Closed | 12/31/1981 |
| 1988 CMD 007262 | CEASAR, MAURICE N | Closed | 06/24/1988 |
| 1995 CMD 009760 | CEASAR, MAURICE N | Closed | 08/28/1995 |
| 1995 FEL 007182 | CEASAR, MAURICE N | Closed | 08/28/1995 |
| 1996 CMD 002749 | CEASAR, MAURICE N | Closed | 03/16/1996 |
| 1998 CMD 006639 | CEASAR, MAURICE N | Closed | 05/07/1998 |
| 1998 FEL 008487 | CEASAR, MAURICE N | Closed | 11/21/1998 |
| 1998 FEL 008456 | CEASAR, MAURICE N | Closed | 11/21/1998 |
| 2001 FEL 007990 | CEASAR, MAURICE N | Closed | 12/14/2001 |
| 2002 FEL 000341 | CEASAR, MAURICE N | Closed | 01/16/2002 |
| 2004 CMD 008334 | CEASAR, MAURICE N | Closed | 08/09/2004 |
| 2006 CF3 009216 | CEASAR, MAURICE N | Pending Sentencing | 05/10/2006 |
| 2006 CF3 009217 | CEASAR, MAURICE N | Pending Sentencing | 05/10/2006 |

*Has not been updated as of 3/1/07*
*M. Mills*
*RP- Clerk*

---

**Pa**

---

**DAT**
If dissatisfied with t
days of the date of tl
FIRST COPY: Rl

**Part C - RECEIPT**

Return to: _____

SUBJECT: _____

_____ DATE

| UNIT | INSTITUTION |
|---|---|

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)
JUNE 2002

# D. C. PRETRIAL SERVICES AGENCY
## Pretrial Services Report

United States vs. MAURICE CEASAR

DOB: 2/8/1960

PDID: 348504

Also known as:    David Hanson

Maurice Dawson

Lockup #: 048

File Date: 05/10/2006

Lockup Date: 5/10/2006

Date Prepared:    5/10/2006

Date Printed:    5/10/2006

**Docket Number:**

PSA Case #: 06130889

## Charge(s)

Burglary iI

Burglary II

Comments:    According to the United States Marshal Service, the defendant was brought to the cell
block today for arraignment court. PSA called the defendant's name and lock-up
number multiple times, however, the defendant failed to answer. As a result, PSA has no
personal, address or employment information for the defendant.

Detention Eligibility and/or Administrative Procedures

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent
crime.

Recommendations

PSA General Supervision for Superior Court (SC)

**Charge Description**

UCSA Possession Marijuana

**Sentence Description**

Time Served / VVCCA: $50.00

**Disp Date**

7/17/1998

---

**File Date:** 8/28/1995

**Charge Description**

Shoplifting

**Docket Number:** 1995-CMD-009760

**Sentence Description**

Time Served

**Disp Date**

12/13/1995

---

**File Date:** 6/23/1988

**Charge Description**

**Docket Number:** 1988-CMD-007262

**Sentence Description**

Probation: 6 Months Unsupervised
/ Fine: $300.00 , Fine Suspend:
$200.00

**Disp Date**

8/11/1988

---

**File Date:** 12/31/1981

**Charge Description**

Assault With Intent to Rob
While Armed

Assault With Intent to Rob
While Armed

Assault With Intent to Rob
While Armed

**Docket Number:** 1981-FEL-007641

**Sentence Description**

Confinement: 42 Months To 20 Years

Confinement: 42 Months To 20 Years

Confinement: 42 Months To 20 Years

**Disp Date**

12/18/1986

12/18/1986

12/18/1986

According to automated probation and parole records the defendant's parole was closed/revoked to incarceration on 10/24/04. According to the Bureau of Prison website the defendant was released on 11/11/05. PSA has no additional information regarding this matter.

**Pretrial Services has no interview information.**

III - Personal Background

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __CEASAR, MAURICE__    # __09747-007__    __C2 UNIT__    __CANAAN__
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Respectively I put in a B-P 8 / BP/9 - in lieu of the Problems I Am having with USP CANAAN Mr. FARLEY And GRAND PRAIRIE TEXAS. when I was in D.C., WASHINGTON CCA Institution Everything was o.k. with my time computation. On CF3-9216-06 / CF3-9217-06, I would Be Release in 2010... However, once I was designated they of Designation Sentence Computation Center Mr. Faller, stopped my time that I was doing on CF3-9217-06 / CF3-9216-06 and Added more time About 96 more months. This Derives from a closed out PAROLE case that was closed out by U.S. P.C. on 11/11/05 or after that Date I had no parole on F-7641-81 closed case data in which I've done All the time and overly the time up to 2005 - In which 1983-to-2003 was original Expired Date... I, was never on the streets for No 3.688 Days on the F-7641-81 case that only 3 years or 11½ years I was on the Street For the 20 years that the sentence carried - Now you got me doing 30 years (+'s) on this F-7641-81, Docket Number, in which, the courts closed - Recently - the F-7641-81 case Due to the Mis-calcul-
__10-26-07__    -ation in 2004* Mr. Faller    __Maurice Ceasar__
DATE    (Attachment continues)    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

