UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MAURICE CEASAR
                    PLAINTIFF

                                                        07-
                                        Civil No.:1191(RMC)

v.                                      RECEIVED              PLF

BUREAU OF PRISONS et al                 OCT 2 2 2007
            DEFENDANTS

                                        NANCY MAYER WHITTINGTON, CLERK
                                        U.S. DISTRICT COURT
---------------------------------------
RESPONSE TO DEFENDANTS MOTION OF POINTS AND AUTHORITY
AND MOTION TO CONTINUE CIVIL ACTION COMPLAINT IN THE
DISTRICT OF COLUMBIA,TO BE CONSTRUE UNDER 42 U.S.C.1983
BIVENS,AND 28 U.S.C. 1331CIVIL RIGHTS DUE STATE AND FED
ERAL OFFICIALS
---------------------------------------

    I, Plaintiff Hereby moves pursuant to HAINES vs. KERNER 404

U.S. 519, 520, 92SCT. 594-30  Ed 2d 1972 percunriam; and SELLERS vs.

BUREAU OF PRISONS 959, F 2d 307 D.C. CIR. 1992 to the extent that this

is a civil action case based on 42 U.S.C.  9183,' BIVENS,' 28 U.S.C. 1331

and juridiction of this  said court-for MAURICE CEASAR v. FEDERAL BUREAU of

PRISONS (CENTRAL ADMINISTRATION OFFICE) c/o RECORD DEPT. IN TEXAS./320 1st

street N.W. W.D.C.20001.; And that this case shall continue its complaint

under U.S.C. 28 - 1331 and BIVENS, U.S.C. 42-1983 as costrued.

    This was my course to direct my concerns of F-7641-81 case  a state

issue and its calculation to the original sentence expiration which would

have been 2003-for an August 15, 1983 sentence of 4 years to 20 years

sentencing. This Civil complaint have stressed to all Institutions under

Informal Resolutions BP8, BP9, BP10, BP11,that my time under this sentence

has been mis-represented by (RECORD DEPTS.) and should be corrected,in

which I was denied any relief...per no other charge I've done could not

intervene or be aggregated to F7641-81 because they didnot carried any

back-up time ...as the Defendants tried to say-which is there to escape

the math contents of my complaint.

Defendants
-only have presented a motion to dimiss or transfer and are not
accurate in details, going around the truth and disregarding what this
complaint is actually about. This have been mis-takened by them of my
previous release of 10-24-05 and the (NEW CHARGES) Ihave in 2006.
Howver,this matter goes further than what they are stating in there 1-7
page motion,and the declaration of Augustus Faller who mis-represented
this matter in 2002 along with then (A) Mr. Ron Justice (ONCE) at RIllERS
NORTH CAROLINA,AND A. FALLER AT PETERSBURG VA. D.C RECORDS. This motion
on behalf of the Defendants only caters to them re-giving me 3.688 days
in 2007 stopping the "new charges sentence", to continue on a closed out
parole  that was re-opened in 7.30.07...

Supporting my Complaint and this motion can surely be looked upon
the government's (exibits) I presentedfrom D.C.Superior Court of my Arrest,
Pretrial,and Presentence Endeavors concerning about only one docket no.
F-7641-81 (HIGHLIGHTED),ONEoriginal Sentence; and one original expiration
date 2003; however, this was re-takened after all time was credited and
done from 1983-1998 in Intervals. This matter of circumstance was upon
the scope of D.C. CORRECTIONS RECORD DEPARTMENT, and then after 1998,
Petersburg Va. records dept. who mis-construed my original sentence under
F-7641-81 4 yrs. to 20yrs. to now given me "10 more years" ADDED! in days
of 3.991 days. This is also when they at Petersburg Va. Mr. A. Faller
and Ron Justice had re-takened already credited time to my sentence and
stated for cover up, that they are re-correcting what was credited and
time done by D.C.D.O.C. RECORDS DEPT.

They then completely changed the (DATABASE) OVER (3 TIMES) on me
due to my sentence of F_7641-81; And to have all other Agencies of the
Dept. of justice to comply  and accept changed computation data on me.

