U. S. District Court FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR
                PLAINTIFF

RECEIVED

NOV 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NO. 07-1191-(PLF)
HONORABLE JUDGE: P.L. Friedman

v.

D.C. Federal Bureau of Prison in Lieu of.
Designation Sentence Computation Center et al
Legal Instrument — c/o/ JUDGMENT & COMMITMENT DOCKET ON CLOSED CASE:
(EXAMINERS)

RE: RESPONSE;     EVIDENT MOTION /LETTER IN REGARDS TO THE INACCURACY
                  OF AUGUSTUS FALLER, OPERATION MANAGER OF D.C.RECORDS
                  /DESIGNATION SENTENCE COMPUTATION CENTER;WHO HAVE
                  COMMITTED PERJURY UNDER HIS DECLARATION OF SWORN IN
                  TESTIMONY COPY MAILED TO ME ON 10/16/07;

NOTE:  May document of Declaration of Augustua Faller,
       be held as evident/supplement upon Judges ruling:
       It was sent to me due to my grievances to this prison.

Your Honor,
          On May 16, 2007, I received in mail a copy of the written account

to why, and how they gave me (3.688 days) in 2002,THEN Repetively in 2007;

and a unknown statement of retard date of U.S.P.C. 2005 violation. In re-

gards to my Civil Rights/1983-Bivens/Complaint, Here's why this Honorable Court should

continue that course more likely if deemed. [A] sworn Declaration/affidavit

form and letter of Augustus Faller who now work as an Employee for B.O.P.

And who handles all D.C. INMATES RECORDS. According to the (SWITCH-OVER) in

1998 or 2001 He has committed many alterations of computer criminal data;

changing it around since his days at (Petersburg Va.-D.C.Records) as an

employee...This has now followed him at now DSCC IN TEXAS for the B.O.P.

His EMployer...He, Mr.Faller, OPERATION MANAGER at DSCC has caused my time

credited in the past to be re-added, changed and a unauthorized re-sentence

as I now come respectfully to U.S. District — court under this already Civil Rights

Complaint/1983/ Bivens . As I've mentioned in previous filings, that F7641-81 was

about to be closed out/expirated in 2003.

### SUMMARY /PAST HISTORY OF CONFUSION

However,Ron Justice of Rivers N.C./F.C.I. and A. Faller of D.C. Records

began a surge by tampering with D.C.PRISONERS Sentence Computations that

D.C. D.O.C. AND D.C. Parole Board then in my sentence "ERA" of 1983, upto

1998was crediting all time under 65% law; Whether you was incarcerated or

out on parole...Until from 1998-2001 'The Revitalization Act emerged...
However, Discrimination came about when Ron Justice a(record officer) at
Rivers N.C./Correctional INSTITUTE; And A. Faller attempted to Re-enter
some D.C.Inmates time,who was about to expirate...and some who was just
credited time before (new/D.C./B.O.P.Law) came into effect. I, happened
to be (one) was treated Illegallywith this (time-gap) scenerio, out from
others who was in the same shape I was, but time computation from the 70's
80's and 90's WAS"NT touched by them or those inmates being resentence by
Ron Justice or A.Faller; who mis-used there authority to send NEW sentencing
on D.C. Inmates after changed through Criminal Data Base in 2002 on me and
other prisoners from D.C./as the B.O.P. and U.S.P.C. turned there heads
while this was being done ... and then accepting it as correct data, (which)
is totally inaccurate.

PRESENT SITUATION IN OF    THE INACCURACY OF OPERATION
( MANAGER )

---

To bring you upto date; On 10/16/07, I receive a Declaration of
Augustus Faller...sowing a sworn testimony of what He states as being the
truth. ( note ) Remember as reading this DECLARATION, it would not consult
about my 1983 sentence or the 1990's. However, only speaks of the 2000's
of the time (B.O.P.) retained physical custody over D.C. inmates.
Under Sellers V. Bureau of Prisons959-F2d 307 (D.C.CIR.) U.S. APP. was in
light of wrongful Central Files,and Dummy Institutional Jackets,of Inmates
time computations, catagories, custody levels and presentence reports;that
were all (mis-construed) and Inaccurate.Under the Privacy Act Law it states
that incorrect information wasin his files...This had Reversed his case.

In my own understanding, a (similar) act is being committed on this
F-7641-81 Case endeavor. Under the Privacy Act law, as well as **discrimination**
this person has caused the direct subject to be as misleading even more
to how I was Re-sentence and owe 3.688 days on F-7641-81 4 yrs. to 20 yrs.
sentence that only had a Duration of 4 yrs. then 16 yrs. to equal out to

20 yrs. **However,** some one or Mr.A. Faller is still using this old closed case docket No. F-7641-81 in which I ask this Honorable **U.S. District** Court who have(**EXCLUSIVE** JURISDICTION AND REMEDY) under **usc 42 1933/Bivens/28 usc 1331 claim** on (First Choice) **and** before any Civil Act be made...