BOP REGIONAL COUNSEL
PHILADELPHIA, PA

JUL 12 2007

A-1

_____    _____
DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER: __45 3293-R1__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN    BP-230(13)
JUNE 2002

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __CAESAR, MAURICE__   __09747-007__   __C2__   __CANAAN__
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

**Part A– INMATE REQUEST** I put in A BP-8 on 5-11-07 - 5-11-07. My Sentenced was Put in and doing more time then I was told to do on 03-9276 /9617-06 cases. Instead of 24 mos. to 24 mos. consecutively I am doing 48 mos. Reccords - inmate Systems is Showing in computer. Due to this Parole matter... I Never Escaped From NO Hall (why or was Accused of this matter) from 5-9-06 to Sentencing Date of Burglary II cases, I did Not had Another charge or warrant or Detainer to do only with Federal Parole. Nothing was Instrumently expressed during that or up to this Date. No notice Stating I have a New Release. No to further express my concern to have this matter Reviewed thorough. join in the P.C. Superior - Police Reccords - and case-Accounting. Join the B.O.P. Jacksite My Probation - that was closed And as I knew I was Released. Also couet Reccords states that wanted office Had dismissed.

__5/15/07__  I was Not made known that Maurice Caesar 2007
DATE                                     CASE Closed    SIGNATURE OF REQUESTER

**Part B– RESPONSE** My Parole on a old #611-80 case was Reopened by who? The D.C. Superior doesn't Acknowledge that I done All of my time to just iterate that my Parole was told to me to be Terminated in P.S.I. and Other Reccords This matter did Not give me No Acknowledge By u.s. PC or By others to give me this New Sentence Release date. May 9, 2006 I was Arrested, Not may 16 2006 Due your Summary Investigation...

re submitted

---

DATE                                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE　　　　　CASE NUMBER: __453293-F1F2__

**Part C– RECEIPT**　　　　　　　　　　　CASE NUMBER: __453293-F1F2__

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION
SUBJECT: _____

---

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN　　　　PRINTED ON RECYCLED PAPER　　　　　　　　　　　BP-229(13)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　APRIL 1982

Case 1:07-cv-01491-PLF   Document 14-3   Filed 08/16/2007   Page 22 of 22

2 of

At Destination Sentence computation center - in Grand Prairie Texas Some How - Never closed this out in petersberg /D.C. Records /nor Honored that this case docket no F7641-81 has Been closed and Expired out By other Federal /and local Agencies Espectally U.S.P.C. — CSOSA — D.C. Superior Court Records U.S District Court - and Metropolitan Police / Records.

Due to mr. Faller - He tried to Bring up an Escape on me from A Incident Report that I Never seen * Also mr. farley and Faller Created A 3.688 Days All over Agtin In which I did Not Never had 3.688 days out on Parole in society As street time. Nor was I Given Any Notice By the U.S.P.C. of me in Violation of Any Escape matters on 11/12/05 . . . Either did D.H.O. converse with me during Any of my Incatcerated time to make me Aware of my Violations ??? I've learned of this on A Team, By unit Team Staff. . . . (Nor) was Time I Spent in From 10.24.04 to 11/11/05 — Deducted From A Already 2002 Face Sheet of 3.688 Days In which they At DSCC Stating that I Still have in 2007 ??? In 2004 to 11-11-05 - That Time was Incarcerated time and By 2006 to 2007 Should've have Been deducted From the 3.688 Days Not At one time on this New Face sheet have they spoke About the Deducted time For 2004 to 11/11/05 - Nor have I have Any Success to have they Correct this matter Respectively that I Am Now Asking You to Intervene to show a different side. . . . I have Proof in Documents of Legal Data From Courts Record CSOSA Progress Reports And pretrial /presentencing in my Dummy Jacket on Files that Parole /Probation was terminated Un Successfully or At the End or with little Success - which was terminated: Please may you Not Just Look From D.S.C. Records But Review those Records of my Court / U.S.P.C Endeavors. Respectfully Maurice Ceasor This Is Double Jeopardey - on F-7641-81