These agencies are the ones who dealt with (DATABASE) TO Inmates records, and release dates...This MATTER has mis-represented my original expiration and original release date of 2003. According to D.C.D.O.C. RECORDS and Lorton reformatory - my Face Sheets was correct and my 4 yrs. to 20 yrs. would have been over 2003.

I, comes now to file this Civil Action After this USP CANAAN R&D Record office stated that (Designation Sentence Computation Center) had computed time and that Mr. A. Faller IS responsible for these computations therefore, you should write them or consult with them who sent you here as well as given us your release data under federal bureau of prisons/so I have done appropiately that but did not get a relief quota from (BP-10) THEREFORE, in my Civil Rights I FILED aginst MR.Faller employer and the Designatio Sentence Computation Center. I was not constructed a computation or new sentence compt. by USP Canaan Prison-this is my purpose to go after who MR. Farley stated gave them my Institutional (aDUMMY Jacket) as well as designated me. My issues needs to be thoroughly addressed and examined due to Mr. Faller office and federal bureau of prison's (Inaccuracy of my status, and how does 20 yrs. sentence  given in(1983) AND WAS TO END in 2003 under F-7641-81 is now 30 yrs. that was'nt given by any court or judgment? NOW YOU DO THE MATH!

### MY POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION ,BASED ON THOSE ARGUMENTS IN DEFENDANT'S POINTS AND AUTHORITY PAGES 1 AND 2.
------------------------------------------------------------------------

In there motion to dismiss there is a confusion of dates that I was arrested.... Defendants say on MAY 10, 2006 which is incorrect. (I was arrested on MAY 9, 2006). And on page (2.) of defendants argument, of points and authority they stated I  was released on May 10,2006 the same day...They again was wrong...They stated on MAY 17,2006 I, was re-arrested and

PAROLE VIOLATION from which Nov. 11, 2005 commenced upon return to
Federal custody...that is incorrect,I was never re-arrested on MAY 17,2006
I was only arrested on May 9, 2006; And hospitalized under custody of
MPD..and D.O.C. OFFICERS.This was uptil my initial court appearance.
Never had any release afterwards. It is a fact that this was a rushed
job (Per) Defendants and does not answer to the issues that this is
indeed misleading by B.O.P. And understanding these counsels of A.U.S.A.
OFFICES, and General Counsel  are defending DESIGNATION SENTENCE COMPUTATION
CENTER Mr. Faller misconduct-shows unethical morals to throw a curveball
in what is really the subject. And this coming from them extends there
false reports and, incorrectiveness convoluted intents. In light of Page (2.
iwas mis-represented by the changing of the sentence of F-7641-81.
None of this is respectfully being address; And if it isa fact that in
2001 the Revitalization act was given to B.O.P. Custody over D.C. Inmates
it was'nt for them to mis-calculate and show inaccuracy of inmates data
especially in my case time computation, see <u>Sellers v. BUREAU OF PRISONS</u>
959, F 2d 307 d.c. cir. 1992 THIS citing is a relevant point in my case.
As in 1983 - 1998 my time on F-7641-81 was already credited under D.C.
65% LAW nad should not have been re-taken by B.O.P.

In lieu of <u>Mr.Faller's DECLARATION OF NOTICE</u>, of my account is very
misleading of the information gathered on how things were to had happen
and where I was when this escape occurred... In paragragh (3. it states
that the plaintiff on OCTOBER 24, 2005 was furlough and transfer to  the
Baltimore Re-entry residential  Center and was placed on escape status.
On Nov.22,2005 ...the u.s.p.c. issued a notice of action to retard my
Parole date of December 9,2005. Due to declaration places me wrongfully
as the person he have in mind due to all the inconsistancies and irregul-
aritories of dates and of transfer...now it would be only justiful for court
to contact Baltimore Residential RE_ENTRY Center to retieve all data
on MAUrice Ceasar from 10/24/05 uptil 11/11/05; to see whether I Escaped

from under there custody as Mr. AUGUSTUS FALLER Declaration on para (3.
officially stated. I know that I was'nt there because it is stated on
another document of my furlough and transfer. THEREFORE, his Sworn testimony
is a lie and is like the inaccuracy of my time computation on F7641-81.
This here along should show how this matter should be thoroughly investigated
by this court order, which the defendants regret it to happen, so they
are hoping that this case would be delayed or dismissed first than honored
the next step to support my cause.