By the grace of this Honorable Judge **P. L. Friedman** here's why I ask that this (docket F-7641-81 Case) it to be vacated. I, know about my NEW sentences; I, know that I have given EXHIBITS from Pretrial Services to show that during my arrest dates, B.O.P. stated I was released on 11/11/05 and that parole was closed; However, to skate through (HIS) A.Faller,reasons for giving me the 3.688 days under F-7641-81 sentence and had other federal agencies act without cause ...is that (He) committed Perjury by his Declaration statements under the entire paragragh (3). and (5). of 28 U.S.C. 1746 ON 10/9/07 (signed).

In his declaration, he stated: On 10/24/05, Plaintiff was furlough transferred to the Baltimore Residential Re-Entry Center with parole effective date Dec. 9, 2005; 2014 Expiration. On Nov. 11, 2005, (HE) stated under (Penalty of Perjury) that I walked away from the Baltimore R.R.Center and was placed in escape status. (HE) stated that on Nov.22,2005 my date was retarded by U.S.P.C.??? In SITE of my NOTES... it states a 07/30/07 retard date. (3) LINES DOWN in same Paragraph III. (HE) stated that I was on MAY 10,2006, arrested and released...and on May 17, 2006, I was arrested again for U.S.P.C. Violation and Escape of 11/11/05 from Baltimore Residential Re-entry Center. A copy of Declaration for your viewing I have enclosed inside.

In lieu of my where abouts and arrests could be found there in D.C. SUPERIOR COURT records Dept. especially in my Files under CF3-9216/ CF3-9217-06..crimnial dockets/running pretrial reportdays in court appearances arrests and non-posted bonds statuses. On May 17,2006, I was never arrested for any kind of charges or violation as (HE) claims in his Declaration. But, to save this court some time all that Mr. Augustua Faller, stated under(HIS)

Declaration in regards to me being in BALTIMORE, having a Baltimore Furlough transfer,and Escaping from Baltimore R.R.Center and using unaccounted dates according to my arrest and a unknown re-arrest that never happened.This is all Inaccurate and is a (blatant of lies); And is mis-leading due to the true facts. SEE-<u>SELLERS  VS. BUREAU OF PRISONS citing</u> Attachment (2) 4pgs.

I ask this Honorable Court to acknowledge it and that Mr. Faller who runs B.O.P. Operation Management of all Computations and Designations , to send inmates through Federal Custody has illegally committed Perjury in disregarding a true fact statement that could had positively resolved this issue at hand of my F-7641-81 closed case.,of (HIS) Declaration,'sworned.

I, Maurice Ceasar, #208-880 wishes to tell the trutht that I was never at a BALTIMORE residential re-entry Center...That I am  a D.C. Resi-dent and prisoner and during 2005 was housed at a D.C. Halfway house in S.E./'WASHINGTON D.C.. AND ACCORDING to Mr. Faller Declaration, who stated on 11/'11/'05, I escaped from the Baltimore Residential R.Center in violation of Baltimore Law and parole dates. I never escaped from BALTIMORE R.R.Center to receive a  escape status,..Nor was at any Jurisdiction from release 10/'24/'05 in Baltimore .

Also, on May 9, 2006,  I was initially arrested and then Hospitalized under tight MPD-3 and D.O.C. SECURITY...no bond postedand scripped away from any bond due CF3-9216/'9217-06 cases . I never left the sitings of the D.C. JAIL/'cca OR court afterwards. Mr. Faller, stated I was on May 10,2006 arrested ,then after arrested released. On May 17,2006 (HE) said I was re-arrested, which never ever happened. I again was only arrested on May 9,2006 and did not get no type of release May 10,2006 or rearrested on May 17,2007 This is all Inaccurate in (HIS) Sworned Declaration.

This shows (INJUSTICE) to throw off the truth; that Mr. Faller, testimony is CONVOLUTED with some other intent,'indentity to place me in Baltimore that he have in his B.O.P. COMPUTER DATA BASE of Maurice Ceasar.

(4)

REQUEST IN COURT ORDER

May this Honorable JUDGE allow this RE: EVIDENT MOTION & DECLARATION BY A.FALLER be added to what ever rulings that this Honorable U.S. District Court would find favorable at this time. Or to Grant Vacate due to the mis-use of how the B.O.P. employee, who sends my criminal data to other Agencies . And how this F-7641-81 docket closed case is being mis-used and mis-computated as well as how its being perceived in dis-regarding the true facts from what is incorrect. May this Honorable Court Honor the Documents attached,to show proof of how now Inaccuracy may played the role of my computation and why I'm still held illegally on F-7641-81. May it be recognized that double jeopardy is linked to my case endeavors by B.O.P. Administrator who wishes to sway any court from uncovering a serious and degrading illegal issue surfacing in my case of this civil Rights U.S.C 1983/Bivens . May this court file pursuit on this Declaration of Augustus Faller, Operation Manager for dscc in Texas for Perjury for him to cover up the truth in lieu closed out case F-7641-81 being Expired under original sentencing (PER) U.S.District  COURT JUDGE.