(B.)
PLAINTIFF"S SENTNCE COMPUTATION UNDER F-7641-81 has been mis calculated
-------------------------------------- INCORRECTLY -----------------------

Even if this claim was to be in any court it would be in truth
that Plaintiff time table of computation had resulted in an incorrected
sentence of F-7641-81 that long expired around 2003. Never aggregated to
any other sentence...and should not have a release of 2015 as given by
b.o.p."designation computation sentence center" .

This claim does have merits as to B.O.P. did'nt aggregated this
sentence, because there were no other sentence I have to aggregate from
1991 thru 1998. what appears to be inaccurate is that they can not show
any sentences that was aggregated to add to the already (F-7641-81) SENTENCE.
THESE are (PER) D.O.C. Face Sheets if ordered by this court. In note of
any 2006 charges that shall be consecutive sentencings, and nothing to
aggregate. the defendants findings of correct-does not speaks on the subject
matter of F-7641-81 docket or sentence. BUT continues to give this court
unconcised data and (no) DATA IN CONCERN of Face Sheets data from D.C.
RECORDS dated from 1983 thru 1998, before the closing of Lorton Reformatory
in VA. THEY ONLY seem to show info. data of computation of (SWITCH-OVER)
to B.O.P.

## ARGUMENT

**By law**  Plaintiff have the Right to File a U.S.C.28 1331, U.S.C. 42
1983, and Bivens in lieu of complaint of State and Federal Officials
and against the WARDEN under 2241 u.s.c. if only my problem stems from
Institution jurisdiction,which mines does'nt start here...but in D.C.:

It is well established that 42 U.S.C. 1983,' BIVENS,'28 U.S.C. 1331
is exclusive remedy for prisoners who seeks to gain relief, correction,and
Civil Claims Under Civil Rights law -Especially by being mis-represented
by the HeadOFFICIAL ..and its Employees. Or who is a  source of B.O.P.
IN THE WASHINGTON D.C. LOCATION, and are in charge of all Central Records,
Transfers, and other duties given in this matter.

My Civil action complaint in D.C. DISTRICT COURT holds jurisdiction
in the matter that needs to be confrontedin my F-7641-81 closed case,that
I was sentenced in D.C. SUPERIOR COURT BY(HONORABLE JUDGE TIM MURPHY)to
serve 4 yrs. to 20 yrs.and this was the duration ofthe sentence. After
26 years of its original 2003 Expiration date; I am still doing time over
the amount given under F-7641-81,which is very incorrect. I, filed after
the fact of this matter in circumstanceto this Honorable Court in order
for all D.C. Records under D.O.C. AND B.O.P. Records to be sought through
and show where I was given a illegal 30 years ( than ) the courts 20 yrs.
duration on F-7641-81.

In this instance,'Plaintiff have addressed this matter in U.S.
DISTRICT COURT FOR D.C. UNDER (CIVIL ACTION) Rightfully. And also address
under Grievances Remedy here in Pennsylvania based on there incorrectiveness
of the other new sentences that have bee stopped according my closed out

parole endeavors and Records Dept. in lieu of Designation Sentence Computation
Center.                              (6)

in Grandpraifie Texas. And I believe thus venue in both matters and courts
are proper. As STATED again the ( Warden) IS NOT a source who will provide
me or trace records dated back to 1983 of original F-7641-81 sentence. I
have exhausted my grievance and mainline remedy  that he only can repeat
what was told to him to say in accordance to my computattion by computer
dummy jacket, and record office examiners...however he only repeats the
incorrectiveness, and advise me to convey with Central region in D.C.FOR
APPEALING THE matter...which I have already filed and now  taking the
course of Civil Action that I wish to keep applied there in this court under
Civil rights; For this reason - Plaintiff shall continue his complaint
under 28 U.S.C. 1331,'Bivens,' 42 U.S.C. 1983, which Defendants of this
complaint is responsible...pursuant of **HAINES vs. KERNER404.U.S. 519, 520,**
**that  I,Maurice Ceasar construe this only for Civil Rights Complaint.**