## CERTIFICATE OF SERVICE

I, Maurice Ceasar,Hereby have expressed the truth about this matter to be in assistance of having this Honorable Court,Judge and Clerk see that this current matter has caused alot of mixed messages and libelous Accusations about me and my F-7641-81 sentencing duration of closed out Expired (timeslot) GIVEN originally by this State Court,WHICH,should've not been illegally regiven by other crimnal agencies BESIDES,the Judge of this Court. that I MAILED CERTIFIED ON_____DAY AND THIS _____2007.


RESPECTFULLY SUBMITTED

-----------------------------------
MAURICE CEASAR #09747-007

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

MAURICE CEASAR
  Plaintiff

CASE NO. 07-1191-(PLF)
Honorable Judge Paul L. Friedman
CLOSED CASE F-7641-81 Civil Rights
                                  Complaint

V.

D.C. Federal Bureau of Prisons, JUDGMENT & Commitment Closed case:
Et Al.
              Penfendants

### CONTENTS OF ATTACHMENTS &
### DEFENDANT DECLARATION SWORN

(1). - ATTACHMENT -The Declaration of Augstus Faller:
                   This will show incorrectiveness of arrest
                   dates, time owed, half way house furlough,
                   me escaping or walking way from Baltimore
                   Residential center. AND of release dates.
                   These sworn contents are all wrong & Incriminal.

(2). - ATTACHMENT-the Sellers v. Bureau of Prisons 959. F2d
                   307 (D.C. Cir.) 1992 CITING OF CASE LAW.
                   And Operations of Memorandum -B.O.P. March
                   15,1994 .. Due to inaccurate data in inmate
                   's files: 068-93 (5820)  includes 4-pages

(3) - ATTACHMENT- The date of my Initial Arrest account on
                  May 9, 2006 at  1430 hrs in Washington d.c.
                  not in (Baltimore). 5/9/06 was my last day
                  in society.

(4) -ATTACHMENT - D.C.Superior court commitment D.C. Jail
                  shows that I never made bond on CF3-9216
                  or CF3-9217;

(5) - ATTACHMENT -CENTER DISCIPLINE COMMITEE REPORT:(CCC'S)
                  shows AT TOP 11/11/05 date and 11/15/05
                  Fax and ccc Hope Village INC. also
                  states my full name and register no.
                  (per) B.O.P./D.H.O. This will show that
                  I never enter a Baltimore Residential re-
                  entry Center as was sworn under penalty of
                  perjury in  AUGUSTUS FALLER DECLARATION or
                  was arrested twice on 5/10/07 or 5/17/06
                  nor did I VIOLATED IN BALTIMORE PAROLE LAWS:

(6) - Attachment - Table Chart To show Actual time I have done
                   on F-7641-81 And 1991-thru-2004 New Convictions:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MAURICE CEASAR,       )
      )
      Plaintiff,    )   Civil No.: 07-1191(RMC)
v.       )
      )
BUREAU OF PRISONS,    )
      )
      Defendant.   )
_____)

**DECLARATION OF AUGUSTUS FALLER**

1.   My name is Augustus Faller. I am currently employed by the Federal Bureau of Prisons as an Operations Manager at the Designation and Sentence Computation Center in Grand Prairie, Texas. Before assuming my present position, I worked as the Manager of the District of Columbia Records Center. I have been employed by the Federal Bureau of Prisons since August, 1989 and have worked in the area of inmate sentence computation since August, 1991. In my current position, I am responsible for the sentence computation of inmates convicted of felonies in the Superior Court of the District of Columbia.

2.   I have been assigned to review the captioned case filed by plaintiff Maurice Ceasar regarding his sentence computation.

3.   Plaintiff's United States Parole Commission (USPC) warrant was executed on March 26, 2004, with 3688 days remaining to serve. On October 24 2005, Plaintiff was furlough transferred to the Baltimore Residential re-entry Center with a parole effective date of December 9, 2005 and a expiration full term date of September 13, 2014. On November 11, 2005, Plaintiff walked away from the center and was placed in escape status. On November 22, 2005, the United States Parole Commission issued a Notice of Action to retard the parole effective date of December 9, 2005, for violating the rules of the institution and schedule for a Rescission Hearing, upon return to a Bureau of Prisons Facility. On May 10, 2006, while on escape status, Plaintiff was arrested for new criminal conduct in Washington, D.C. case 2006 CF3 9216,9217 and released the same day. On May 17, 2006, Plaintiff was arrested and the USPC violation from which he escaped on November 11, 2005, commenced upon his return to federal custody. On January 11, 2007, Plaintiff was sentenced to 48 months consecutive by the Honorable Judge Dixon of the District of Columbia Superior Court, case 2006 CF3 9216,9217.