Lastly, I would rather treat this matter as aCivil Rights Action
in D.C. U.S. DISTRICT COURT ..GRANTED A   (STAY) on this civil action
if this Honorable Court feels other wise to not transfer my complaint.
And if its a matter under habeas corpus in Middle Pennsylvania which is
in assert of my record issues, THIS IS BEING NEEDED TO the address of why
F-7641-81 is continually being used after Expiration of the 20 year sentence
2003 is over. AND was said a D.C. STATE case more (THAN) as a fedral issue.
May both applications of  complaint have its day in court. This will only
rectify tha hidden documentations of 1983,F-7641-81 d.c. Face Sheets original
and days of parole violations ,'FaceSheetsin the 1990's,under D.C.65% Law
, before the (SWITCH) of D.C. INMATES CUSTODY to B.O.P. which in my case
mis-representation of record keeping for D.C. Inmates started, that
particular (Switch-Over).

CONCLUSION

FOR the fore going reasons, Plaintiff respectfully request
this Honorable Court to continue my Civil Rights complaint (under)
U.S.C. 28 1331, 42 U.S.C. 1983 and BIVENS...(Also) MAY THIS court Order
all 1983 and 1990's Face Sheets from D.O.C. AND Lorton Reformatory
VA. Files from b.o.p.under F-7641-81.and all the D.C.PAROLE NOTICE
OF ACTION dated back to th 1990's.and all B.O.P.COMPUTATION Sheets
dated back to 2001 thru 2007. This I ask the court before making any
apparant decisions on this complaint, to allow thorough view of my
F-7641-81 documents, face sheets and others to show valid proof that
they the defendants has an inaccurate error in that particular sentence.

This is also to compare the contrdicting of how the Defendants
are changing Data around to hold me in prison longer. and if this court
shall feel that this matter should be alternatively transferred to another
court UNDER Civil Action...May all Complaints,motions under CV-1191-07
be forward with my awareness including this motion. However, if I do
the Right to have this case heard in  D.C.U.S.DISTRICT COURT THEN MAY
I Move this court retrieve any records that can be givened by D.O.C.
B.O.P. AND  Gand Prairie Texas.

Respectfully submitted

MAURICE CEASAR #09747-007

CERTIFICATE OF  SERVICE

I Hereby Certify that  caused a copy of the foregoing Plaintiff's
Motion to Continue Civil action Complaint,under 28 U.S.C.1331,/42 U.S.C1983
/Bivens of State and Federal Officials: to be sent VIA first class mail
this _18th_ DAY OF OCTOBER .2007.to: U.S.DISTRICT COURT FOR THE D.C.

(8)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,                )
                              )
                Plaintiff ,   )        Civil No.: 07-1191(RMC)
                              )
v.                            )
                              )
BUREAU OF PRISONS,            )
                              )
                Defendant.    )
_____)

## DECLARATION OF AUGUSTUS FALLER

1.  My name is Augustus Faller. I am currently employed by the Federal Bureau of Prisons as an Operations Manager at the Designation and Sentence Computation Center in Grand Prairie, Texas. Before assuming my present position, I worked as the Manager of the District of Columbia Records Center. I have been employed by the Federal Bureau of Prisons since August, 1989 and have worked in the area of inmate sentence computation since August, 1991. In my current position, I am responsible for the sentence computation of inmates convicted of felonies in the Superior Court of the District of Columbia.

2.  I have been assigned to review the captioned case filed by plaintiff Maurice Ceasar regarding his sentence computation.