4.   I have reviewed the allegations made in Plaintiff's complaint. One page two, Plaintiff states that he was not criminally charged with escape, but was placed on escape status by the BOP. This classification, in turn, affected his release date. In response, Plaintiff had a parole effective date of December 9, 2005, but escaped from federal custody on November 11, 2005,

A-1

while serving a USPC violation of parole. He was not charged criminally by the D.C. Superior Court for escape, but was placed on escape status for 186 days. The USPC revoked his parole effective date and continued him until an expiration date of November 20, 2011.

5.     Plaintiff also claims that the BOP has given him an improper release date of 2015. For the reasons stated earlier, Plaintiff's parole effective date was November 2011. However, on January 11, 2007, Plaintiff was sentenced to two 48 month consecutive sentences by the honorable Judge Dixon of the District of Columbia Superior Court. Plaintiff's parole effective date for the previously mentioned charges is November 20, 2011, at which time he will serve the additional 48 months. Hence the 2015 release date. Plaintiff will receive 54 days a year good time credit for his 48 month sentence.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on ___10/9/07___

_____
AUGUSTUS FALLER

W. Foster Sellers, appellant v. Bureau of Prisons, et al., appellees
UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT
952 F.2d 1423; 1992 U.S. App. LEXIS 266
No. 90-5197
January 14, 1992, Decided

## Editorial Information: Subsequent History

Rehearing granted March 27, 1992; Reported at 1992 U.S. App. LEXIS 5659.

Vacated March 27, 1992; Substituted Opinion of March 27, 1992, Reported at 1992 U.S. App. LEXIS 5369.

## Editorial Information: Prior History

Appeal from the United States District Court for the District of Columbia.

**Counsel** *Julie M. Carpenter* (appointed by the Court) with whom *David W. DeBruin* was on the brief, for amicus curiae urging that the judgment of the District Court be reversed. *W. Foster Sellers, pro se*, also entered an appearance for appellant.
*William J. Dempster*, Assistant United States Attorney, with whom *Jay B. Stephens*, United States Attorney, *John D. Bates* and *R. Craig Lawrence*, Assistant United States Attorneys were on the brief, for appellees.

**Judges:** Before: Mikva, Chief Judge, Wald and Buckley, Circuit Judges. Opinion for the Court filed by Chief Judge Mikva.

## Opinion

**Opinion by:** MIKVA

{952 F.2d 1424} Mikva, *Chief Judge*: Appellant, W. Foster Sellers, filed an action under the Privacy Act against the Bureau of Prisons and the Parole Commission claiming that the agencies maintained incorrect information in his inmate files. Contending that the agencies violated sections (e)(5), (g)(1)(C), and (g)(4) of the Act by using the incorrect information in determinations adverse to him, Mr. Sellers sought amendment of his records and money damages. Relying on this Court's decision in *Doe v. United States*, 821 F.2d 694, 701 (D.C. Cir. 1987), the United States District Court for the District of Columbia granted appellees' motion for summary judgment, holding that the agencies satisfied the requirements of the Privacy Act simply by noting in Mr. Sellers's prison records that he disputed the information contained in the records. We reverse the district court and remand for further consideration of Mr. Sellers's claims. The agencies do not meet the Act's requirements by indicating that the appellant disputes the information in his prison files. The agencies and the court below must review *de novo* the allegedly erroneous information contained in Mr. Sellers's files to determine whether it is correct.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

## II. CONCLUSION

*Mr. Sellers is entitled, under the Privacy Act, to a de novo* review of his records *both* at the Parole Commission and the Bureau of Prisons to determine whether the challenged information is correct. Then, if he can show that the agencies wilfully or intentionally failed to properly maintain their records and, as a result, made determinations adverse to him, he has stated a claim under sections (e)(5), (g)(1)(C), and (g)(4) of the Privacy Act and is entitled to money damages. We reverse, therefore, and remand to the district court for further consideration of Mr. Sellers's claims consistent with this opinion.

*So Ordered.*

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

| | |
|---|---|
| Number | 068-93 (5820) |
| Date | March 15, 1993 |
| Subject | Maintenance of Inmate Files |

Cancellation Date   March 15, 1994

1.   **PURPOSE.** The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2.   **BACKGROUND.** In **Sellers v. Bureau of Prisons**, 959 F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified. The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time. The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages. The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." **Sellers** at 312. The **Sellers** court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed. If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

*EXHIBIT A*

money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the <u>Sellers</u> case will affect all of our institutions. A final determination has not yet been made in <u>Sellers</u> regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum are intended to minimize the chances of such award resulting from future challenges.