3.  Plaintiff's United States Parole Commission (USPC) warrant was executed on March 26, 2004, with 3688 days remaining to serve. On October 24 2005, Plaintiff was furlough transferred to the Baltimore Residential re-entry Center with a parole effective date of December 9, 2005 and a expiration full term date of September 13, 2014. On November 11, 2005, Plaintiff walked away from the center and was placed in escape status. On November 22, 2005, the United States Parole Commission issued a Notice of Action to retard the parole effective date of December 9, 2005, for violating the rules of the institution and schedule for a Rescission Hearing, upon return to a Bureau of Prisons Facility. On May 10, 2006, while on escape status, Plaintiff was arrested for new criminal conduct in Washington, D.C. case 2006 CF3 9216,9217 and released the same day. On May 17, 2006, Plaintiff was arrested and the USPC violation from which he escaped on November 11, 2005, commenced upon his return to federal custody. On January 11, 2007, Plaintiff was sentenced to 48 months consecutive by the Honorable Judge Dixon of the District of Columbia Superior Court, case 2006 CF3 9216,9217.



4.  I have reviewed the allegations made in Plaintiff's complaint. One page two, Plaintiff states that he was not criminally charged with escape, but was placed on escape status by the BOP. This classification, in turn, affected his release date. In response, Plaintiff had a parole effective date of December 9, 2005, but escaped from federal custody on November 11, 2005,

Exhibit(3)

while serving a USPC violation of parole. He was not charged criminally by the D.C. Superior Court for escape, but was placed on escape status for 186 days. The USPC revoked his parole effective date and continued him until an expiration date of November 20, 2011.

5.    Plaintiff also claims that the BOP has given him an improper release date of 2015. For the reasons stated earlier, Plaintiff's parole effective date was November 2011. However, on January 11, 2007, Plaintiff was sentenced to two 48 month consecutive sentences by the honorable Judge Dixon of the District of Columbia Superior Court. Plaintiff's parole effective date for the previously mentioned charges is November 20, 2011, at which time he will serve the additional 48 months. Hence the 2015 release date. Plaintiff will receive 54 days a year good time credit for his 48 month sentence.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on _____10/9/07_____

AUGUSTUS FALLER

Exhibit (3)

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

AMENDED

Case No. F 2641-81 COE

FDID No. 388-504

vs.

MAURICE CEASAR

"IN - JAIL"

**JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of Assault with intent to commit Robbery while Armed (three counts)

and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to Not less than forty two (42) months not more than twenty (20) years on each count respectively said sentences are to run concurrently

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code (Youth Rehabilitation Act 1985).

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Obtain a job as soon as possible or continue your present employment.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

  ☐ _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk delivers a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

Date ☒

12/18/86
Date

_Reggie B. H_____
Judge

Certification by Clerk pursuant to Criminal Rule

A TRUE COPY
TEST: JUN - 6 2007

12/8/86
Date

_Owen V. Boh____
Deputy Clerk

Clerk Superior Court of the
District of Columbia

BY: _____

Original — Court
Blue — Court
Green — D.C. Court Services Division

U.S. Attorney/Corporation Counsel
Defense Attorney
Bureau of Prisons

EXHIBIT (1)

```
BOPG8              *        PUBLIC INFORMATION        *    09-24-2007
PAGE 003           *          INMATE DATA             *    08:57:30
                   *         AS OF 09-24-2007         *

REGNO..: 09747-007 NAME: CEASAR, MAURICE

            RESP OF: CAA / DESIGNATED, AT ASSIGNED FACIL
            PHONE..: 570-488-8000    FAX: 570-488-8130
PRE-RELEASE PREPARATION DATE: 11-14-2014

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-14-2015 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7641-81
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1983  * Date
DATE WARRANT ISSUED.............: 03-26-2004
DATE WARRANT EXECUTED...........: 08-10-2004
DATE COMMITTED..................: 11-09-2004
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO SERVICES: NO     AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....: 644
OFF/CHG: ASSAULT WIT COMMIT ROBBERY W/ARMED

SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:   20 YEARS
NEW SENTENCE IMPOSED...........:  3688 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 12-30-1981
```

added after 20 years was up!

G0002      MORE PAGES TO FOLLOW . . .

Exhibit (2)