3. ACTION. Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged. If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer. These procedures will be incorporated into the Central File Program Statement at the next annual review.


Patrick R. Kane
Assistant Director
Correctional Programs
Division

Wallace H. Cheney
Assistant Director
Office of General Counsel

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

### UNITED STATES
-VS-

*Ceasar Maurice*

The event occurred on 5/9/06 at approximately 1430 hrs at 1701 14th Street, NW in Washington DC.

While on routine patrol as TAC 307 during the evening tour in PSA 307, Officers Caron and Carroll were flagged down in reference to a theft that had occurred at the listed location. CW-1 told the officers that she had walked into her office and confronted D-1 who was in her office for an unknown reason. CW-1 stated that she hadn't given permission to be in her officer, nor did she know who D-1 was. CW-1 asked D-1 what he was doing in her office and D-1 stated that he was passing out fliers, though he had no fliers in his possession. CW-1 told D-1 to leave, which he did, and CW-1 walked around her desk and found that her wallet had been stolen. CW-1 ran into the hallway to try to stop D-1's. As CW-1 came around a corner, looking for D-1, and she saw D-1 exiting the elevator. W-2 walked into the elevator and found CW-1's wallet sitting ontop of a ledge in the elevator. CW-1's wallet was on top of D-1's personal ID card, also on top of the ledge. CW-1 stopped D-1 until MPD arrived on scene.

Additionally, found on the ledge with D-1's identification and CW-1's wallet were a Blockbuster membership card, a Safeway club card, and a CostCo membership card with the name of "Gloria R. Dove". None of these items were identified by D-1 as his. Additionally, D-1 was found in possession of a cellphone that D-1 did not know the phone number and stated that it was a Cingular phone, though it is T-Mobile and D-1 was wearing a gold-colored class ring from Wilde Lake High School with the graduation date of 1991 and the name "M. Owen Donley" engraved on the inside of the ring.

While conducting our interview, D-1's personal information was run through the Third District dispatcher who stated that D-1 was wanted on a Felony arrest warrant for Theft I (Warrant #2006CRW001166). The date of the warrant was 04/24/06, filed by Detective John Turman (D2-12) of the First District.

After a brief investigation, it was determined the gold-colored ring was stolen during a Burglary II (CCN#131424) that occurred at 1300 13th Street, NW Apartment #604 on 09/24/05. The complainant was contacted and stated that D-1 had no permission to be in possession of the listed item. The cell phone was reported lost/stolen on 05-07-06 from a church at 2201 P Street, NW (CCN#060-031). D-1 was additionally charged with Receiving Stolen Property.

D-1 was identified as Ceasar,Maurice/Black Male/DOB 02-08-60/SS #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 by his DC Identification Card and transported to 3D by 307-2 for processing.

---

**SUBSCRIBED AND SWORN BEFORE THIS DAY OF** 5 /10 / 2006

| OFFICER | 3636 | 3D | Jbw |
|---------|------|----|----|
| | BADGE | DISTRICT | DEPUTY CLERK |

Attachment(5)

7007 0220 0001 7878 0531

Copy
Mailed
8-8-07
To OMB/Receptionist

USPC          7/30/2007  9:02    PAGE 1/1    Fax Server

U.S. Department of Justice                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| Name: Ceasar, Maurice | Institution: | Canaan USP |
| Register Number: 09747-007 | | |
| DCDC No: 208-880 | Date: | July 30, 2007 |

In the case of the above-named, the Commission has ordered the following:

Pursuant to 28 C.F.R. 2.86, reopen and retard parole effective date of 12-9-2005, for violating the rules of the institution and schedule for a Rescission Hearing, upon return to a Bureau of Prisons Facility and receipt of the documents pertaining to the new offense.

**Reasons:**

You escaped from the Hope Village Community Corrections Center on 11-11-2005, per BOP. In addition, the Commission will review the arrest and conviction of two counts of Burglary committed while on escape.

cc:     U.S. Probation Office
        CSOSA
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

X M. Ceasar
8/6/07

Ceasar 09747-007                           -1-                    Clerk:  OMG
Queued: 07-30-2007 11:36:23 BOP-Canaan USP

MAURICE CEASAR
    Plaintiff

v.

D.C. Bureau of Prisons
Designation Computation SENTENCE CENTER

Civil Docket No. 07-1191-CV(PLF)

Attachment (6)

RE: To Show EXACT SENTENCINGS Did Not Add up To Release And 2004
And me to be doing Any time on F-7641-81 IN 2007:

| Time Table Chart of Convictions Sentencing And Release dates in Days - Years: | | | |
|---|---|---|---|
| CASE NUMBERS DESCRIPTIONS | COURTS D.C. Superior Court | Total Days in Jail on SENTENCINGS From: 1983 - 1987 | Total Days In Society on PAROLE From: 1987-1993 |
| (1) F-7641-81 / AWIT- R/A - 12-81 | | 42 mos. = 3½ yrs | 5 years & 9 mos. |
| Sentenced 4yrs to 20 yrs - 8-15-83 | | Total: | Total: |
| Jail/Incarcerated 3½ years | | 1227 days | 2085 Days |
| Convicted June 1983 | | INCARCERATED | |
| | | ON PAROLE | ON PAROLE |
| ② F-7262-88 / Sol. - DCS Released | | 0 | 0 |
| Sentenced Fine $300.00 - 8-11-88 | | FINE | FINE |
| Suspended $200.00 / plead Guilty | | | |
| Conviction 6-23-88 - (Jail NONE) | | | |
| | | IN Jail | ON PAROLE |
| M.CEASAR UNDER (AKA) MAURICE DAWSON - B IIs (3) F-3113-93 ; F-1636-90 , F-10420-93 | | From: 1991-1995 | From: 1995 - 1995 |
| SENTENCED UNDER ONE Judge To (plead case) | | 1 yrs To 3 years | |
| Sentenced 1 yrs and 3 years  ARRESTED 9-2-98 | | Total: | 30 Days |
| and 3 year Probation - Terminated in 1995 | | 1095 DAYS (+) | |
| Conviction Dates - June 3, 1993 - Feb 1994 | | INCARCERATED | |
| | | IN Jail | ON PAROLE |
| (4) CMD-609760 , Shoplifting - PSC | | From: 8-95 - 1998 | From: 1998 - 1998 |
| SENTENCED - Time Served - 12-13-95 | | 3 years & 4 mos. | |
| Arrested - 8-28-95 Also D.C. parole Voil. | | Total: | 30 (+) Days |
| 8-95 to 1998 | | 1248 DAYS | |
| | | IN JAIL | ON PAROLE |
| (5) CMD-006639 , MARIJUANA POSS. - 5-98 | | From: 5-98 - 10-98 | 10-98 - 11-21-98 |
| SENTENCED - Time - 7-17-98 /And P.V. D.C. | | Total: | 32 Days (don't Count) |
| Set off until Halfway House: | | 122 DAYS | Imperative TO ESCAPE |
| | | (1) | |

PAGES
2 of 4

| Time Table Sentencing Chart of Convictions And Releases dates in Days - Years | | | | |
|---|---|---|---|---|
| Case No's Descriptions | D.C. Superior Court | Total days In Jail on Sentence/Bugs | Total Days In Society on Parole | |
| (6) F-008487-98 ; Arrested 11-21-98 (Escaped) Sentenced 5 to 15 mos. 4-30-99 : And Parole Violation D.C. Incarcerated 1001 Days 11-21-98 - 2001 : | | Total: 11/98 - 2001 1001 Days Including D.C. Parole Set-off From: 11-21-98 - 2001 | From: 8-24-01 - 1-16-02 4 months + 22 Days Total: 134 - Days | |

| | | | IN JAIL | ON PAROLE |
|---|---|---|---|---|
| (7) F-000341-02 Sentenced 1 year (+) uspc Parole Viol. Convicted - 7-19-02 = 635 Days | DSC Theft/B II 1-16-02 Arrest 635 Days | From: 1-16-02 - 11-10-03 Total: 635 Days Including uspc Set-Off | From: 11-03 - 8-9-04 Total: 270 Days | |

| | | | IN JAIL | Out Society |
|---|---|---|---|---|
| (8) F-008334-04 Sentenced - Dismiss 8-9-04 Also uspc Parole 10-24-04 Date of Release - 10-24-05 - 11-11-05 | DSC, Dismissed 2-mos. 18-mos. | From: 8/04 - 10/05 20 mos. set off 504 Days Total: | From: 10/05 - 5/06 186 Days (don't count) Imperative By BOP Time | |

| | | | IN JAIL | |
|---|---|---|---|---|
| (9) CF3-9216 and CF3-9217-06 Sentenced - 24 mos. 90 Days 24 mos. 1-11-07 Sentence and Serving | 5/9/06 DSC-B II 90 Days 24 mos. | From: 5-9-06 1-2008 - Now 619 Days Plus More to Come | | |

From: 1983 - 2004 Incarcerated Plus 2006
All Inclusive Total Days in Jail Add up = 6,649 Days

Days (total up) By Each Charge on Charts:

| | From: 1987 - 2005 - On Parole All Inclusive total Days in Society on Parole |
|---|---|
| (1) 1227 - Days - 1983 thru 2006 (2) 0 000 - Days (3) 1095 - (4) 1248 - (5) 0122 - (6) 1001 - (7) 0635 - Days (8) 0000 - Days (9) 0619 - Days | Charts: ■ Totals = 2,549 Days ■ without Imperative Days (5) & (8) (1) 2085 - Days (2) 0 000 - Days (3) 0 030 - Days (4) 0 030 - Days (5) 0032 - Imperative Days is Correct (6) 0134 - Days (7) 0270 - Days (8) 0186 - Days (9) 0 000 - Days |

Math is Correct Maurice Cooper Signed

Out on Parole Math is Correct Maurice Cooper Signed

+ 6,649 - Days In Jail on Sentences & Parole

+ 2,549 Days Out on Parole 1987 2006

Note: It clearly Shows for F-7641-81 I have Done Majority of the 4 yrs to 20 years on Sentencing And Parole Violations totals up to 5229 Days And Plus the 1420 Days on All Inclusive New charges, which equals Total of 6,649 Days in Jail from 1983 thru 2006, which under F-7641-81 close case I had no sentence to be Aggregated that from 5229 Days And 1420 Days is

Note: In concern of my Civil Complaint And the Mis Calculation By BOP shows clearly that I was not out in Society for no. 3991 Days in 2002 or 3.68 days owed in 2004, when my total Days on Parole Totals only 2,549 Days:

(2)

CONTINUE
NOTE:

(3 of 4 pgs)

Total To Leave out of (20 years) plus (3 Extra years) under F-7641-81-651 days Because:

1) (4yrs to 20 yrs) =
7300 Days 1983-2003
−6649 days
0651-Days Left
on F-7641-81-

2) (Also)
6649 Days 1983-2006 In Jail F-7641-81 And New Conviction
−1420− Days of All Inclusive | New Charges From | 1988-2006
5229 − Days, under | F-7641-81 | In Jail.
| Convictions | In Jail
| CASE

3) 7300 Days 1983-2003 F-7641-81-CASE 8-15-83 SENTENCE
−5229 Days − minus the 1420 days of New-Convictions
2079 Days- if the Inclusive 1420 days do not be Included. (2079 Days)
And These would be the total days After 1983 and 2003 If Owed Any Days in 2004,
which Do not add up to No 3,991 Days of 2002-2003. or No 3,688 Days In 2004.
However, This would only be true if my time was not Included on the New charges
Back then. In light of the fact that Designation Sentence Computation has mis Computed
my time And made numerous of Changes shows totally the opposite of These
math. And days owed in Which shall not have Been over 1420 Days of New Charges
Dated Back From 1991 thru 2004 of those Convictions. And 619 Days Included From
5-9-06 thru 1-1-08, in Which In still doing CF3-9216-06 And CF3-9217-06 Sentences or
The B.O.P/Parole time (that) they implied to stop those cases and Sentencings of 24 mos.
And 24 mos. And Gave me A New Sentence of 3.688 days And 2015 Release date, which is totally
not Correct Based on there mis Calculation and Inaccurate Computation Sentence
Data, they have Illegally Imposed on me. pursuant to SELKERS vs. B.O.P 959
F 2d 307 (D.C. Cir) U.S. App. This CASE Can prompt up other Avenues of how Data
is Being Authorized Illegally on MANY D.C. Inmates. I'm Just one who sees the problems
that is —— Illegal holding ME After F-7641-81 Closed case 20 years Duration has
Expired initially of Its Judgement And Commitment 1983.

NOTE:  Your Honor,

This is my Account to show the Amount of time I've Even done on F-7641-81
Case Sentence And Parole And set offs. This Also shows the News Charges I've
done Through 1988-1998 And 2002 to 2003. This Does not Include the, the Completion
of time I've Been doing on CF3-9216-06 and CF3-9217-06 which was stopped By B.O.P And
B.O.P/DSC in Texas Re-Sentenced me with 3.688 days, causing a close Case
To still Exist in 2007, Which Duration was only 4 yrs. to 20 yrs. In Account

(4-OF-4)

of this attack to unlawfully Detain me after F-7641-81 case was about
To Expired in 2003. I'm now doing time over the 4 to 20 years as if now
There new sentence of 2002 3.991 days plus 3.688 Days = to an Illegal 30 years
After F-7641-81 has Expired; this surely shows an inaccurate computation
and Release data in B O P, and shows that they have abused authority in
the computation of my F-7641-81 Sentence giving more time.

(Request of Order)

May this Honorable Judge have my D.C. Jail and Lorton VA. Face Sheets ordered
in my behalf to show that I am absolute in my time line of Duration
of the F-7641-81 case Sentence in 1983 and mandatory Release of 2003.
or have it ordered By Federal Bureau of Prisons DSC center in
Grand prairie Texas To have them presented through this order to
your court to show cause.

Also may in junction of this order may B O P give over my criminal
Compiled Jacket on me to let court have its Rights to Compare
all record with sentencing records from D.C. Superior Court
Charges and convictions of time Originally given. Also may I ask
This Judge P.L. Friedman, may I have an opportunity move this to
trial by all means - To prevent them (Defendants) from trying to Delay my
Responses By your Court orders. I, understand that Defendants have control
over my Body and at this time they will throw this Honorable court this leading
Information or Shift me around on Erroneous Writs to Cause Defects, and
Pursuant to FRCP 34-34 (A) HAINES V. KERNER, 404 U.S. 519, 520, 92 S. Ct
594 301 Ed 2D (1972) this is How I can show my Correctness of F-7641-81
Closed case completed.     Certificate of Service:
I, Hereby Give my Best and Clearest concised Estimation of my concerns
of this Civil Rights claim on F-7641-81. I declare under my truthful ness
that I have mailed this chart, Time To court show the account of all the
time I've Done Incarcerated and out on parole is correct on this.

MAURICE CEASAR     Respectfully Submitted

DATE

(4)

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*AMENDED*

vs.

Case No. _F 2641-81 COE_

PDID No. _348-504_

_Maurice Ceasar_     "*IN-JAIL*"

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of _Assault_ _with intent to commit Robbery while Armed_ _(three counts)_ and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Not less than_ _forty two (42) months nor more than twenty_ _(20) years on each count respectively._ _Said sentences are to run concurrently._

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_12/18/86_
Date

_Reggie B. Walton_
Judge

Certification by Clerk pursuant to Criminal Rule ___

_12/8/86_
Date

A TRUE COPY
TEST:
JUN -6 1991
Superior Court of the District of Columbia

_Owen J. Bohn_
Deputy Clerk

BY: _Whitley_

Original — Court
Blue — Jail
Green — Defense
Canary — Social Services

U.S. Attorney/Corporation Counsel
Defense Attorney
Bureau of Prison's

Form CDIIB-1040/Feb. 84

N6—p1760 wd-50

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
      v.

Maurice Ceasar _____

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2006 CF3 9217 _____
PDID No. 348-504 _____

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S)   1 & 2 _____

☐ WAS FOUND GUILTY ON COUNT (S) _____
    AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offense |
|-------|-------------------|-----------------|-----------------|
| COUNT 1 | 2nd Degree Burglary | 22-1801(b) | 5-10-2006 |
| COUNT 2 | 2nd Degree Theft |  | 4-17-2006 |

## SENTENCE OF THE COURT

Count 1: 24 months in jail followed by 3 years supervised release. Sentence to run consecutively and supervised release to run concurrently to 2006 CF3 9216.
Count 2: 90 days in jail.
Pay restitution of $500 from prison pay or due no later than 24 months after release.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of,

   24 MONTHS _____   ☐ MANDATORY MINIMUM term of _____applies.

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of   3 years _____

**DRUG TREATMENT**

☐ The Court makes the following recommendations to the Bureau of Prisons:

Costs in the aggregate amount of $ 350.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☒ have not been paid.

1/11/07 _____
    **Date**

_____
    **Judge**

Herbert B. Dixon _____
    Name and Title of Judicial Officer

Certification by Clerk pursuant to Criminal Rule 32(d).

1/11/07 _____
    **Date**

Katrina Stallworth _____
    Deputy Clerk

A TRUE COPY
TEST: 6-20-07



Clerk Superior Court of the
District of Columbia

By: _____
   Deputy Clerk

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
V.

JUDGMENT IN A CRIMINAL CASE

Maurice Ceasar

Case Number:  2006 CF3 9216
PDID No.   348-504

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S)   3

☐ WAS FOUND GUILTY ON COUNT (S)
AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offense |
|---|---|---|---|
| Count 3 | 2nd Degree Burglary | 22-1801(b) | 5-9-2006 |

## SENTENCE OF THE COURT

Count 3:  24 months in jail followed by 3 years supervised release.  Sentence to run consecutively and supervised release to run concurrently to 2006 CF3 9217.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of,
__24 MONTHS__                    ☐ MANDATORY MINIMUM term of_____applies.

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of   __3 years__

☐ The Court makes the following recommendations to the Bureau of Prisons:    DRUG TREATMENT

Costs in the aggregate amount of $__250.00__ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☒ have not been paid.

__1/11/07__
Date



Judge

Herbert B. Dixon
Name and Title of Judicial Officer

Certification by Clerk pursuant to Criminal Rule 32(d).

__1/11/07__
Date

Katrina Stallworth
Deputy Clerk