# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,                          )
                                         )
                    Plaintiff ,          )        Civil No.: 07-1191(RMC)
v.                                       )
                                         )
BUREAU OF PRISONS,                       )
                                         )
                    Defendant.           )
_____ )


## DEFENDANT'S MOTION TO DISMISS

Defendant Bureau of Prisons hereby moves pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), (b)(6) and (b)(7) to dismiss this action. In support of this motion, the Court is respectfully referred to the accompanying Memorandum and Points of Authorities. A proposed Order is also attached.[1]

---

[1]To the extent that the Court might rely on materials outside of the Complaint, the Court may treat this motion as one for summary judgment. Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the declarations in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his declaration or documentary evidence contradicting the assertions in the attached declarations. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials or the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

Respectfully submitted,

___/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


___/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., E-4106
Washington, D.C. 20530


Of Counsel:
Delaine Martin Hill
Assistant General Counsel
Office of General Counsel
Bureau of Prisons

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE CEASAR, | ) | |
| | ) | |
| Plaintiff , | ) | Civil No. 07-1191(RMC) |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff is District of Columbia offender  inmate Maurice Ceasar (Reg. No. 09747-007) who is in Bureau of Prisons ("BOP") custody at the Federal Correctional Institution (FCI), Allenwood,  in White Deer, Pennsylvania..[1] See  Exhibit 1, Public Information Inmate Data for Plaintiff at 001 (December 18, 2007).  On January 13, 2002, Plaintiff was charged with Second Degree Burglary in violation of D.C. Code § 22-801(b) and placed in BOP custody.  See Exhibit 1 at 011.  Plaintiff was paroled on November, 11, 2003, violated the terms of his parole the following year, and was again placed in BOP custody.  See Exhibit 1 at 008-009.  On October 24 2005, Plaintiff was furlough transferred to a Residential re-entry Center with a parole effective date of December 9, 2005, and an expiration full term date of September 13, 2014. See Exhibit 2, Declaration of Augustus Faller, ¶ 3.   On November 11, 2005, Plaintiff walked away from the center and was placed in escape status.  See Exhibit 2, ¶ 3.  On May 10, 2006, while on escape

---

[1]  In 1997, Congress passed the Revitalization Act (Pub. L.  No. 105-33, § 11231(a)(1), 111 Stat. 712, 745) which required the District of Columbia Department of Corrections to close its Lorton, Virginia facility by December 31, 2001.  The Revitalization Act also required that the BOP assume custody of all sentenced felons coming out of District of Columbia courts no later than December 31, 2001.  Thus, plaintiff is a District of Columbia immate who is now in full custody of the BOP.

status, Plaintiff was arrested for new criminal conduct in Washington, D.C. and released the same day. Case No.: 2006 CF3 9216,9217 (D. C. Super. Ct.). <u>See</u> Exhibit 2, ¶ 3.   On May 17, 2006, Plaintiff was arrested and the parole violation from which he escaped on November 11, 2005, commenced upon return to federal custody. <u>See</u> Exhibit 2, ¶ 3.   On January 11, 2007, Plaintiff was sentenced to 48 months **consecutive** by the Honorable Judge Dixon. Case No.: 2006 CF3 9216,9217 (D. C. Super. Ct.).  <u>See</u> Exhibit 2, ¶ 3.

Plaintiff filed this Civil action and alleged that the BOP did not calculate his sentence correctly and used false reports to arrive with a release date of 2015. <u>See</u>  generally Pl. Compl.  In particular, plaintiff claimed that he was sentenced in D.C. Superior Court on January 1, 2007, for Burglary and an accompanying misdemeanor and given a release date of 2011.  Pl. Compl. p. 1. Plaintiff also stated that he was not criminally charged with escape, but was placed on escape status by the BOP.  This classification, in turn, affected his release date.  Pl. Compl. p. 1.   He also stated that his release date was then changed to 2015, which is over the time that he was initially sentenced. Pl. Compl. p. 1.

Defendant submits that Plaintiff is clearly contesting the length of his confinement. Accordingly, Defendant moves to dismiss on the ground that Plaintiff's claim is a habeas corpus petition and the Court lacks jurisdiction to hear his claim. Alternatively,  this case should be transferred to the United States District Court for the Middle District of Pennsylvania.

**ARGUMENT**

**A. Plaintiff May Only Proceed through a Writ of Habeas Corpus Against his Warden Brought in a Court with Jurisdiction over the Warden**

It is well established that habeas corpus is the exclusive remedy for any prisoner who seeks to gain earlier release or even to improve his chances of earlier release. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (habeas is the exclusive remedy if the success of the action "would necessarily demonstrate the invalidity or confinement or its duration"); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that "where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence" he or she should rely on the habeas corpus statute because "[s]uch claims fall within the 'core' of habeas corpus."); Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (even where a prisoner's claim that he was illegally denied a chance to secure his release would not necessarily result in his being released any earlier, it would raise that possibility and thus have a probabilistic impact on the duration of his custody, requiring that he resort to habeas in the jurisdiction of his incarceration); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000) (concluding that "[f]or a federal prisoner, habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc) (holding that a federal prisoner seeking to challenge his parole eligibility date was required to proceed in habeas, even though success upon his claims would not necessarily result in his earlier release); see also Dominguez v. BOP, 2006 W.L. 1445041, *3 (D.D.C. 2006); McGlamary v. Lappin, 2006 W.L. 1382185, *1, n.1 (D.D.C. 2006); Boyer v. Conaboy, 983 F. Supp. 4 (D.D.C. 1997) ("[t]he Court will reaffirm a principle that has

3

unwaveringly governed federal-court practice for almost a quarter-century: that a prisoner who attacks the legality or duration of his sentence must proceed by habeas corpus"); Bayless v. United States Parole Commission, 1996 W.L. 525325, *7 (D.D.C. 1996).

In this case, Plaintiff is clearly contesting the length of his confinement and it has long been established in this Circuit that a prisoner's attack on the "fact or duration" of his confinement is relegated to habeas relief which must be brought in the federal district of incarceration. See Chatman-Bey, 864 F.2d 804 (D.C. Cir. 1988) (en banc). In Chatman-Bey, this Court stated:

> [The U.S. Supreme Court case of Preiser v. Rodriguez] . . . makes clear that, as a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas.

Chatman-Bey, 864 F.2d at 809 (citing Preiser v. Rodriguez, 411 U.S. 475 (1973).

In Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986), this Court held that a district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner. See also Chatman-Bey, 864 F.2d at 810 (reaffirming that "the appropriate defendant in a habeas action is the custodian of the prisoner," and also holding that the "custodian" of a federal prisoner seeking release on parole is the warden of the prison in which he is confined); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (same); see Anyanwutaku v. Moore, 151 F.3d 1053, 1055 (D.C. Cir. 1998); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) (explaining that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent

4

and file the petition in the district of confinement."); <u>Stokes v. U.S. Parole Comm'n</u>, 374 F.3d

1235, 1237-38 (D.C. Cir. 2004) (noting that "[b]ecause '[a] writ of habeas corpus does not act

upon the prisoner who seeks relief, but upon the person who holds him in ... custody,' . . . a court

may issue the writ only if it has jurisdiction over that person," the warden of the facility in which

the inmate is incarcerated) (internal citations omitted); <u>Dominguez</u>, 2006 W.L. at *3.

     In this instance, Plaintiff is held in Pennsylvania, not the District of Columbia.  <u>See</u>

Exhibit 1 at 001.  Thus, venue in this jurisdiction is not proper.  Nor has Plaintiff named his

Warden as a defendant as required.  And this Court could not exercise jurisdiction over the

Warden even if the Warden was named as a Defendant.  For this reason, Plaintiff's action should

be dismissed.  <u>See</u> Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3).

     Only if the Court has jurisdiction over the Plaintiff's custodian may it afford meaningful

relief, and then it would be in the context of habeas relief.  Plaintiff's action should be dismissed

in part because he failed to join his Warden as the Defendant.[2]  When an inmate in a federal

prison files a civil action in the District of Columbia challenging the lawfulness of his custody,

his case must either be dismissed or transferred to the jurisdiction where the prisoner's

immediate custodian is located.  <u>See</u> <u>Bourke v. Hawk Sawyer</u>, 269 F.3d 1074; <u>In re Tripati</u>, 836

F.2d 1406, 1407 (D.C. Cir. 1988); <u>Guerra v. Meese</u>, 786 F.2d 414 (D.C. Cir. 1986).

     Lastly, this court should be made aware that on September 7, 2007, Plaintiff filed a

Habeas Corpus action in the Middle District of Pennsylvania in which he again asserts that his

---

    [2]  Fed. R. Civ. P. 12(b)(7) calls for dismissal for "failure to join a party under Rule 19."
That rule, in turn, calls for joinder of persons if, "in the person's absence complete relief cannot
be accorded among those already parties".  Fed. R. Civ. P. 19(a).  Where the person cannot be
made a party, but is indispensable, the court shall dismiss the matter.  Fed. R. Civ. P. 19(b).  As
noted above, the prisoner's custodian is a necessary party in an action such as this.

sentence has been miscalculated by BOP officials. <u>See</u>  Exhibit 3, <u>Ceasar v. Destination Sentence Computation Center Examiner (NUN), et al.</u>, 07-cv-1646 (M.D. Pa.).  The fact that these issues are already before the proper court again speaks to why this matter should be dismissed or transferred.

> **B.    Petitioner's Sentence Has Been Calculated Correctly**

Even if this claim were properly before this court, it would fall short nonetheless. Plaintiff alleges that the BOP did not calculate his sentence correctly resulting in an incorrect release date of 2015.  <u>See</u> Pl. Complaint, generally.  This claim is without merit as the BOP aggregated his sentences in full accordance with the law.  As outlined in the declaration by BOP Operations Manager, Augustus Faller, Plaintiff was not charged criminally by the D.C. Superior Court for escape, but he was placed on escape status for 186 days after he walked away from a facility.  <u>See</u> Exhibit 2, ¶ 4.   As a result, the United States Parole Commission revoked his parole effective date and continued him until an expiration date of November 20, 2011.  <u>See</u> Exhibit 2, ¶ 4.   Plaintiff was then sentenced to an additional 48 month consecutive sentence for an additional D.C. offense on top of the November 20, 2011 expiration date.  <u>See</u> Exhibit 2, ¶ 5.  Hence, Plaintiff's claim is without merit and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's action, or alternatively transfer this case to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


___/s_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., E-4106
Washington, D.C. 20530


Of Counsel:
Delaine Martin Hill
Assistant General Counsel
Office of General Counsel
Bureau of Prisons



_____

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing Defendant's Motion to

Dismiss to be sent via first class mail, postage prepaid, this 18th day of  December 2007 to:

> Maurice Ceasar
> #09747-007
> Allenwood FCI A-1 Unit
> White Deer, Pennsylvania 17887-2000

_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 305-1845

Exhibit 1

```
 BOPG8          *         PUBLIC INFORMATION          *      12-18-2007
PAGE 001        *             INMATE DATA             *      08:42:08
                          AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                    RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 570-547-7950    FAX: 570-547-7751
                                             RACE/SEX...: BLACK / MALE
                                             AGE: 47
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 07-13-2015                      PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT   DESCRIPTION                START DATE/TIME STOP  DATE/TIME
ALM   A-DES        DESIGNATED, AT ASSIGNED FACIL  11-30-2007 1406 CURRENT
ALM   ESCORT TRP   ESC TRIP OTHER THAN LOCAL HOSP 11-30-2007 1210 11-30-2007 1406
ALM   A-DES        DESIGNATED, AT ASSIGNED FACIL  11-06-2007 0709 11-30-2007 1210
B01   RELEASE      RELEASED FROM IN-TRANSIT FACL  11-06-2007 0709 11-06-2007 0709
B01   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 11-06-2007 0521 11-06-2007 0709
LEW   HLD REMOVE   HOLDOVER REMOVED               11-06-2007 0521 11-06-2007 0521
LEW   A-BOP HLD    HOLDOVER FOR INST TO INST TRF  10-23-2007 1153 11-06-2007 0521
8-C   RELEASE      RELEASED FROM IN-TRANSIT FACL  10-23-2007 1153 10-23-2007 1153
8-C   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 10-23-2007 0930 10-23-2007 1153
CAA   TRANSFER     TRANSFER                       10-23-2007 0930 10-23-2007 0930
CAA   A-DES        DESIGNATED, AT ASSIGNED FACIL  05-01-2007 0905 10-23-2007 0930
B24   RELEASE      RELEASED FROM IN-TRANSIT FACL  05-01-2007 0905 05-01-2007 0905
B24   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-01-2007 0550 05-01-2007 0905
LEW   HLD REMOVE   HOLDOVER REMOVED               05-01-2007 0550 05-01-2007 0550
LEW   A-HLD        HOLDOVER, TEMPORARILY HOUSED   04-30-2007 1719 05-01-2007 0550
3-D   RELEASE      RELEASED FROM IN-TRANSIT FACL  04-30-2007 1719 04-30-2007 1719
3-D   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-30-2007 1717 04-30-2007 1719
CDC   ADMIN REL    ADMINISTRATIVE RELEASE         04-30-2007 1717 04-30-2007 1717
CDC   A-BOP HLD    HOLDOVER FOR INST TO INST TRF  04-24-2007 1303 04-30-2007 1717
0-X   RELEASE      RELEASED FROM IN-TRANSIT FACL  04-24-2007 1303 04-24-2007 1303
0-X   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-23-2007 1300 04-24-2007 1303
CDC   ADMIN REL    ADMINISTRATIVE RELEASE         04-23-2007 1300 04-23-2007 1300
CDC   A-ADMIN      ADMINISTRATIVE ADMISSION       04-23-2007 1200 04-23-2007 1300
9-L   RELEASE      RELEASED FROM IN-TRANSIT FACL  04-23-2007 1200 04-23-2007 1200
9-L   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-04-2007 1401 04-23-2007 1200
DSC   ADMIN REL    ADMINISTRATIVE RELEASE         04-04-2007 1301 04-04-2007 1301
DSC   A-ADMIN      ADMINISTRATIVE ADMISSION       04-04-2007 1300 04-04-2007 1301
9-L   RELEASE      RELEASED FROM IN-TRANSIT FACL  04-04-2007 1400 04-04-2007 1400
9-L   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-04-2007 0933 04-04-2007 1400
DSC   ADMIN REL    ADMINISTRATIVE RELEASE         04-04-2007 0833 04-04-2007 0833
DSC   A-ADMIN      ADMINISTRATIVE ADMISSION       04-04-2007 0828 04-04-2007 0833
CDC   ESCAPE       ESCAPE                         11-11-2005 0900 04-04-2007 0828
CDC   A-DES        DESIGNATED, AT ASSIGNED FACIL  10-25-2005 1110 11-11-2005 0900
6-J   RELEASE      RELEASED FROM IN-TRANSIT FACL  10-25-2005 1110 10-25-2005 1110
6-J   A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 10-24-2005 1416 10-25-2005 1110
EDG   FURL TRANS   FURL W/UNESCORTED TRF TO A CCC 10-24-2005 1416 10-24-2005 1416


G0002       MORE PAGES TO FOLLOW . . .
```

```
  BOPG8           *        PUBLIC INFORMATION        *      12-18-2007
PAGE 002          *           INMATE DATA            *      08:42:08
                               AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                        RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                        PHONE..: 570-547-7950    FAX: 570-547-7751
EDG    A-DES        DESIGNATED, AT ASSIGNED FACIL  02-25-2005 1315 10-24-2005 1416
EDG    LOCAL HOSP   ESC TRIP TO LOCAL HOSP W/RETN  02-18-2005 1200 02-25-2005 1315
EDG    A-DES        DESIGNATED, AT ASSIGNED FACIL  01-26-2005 1000 02-18-2005 1200
B03    RELEASE      RELEASED FROM IN-TRANSIT FACL  01-26-2005 1000 01-26-2005 1000
B03    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 01-26-2005 0612 01-26-2005 1000
ATL    HLD REMOVE   HOLDOVER REMOVED               01-26-2005 0612 01-26-2005 0612
ATL    A-HLD        HOLDOVER, TEMPORARILY HOUSED   12-14-2004 1928 01-26-2005 0612
3-W    RELEASE      RELEASED FROM IN-TRANSIT FACL  12-14-2004 1928 12-14-2004 1928
3-W    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 11-02-2004 1057 12-14-2004 1928
MXR    ADMIN REL    ADMINISTRATIVE RELEASE         11-02-2004 1057 11-02-2004 1057
MXR    A-ADMIN      ADMINISTRATIVE ADMISSION       11-02-2004 1045 11-02-2004 1057
BUH    PAROLE       PAROLE FROM PAR COM OR CT      11-10-2003 0853 11-02-2004 1045
BUH    A-DES        DESIGNATED, AT ASSIGNED FACIL  05-22-2003 1128 11-10-2003 0853
8-A    RELEASE      RELEASED FROM IN-TRANSIT FACL  05-22-2003 1128 05-22-2003 1128
8-A    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 05-22-2003 1017 05-22-2003 1128
RIV    TRANSFER     TRANSFER                       05-22-2003 1017 05-22-2003 1017
RIV    A-DES        DESIGNATED, AT ASSIGNED FACIL  08-29-2002 1225 05-22-2003 1017
B20    RELEASE      RELEASED FROM IN-TRANSIT FACL  08-29-2002 1225 08-29-2002 1225
B20    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 08-29-2002 1045 08-29-2002 1225
PEM    HLD REMOVE   HOLDOVER REMOVED               08-29-2002 1045 08-29-2002 1045
PEM    A-HLD        HOLDOVER, TEMPORARILY HOUSED   08-28-2002 1652 08-29-2002 1045
0-X    RELEASE      RELEASED FROM IN-TRANSIT FACL  08-28-2002 1652 08-28-2002 1652
0-X    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 08-15-2002 1628 08-28-2002 1652
CDC    ADMIN REL    ADMINISTRATIVE RELEASE         08-15-2002 1628 08-15-2002 1628
CDC    A-ADMIN      ADMINISTRATIVE ADMISSION       08-15-2002 1601 08-15-2002 1628
BOP    DCOB REL     REL FROM D.C. OFFENDER BRANCH  05-03-2001 1513 08-15-2002 1601
BOP    A-DCOB       ADMIT TO D.C. OFFENDER BRANCH  04-18-2000 0853 05-03-2001 1513




G0002      MORE PAGES TO FOLLOW . . .
```

```
BOPG8          *        PUBLIC INFORMATION       *      12-18-2007
PAGE 003       *           INMATE DATA           *      08:42:08
                         AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                   RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 570-547-7950    FAX: 570-547-7751
PRE-RELEASE PREPARATION DATE: 01-13-2015

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 07-13-2015 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7641-81
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1983
DATE WARRANT ISSUED.............: 03-26-2004
DATE WARRANT EXECUTED...........: 08-10-2004
DATE COMMITTED..................: 11-09-2004
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY: NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  644
OFF/CHG: ASSAULT WIT COMMIT ROBBERY W/ARMED

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   20 YEARS
 NEW SENTENCE IMPOSED...........: 3688 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 12-30-1981
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
BOPG8          *        PUBLIC INFORMATION        *     12-18-2007
PAGE 004       *           INMATE DATA            *     08:42:08
                         AS OF 12-18-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE

```
                 RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 570-547-7950   FAX: 570-547-7751
-------------------------CURRENT COMPUTATION NO: 030 -------------------------
```

COMPUTATION 030 WAS LAST UPDATED ON 11-08-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-09-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

```
DATE COMPUTATION BEGAN..........: 08-10-2004
TOTAL TERM IN EFFECT............: 3688 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS      1 MONTHS      5 DAYS
EARLIEST DATE OF OFFENSE........: 12-30-1981

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     08-09-2004     08-09-2004

INOPERATIVE TIME.........: REASON    FROM DATE      THRU DATE
                           ESCAPE    11-12-2005     05-16-2006

TOTAL JAIL CREDIT TIME..........: 1
TOTAL INOPERATIVE TIME..........: 186
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1211
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 11-23-2011
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 09-19-2014
EXPIRATION FULL TERM DATE.......: 03-18-2015
```

G0002      MORE PAGES TO FOLLOW . . .

```
  BOPG8          *          PUBLIC INFORMATION      *      12-18-2007
PAGE 005         *             INMATE DATA          *      08:42:08
                             AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                    RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 570-547-7950    FAX: 570-547-7751

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 01-19-2012
PROJECTED SATISFACTION METHOD...: MAND REL
```

```
  G0002        MORE PAGES TO FOLLOW . . .
```

```
  BOPG8          *        PUBLIC INFORMATION      *     12-18-2007
PAGE 006         *           INMATE DATA          *     08:42:08
                          AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

               RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL

PRE-RELEASE PREPARATION DATE: 01-13-2015

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-13-2015 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 040 -----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: 2006 CF3 9216
JUDGE..........................: DIXON
DATE SENTENCED/PROBATION IMPOSED: 01-11-2007
DATE COMMITTED.................: 01-11-2007
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:  $00.00         $00.00         $00.00      $250.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  605
OFF/CHG: 22-1801(B), 2ND DEGREE BURGLARY

 SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO 050
 DATE OF OFFENSE................: 05-09-2006

----------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: 2006 CF3 9217
JUDGE..........................: DIXON
DATE SENTENCED/PROBATION IMPOSED: 01-11-2007
DATE COMMITTED.................: 01-11-2007
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO




  G0002       MORE PAGES TO FOLLOW . . .
```

```
BOPG8           *        PUBLIC INFORMATION        *      12-18-2007
PAGE 007        *          INMATE DATA             *      08:42:08
                         AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                  RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 570-547-7950  FAX: 570-547-7751
                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $00.00         $00.00        $00.00       $350.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 605
OFF/CHG: 22-1801(B), 2ND DEGREE BURGLARY

  SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  24 MONTHS
  TERM OF SUPERVISION............:   3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS TO 040
  DATE OF OFFENSE................: 05-10-2006

------------------------CURRENT COMPUTATION NO: 040 ------------------------

COMPUTATION 040 WAS LAST UPDATED ON 11-08-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 11-09-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010, 050 010

DATE COMPUTATION BEGAN..........: 01-19-2012
AGGREGATED SENTENCE PROCEDURE...: DC SRAA ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............:  48 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   4 YEARS
AGGREGATED TERM OF SUPERVISION..:   3 YEARS
EARLIEST DATE OF OFFENSE........: 05-09-2006

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   05-10-2006     05-10-2006




G0002      MORE PAGES TO FOLLOW . . .
```

```
    BOPG8          *         PUBLIC INFORMATION        *      12-18-2007
  PAGE 008         *            INMATE DATA            *      08:42:08
                              AS OF 12-18-2007

  REGNO..: 09747-007 NAME: CEASAR, MAURICE

                      RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 570-547-7950   FAX: 570-547-7751
  TOTAL PRIOR CREDIT TIME.........: 1
  TOTAL INOPERATIVE TIME..........: 0
  TOTAL GCT EARNED AND PROJECTED..: 188
  TOTAL GCT EARNED................: 0
  STATUTORY RELEASE DATE PROJECTED: 07-13-2015
  SIX MONTH /10% DATE.............: N/A
  EXPIRATION FULL TERM DATE.......: 01-17-2016


  PROJECTED SATISFACTION DATE.....: 07-13-2015
  PROJECTED SATISFACTION METHOD...: GCT REL
```

```
  G0002        MORE PAGES TO FOLLOW . . .
```

```
  BOPG8           *        PUBLIC INFORMATION          *    12-18-2007
PAGE 009          *          INMATE DATA               *    08:42:08
                               AS OF 12-18-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                   RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  11-10-2003 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7641-81
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1983
DATE WARRANT ISSUED.............: 01-16-2002
DATE WARRANT EXECUTED...........: 01-12-2003
DATE COMMITTED..................: 12-31-2002
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  644
OFF/CHG: ASSAULT WIT COMMIT ROBBERY W/ARMED

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   20 YEARS
 NEW SENTENCE IMPOSED...........: 3991 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 12-30-1981
```

```
  G0002       MORE PAGES TO FOLLOW . . .
```

```
BOPG8          *        PUBLIC INFORMATION        *     12-18-2007
PAGE 010       *           INMATE DATA            *     08:42:08
                        AS OF 11-10-2003

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                 RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 570-547-7950   FAX: 570-547-7751
--------------------------PRIOR COMPUTATION NO: 020 -----------------------

COMPUTATION 020 WAS LAST UPDATED ON 05-06-2003 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN.........: 01-12-2003
TOTAL TERM IN EFFECT...........: 3991 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS      11 MONTHS      4 DAYS
EARLIEST DATE OF OFFENSE........: 12-30-1981

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1311
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 05-14-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 06-18-2013
EXPIRATION FULL TERM DATE.......: 12-15-2013

PAROLE EFFECTIVE................: 11-10-2003
PAROLE EFF VERIFICATION DATE....: 04-17-2003
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PRESUMPTIVE PAROLE

ACTUAL SATISFACTION DATE........: 11-10-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: BUH
ACTUAL SATISFACTION KEYED BY....: EEH

DAYS REMAINING..................: 3688
FINAL PUBLIC LAW DAYS...........: 0




G0002       MORE PAGES TO FOLLOW . . .
```

```
BOPG8          *        PUBLIC INFORMATION         *      12-18-2007
PAGE 011       *          INMATE DATA              *      08:42:08
                        AS OF 01-12-2003

REGNO..: 09747-007 NAME: CEASAR, MAURICE

                RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  01-12-2003 VIA FT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F341-02C
JUDGE...........................: CANAN
DATE SENTENCED/PROBATION IMPOSED: 07-19-2002
DATE COMMITTED..................: 08-22-2002
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $00.00         $00.00         $00.00       $100.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  641
OFF/CHG: SECOND DEGREE BURGLARY

 SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 01-13-2002




G0002      MORE PAGES TO FOLLOW . . .
```

```
 BOPG8          *        PUBLIC INFORMATION        *     12-18-2007
PAGE 012 OF 012 *          INMATE DATA             *     08:42:08
                         AS OF 01-12-2003

REGNO..: 09747-007 NAME: CEASAR, MAURICE

               RESP OF: ALM / DESIGNATED, AT ASSIGNED FACIL
               PHONE..: 570-547-7950   FAX: 570-547-7751
--------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 11-21-2002 AT RIV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 07-19-2002
TOTAL TERM IN EFFECT............:     1 YEARS
TOTAL TERM IN EFFECT CONVERTED..:     1 YEARS
EARLIEST DATE OF OFFENSE........: 01-13-2002

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    01-13-2002    07-18-2002

TOTAL PRIOR CREDIT TIME.........: 187
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 01-12-2003
SIX MONTH /10% DATE.............: 12-08-2002
EXPIRATION FULL TERM DATE.......: 01-12-2003


ACTUAL SATISFACTION DATE........: 01-12-2003
ACTUAL SATISFACTION METHOD......: FT REL
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: RLJ

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0




 G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE CEASAR, #09747-007
⎯⎯⎯⎯ Petitioner, Pro Se
U.S.P. Cannan, Unit C-2
P.O. Box 300
Waymart, PA 18472

**4: CV 07 - 1640**

VS.

CIVIL ACTION NO.⎯⎯⎯⎯⎯⎯⎯⎯

DESTINATION SENTENCE COMPUTATION CENTER
EXAMINER (NUN), 346 Marine Forces Drive
Grand Prairie, Texas 75051; U.S.P.
CANAAN RECORDS DEPARTMENT - MR. ALBERT
FARLEY (R & D), P.O. BOX 400, WARMART,
PA 18472; U.S. PAROLE COMMISSION, D.C.
BOARD OF PAROLE - RECORDS DEPARTMENT,
WASHINGTON, D.C.

**FILED**
**SCRANTON**

SEP 08 2007

MARY E. D'ANDREA, CLERK
Per⎯⎯⎯⎯⎯⎯⎯⎯
DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241

1. This petition concerns:

__X__  A conviction

__X__  A sentence

__X__  A parole problem

__X__  Other. Under F-7641-81 Docket Number; this is a closed case
which the time expiration has been completed after doing the 4 to 20
year prison term, mostly done on parole violations and set-offs. This
Docket Number was re-opened and given a new sentence as the result of me
being re-sentenced by the Federal Bureau of Prison DSCC Office in Texas.
The Examiner placed 3,688 days back onto this closed case Docket Nuumber
in order for me to have to see the U.S. Parole Commission, which had
already honored the erroneous opening of my F-7641-81 closed case. This
has deprived me any closing or expiration on a 20 years sentence that I
have already served. Having altered the original 20 year sentence I am
now effectively serving a "30" year term, which in essence has me in
unlawful detention. As the result these Agents are re-creating computation
data to protect or to justify the wrongfulness and illegality of my
sentence computation on new charges and closed case F-7641-81, which I
should nt have any time to do on the closed case that maximum sentence is
time I have already served.

HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?

_____ Yes        \_\_\_\_\_ X \_\_\_\_ No

3. If your answer is "yes," give the following information:

a. Name of the Court: _____ 0 _____

b. Nature of proceeding: _____ 0 _____

c. Grounds raised: _____ 0 _____

_____

_____

_____

d. Result: _____ 0 _____

e. Date of result: _____ 0 _____

f. Citation or number of any written opinion or order entered pursuant to each such disposition: _____
N/A

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____ N/A _____

_____

_____

_____

5. Does counsel presently represent you? _____ Yes \_\_ X \_\_ No

If so, Name address and phone number of counsel: \_\_\_\_\_ 0 _____

_____

6. Name and location of court, which imposed sentence: D.C. Superior Court
500 Indiana Avenue, N.W., Washington, D.C. 20001

_____

_____

7. Indictment or case number, if known:  F-7641-81

8. Offense or Offenses for which sentence was imposed:  AW I+C Robbery W/Armed

9. Date upon which sentence was imposed and the term of the sentence:  8-15-83 By Honorable Judge
Tim Murphy-Sentence to no less than 4 years no more than 20 years D, C, E,  to Run
Concurrent-then reduction of sentence by Reggie Walton to 42 Months to 20 Years.

10. When was a finding of guilt made? (Check one)

_____ After a plea of guilty

\_\_\_X\_\_\_ After a plea of not guilty

_____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:

\_\_\_X\_\_\_ A jury

_____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? _____ Yes \_\_X\_\_ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: _____ O _____

b. Result: _____ O _____

c. Date of result: _____ O _____

d. Citation or number of opinion: _____ O _____

e. Grounds raised: (List each one)    N/A

NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.

## GROUNDS

1. On 02-30-81, I was arrested for allegedly committing a felony under F-7641-81. I went to trial and lost. On 8-15-83, in front of Honorable Judge Tim Murphy, a sentence of 4-years and 20-years was handed down in D.C. Superior Court. Before that sentence, I was in jail on (Step Back) on this F-76⁴⁄-81 case in June of 1983. Due to that sentence I was then placed at Lorton's Reformatory in Lorton Virginia. For the first part of my sentence, the 4-years that was on 12-  -86 reduced by Honorable Reggie Walton to 42 months to 20-years. I was then released in 1986.

2. From 1987 to 1991, I was ;in soceity. From 1991 to 1993, I was incarcerated , release on probation (then) arrested again in 1993-1995, I stayed out only 30 days. From 1995 to 1997, I was incarcerated concern a termination of probation and a parole violation (Set-off) that after my incarceration I had to go to Drug Treatment Program under D.C. Parole Board order while still incarcerated on (Set-Off). And by 1998, I was released--stayed about 30 to 50 days in society and then by October of 1998 sent to the Halfway-House. By November 21st, escaped from Halfway-House. Due to this, I stayed incarcerated under F-7641-81 parole and the 5 to 15 months--From 1998 to 2001. And released on Parole from Hope Village in on August 24, 2001. From January 2002 to October 2003, I was incarcerated in Rivers North Carolina and in Butner.

4

3. I came back to (Prison) arround August 2004, and I saw the
U.S. Parole Commission 10-2004. Stayed incarcerated upto 12-05.
In these very long incarcerated time gaps, I stayed in jail more
than I have been out on parole and land slide of incarcerated
Time mostly all was done under F-7641-81. Thirty to fifty ᴅᴀʏs, ᴛᴏ
six months ᴛᴏ The max I have done out in society (after) 1991,
Never been out in society on parole to count a year's time.

4. It is obvious that my (U.S. Parole) time was closed out
in 2005 instead of the 2003 expirational date, that from 1983 to
2003=20 years of the F-7641-81 case Docket No. that the U.S.
Parole Commission and Federal Bureau of Prisons continue to create
miscomputed time slots of time I owe. It is evident that these time
slots from D.C. records once in Petersburg  Virginia by Examiner
Ron Justice and Mr. Faller was ᴄᴏᴍᴘᴜᴛᴇᴅ  erroneously, however,
accepted by the F.B.O.P. and U.S. P.C. as being accurate. This is
where most of the problems started when ᴛʜᴇsᴇ ɪɴsᴛʀᴜᴍᴇɴᴛ ᴄᴏᴍᴘᴜᴛᴀᴛɪᴏɴ
Examiners started converting and aggragating my time comput-
ation. This has then updated my setence computation erroneously
and misleading to the Wales and NCIC Systems. This was apparently
ꜰᴀʟsᴇ information of sentence computed sent to them as an update
in which the calculation for F-7641-81 now has an unethical un-
authorized new sentence of 3.991 days then and now 3.688 days
for which I have already been incarcerated (over) a period of 16
years on parole violations (for) the F-7641-81 case that is a
close-out case according to D.C. Superior Court judges and Record
Department/CSOSA and Pretrial Service Agency. This sparks a
nerve that after the expired 4 to 20-years sentence, that Federal

Bureau of Prisons/DSC--Texas Office added an additional 3.688 days
to my incarceration I am doing on a new sentence for CF3-9216
and 9217; to keep me in prison longer than it is allowed by law.
This is unconstitutionally being forced on me.

5. At this same time, USP Canaan (Case Manager) operated in
C-2 Unit  E-Mails the    (U.S. Parole Commission) to place a
detainer on me and to see me due to my new criminal cases. In which
as I stated to mr. Deroberto  that my time dealing with the U.S.P.
C. was closed out in 2005, and I have documents to show. However,
he ignored and disregarded what I was stating to him during team
and E-Mail U.S. Parole Commission in June of 2005. Due to my remedy
process--since then--(they), C-2 Unit Team would not allow me to
process any remedy BP-8 to go through (Remedy Processment). This
was to hɛnder me duɛ to the unassurance that they may have acted
too fast in the light of this matter to E-Mail an OMG Clerk at
U.S. Parole Commission Office in Chevychase. At this particular
filing, My Remedy Process to have my BP-8 filed was told to (Nonnie
Holt, Warden) in lieu of This Unit Team  from C-2 Unit, is not allow-
ing this to happen or for me to have relief in my General filing
of these complaints.

6. Due to Federal Bureau of Prisons offices at 321 First Street
N.W.Washington, D.C. 2001, I have written to them in lieu of these
incidents. However, never received any response. Designation Sen-
tence Computation Center in Texas office have misconstrused my
original F-7641-81 sentence to be more than the already time served
20-years done (To their making it 30-years by adding 3.688 days

6

under F-7641-81 as a new sentence). Resentencing me without the
right of a judge to bring me back to court. This is obvious that they
have entered this time illegally in the Computation Date Base
System to assure other agencies that this is accurate which it is
not accurate under F-7641-81. It is evident that they use (closed
out) case Data from Parole Commission to support their theory of
my past incarcerated parole endeavors. This matter was then (re-
open) after my 1 to 2 years away from any parole obligation on
7-30-07 by U.S. Parole Commission accepting this mileading sent-
ence computation information given by Federal Bureau of Prisons--
GR and Prairie Texas  Instrument  Sentence Computation Examiners.
This has become falsified data in the criminal data system
including NCIC and Wales computers nationally under my F-7641-81
Docket number which was closed out or should have been closed
out by 2003.

7. F-7641-81 Docket Number--Does not have any more time value
to use to give me 3.688 days after 2003 expiration date for its
time being served. How can it be after 2003-then 2005 that they
have constructed a sentence computation sheet with F-7641-81-(new
sentence 3.688 days), 2015 release date? This dockt number is a
closed case that is being only used because I had no other long
sentence that would allow the U.S. Parole Commission or Texas
(Grand Prairie  Office for F.B.O.P to create a new sentnece under.
In these (contents) by them adding 3.688 days are disregarding
D.C. Superior Courts law and sentencing structure that the Judge gave
to me 4 to 20 years C.D.E. to run currently, By F.B.O.P. adding
on 3.688 days. This can be misconstrued after the F-7641-81 (20

7

years time served. Surface this 3.688 days Texas DSCC in lieu
F.B.O.P. given me in (April 2007) could be that they are operat-
ing F-7641-81 as a consecutive sentence (after) the  have expir-
ated of this judgment and committment. This can be considered
altered as well as falsifying judgement information given by the
(original Judge Tim Murphy) of my 20-years concurrent sentence
than there 3.688 days after the expiration of sentence 20-years
time served.

    8. Based on these grounds it shows that  I have been violated
under those circumstances that these defendants have cause this
illegal type of deception to not let F-7641-81 Docket Number
rest its close out, expiration and time served contents. And
(only that) their excuses and reasons are only form misrepresen-
tation of documents that they constructed having its updated
criminal data to assist in their computers of erroneous constructed
sentence computations on this matter. Its whole idea of them having
this parole/re-opened is to cover the (misuse) and long time off
Parole despiratively have me do 3.688 days of time I do not owe
on F-7641-81. This not about no other Docket Number or sentencings
that were less greiving than F-7641-81 closed case. It is appalling
to allow this to continue without a relief to consider this time
served. And allow me to move on with any new sentences under CF3-
9216-9247 . But they are stubborn and retatiative of these concept-
ions and deceptions of a closed case file in the D.C. Superior
Court; and hoping that this Court will assume their side to serve
this matter in-justently with out truth.

How were you found guilty: ___By Jury_____
                                  (Guilty Plea or Guilty by Jury)

Found guilty by Judge? Yes _____X_____ or No_____

Did you appeal your conviction? Yes _____or No _____X_____

Other than direct appeal to the Court of Appeals, have you filed:

A. Any other challenges to this sentence or judgment?
       Yes_____ or No _____X_____

B. Petition for Certiorari of the U.S Supreme Court?
       Yes _____or No _____X_____

C. Any motion to correct sentence? Yes_____ or No__(Only letters
       with no response)_____

D. Any Vacate or Set Aside motions? Yes _____ or No____X_____

E. Another Pleading? Explain: No.__Just this one, I ask this court who
       sentenced me under the DC Superior Court Judgment and_____
       Commitment F-7641-81 Docket closed case file._____

F. Is this the only motion for this Sentence and Judgment?
       Yes ____X____ or No_____

III.   <u>Grounds for Release</u>

9. In regard to the issue of the Sentence Realm of Grounds, I, Maurice Ceasar #208880 want you to know that all my time under the original sentence should have been over and expired by 2003. The Noble Act has nothing to do with my original sentencing, nor was this passed by Congress to have an authority other than the original judge and court to re-sentence me. I find that it is only true to acknowledge that this matter was created by those authorities to hold me over the length of time that was owed under this expired Judgment and Commitment, Docket No. F-7641-81 as well as to take the law from the judiciary courts to hold me on parole without having any more time; especially in not ever seeing a short term or long term expiration date due to their taking the original one overtly to cause this type of misled event. Issues under these circumstances need to be addressed, without controversy, but with fairness to the Constitutional Rights of every inmate or in my case, a situation that causes me to be in parole status longer than the original time allowed.

### GROUNDS IN THIS PETITION
### ALONE WITH SUPPORTING EXHIBITS OR APPENDIX ATTACHED

10. I, the petitioner, have exhausted all remedies and still have not received a suitable resolution that will address the time gap in which my sentence from 1983-2003 was over or about to expire in 2003. Since these criminal authorities that deal with housing or revoking parole have violated the clauses that brought this matter to court, I wish to have an oral hearing on the matter of why I am still being incarcerated on an old expired docket number which has no more time on it. This has taken street time and other time from me illegally and basically resulted in an illegal extended sentence. My time was supposed to have been up in 2003. Please, may relief to vacate this matter be deemed appropriate.

11. I might add that someone in these institutions and USPC agencies act as if they have more power and authority than the judge who gave me the sentence under the Judgment and Commitment Docket number. These issues show that they are assuming the authority of the United States District of Columbia Metropolitan Courts, which are the only authority of criminal endeavors that can legally vacate, set aside or correct a sentence or re-sentence me under Docket number F-7641-81. Something must be done to prevent government offices from getting away with this type of deception, especially when they create a face sheet document with misleading information under an expired J&C docket number and send it through the system for criminal records and data to NCIC/WALES computers. The falsified information is then sent across the nation illegally causing criminal authorities to think that I still owe time under docket number F-7641-81, which is not true but criminally false. Someone is trying to mislead you, Your Honor, in reference to what my Judgment and Commitment has stated. The Docket Number does not have any more time on it. No more time is owed. The Instrument of the Institution where I am located, CCA/C.T.F. c/o F.B.O.P, has also misread the Docket Number F-7641-81 information and are holding me longer on parole than it should have. This is an old case number that I was sentenced to with no less than 4 years and no more than 20 years. This is appalling and has been a problem that I ask the Court to step in to correct and to acknowledge that the Docket Number and the associated Judgment and Commitment time have expired. This is especially important in cases when the sentencing Judge has retired or passed on. This matter needs to be resolved by an investigation and assigned to a new Judge if the original Judge is no longer available.

12. In my case, the miscomputed data is still in the WALES computer system and has been sent throughout the database. These data were created by those responsible for inmate's entering the jail system and docket numbers and replaced in the computers to create a false Face Sheet for incarcerated individuals. This is my current problem.

13. There have been many concerns by those who know the existing system that I am being "railroaded" by the prison and parole authorities who have overtaken the authority of the criminal court judges who are the ones who should have the proper authority to correct or re-sentence an offender.

14. Your Honor, may someone help clear up this matter and give me closure and the relief I am supposed to have on this sentence and Docket Number F-7641-81.

### GROUNDS IN THIS PETITION
### ALONE WITH SUPPORT EXHIBITS OR APPENDIX ATTACHED

Something is wrong by those who are trying or taking the authority of the Judges in these matters that need to be shown properly with proper math and time structures, Their math is most defiantly wrong with what has been happening and I hope that your court still has the power to correct these types of concerns and not let those who are not judges but agencies of the Federal government such as F.B.O.P/D.C. get away with trying to use your authority to re-sentence me using expired Docket Case Numbers to disregard the court's criminal data and records that this case has been closed.

15. May this be speedily looked into and may you at this Honorable Court compare the original Docket Number F-7641-81 (Aug 15 1983) with that which they are presently holding me on, which is not the court's direct decision. I wish that this will be acknowledged and resolved by This Court and may either a Judge or investigator be assigned to this old docket number and sentence that has expired. May this court order relief under this Docket Number (i.e.) F-7641-81 (closed case)which had an original sentence of no less than 4 years and no more than 20 years and expired on the date of 2003 for which I am still being held. I have never seen a short term or mandatory term for release to expire this Docket Number. Those who have incarcerated me under this expired Docket Number have done so illegally.

_Maurice Ceasar_
Signature

### Certificate of Service

I, Maurice Ceasar, hereby request this court to acknowledge in all criminal court files and criminal data that the F-7641-81 case is closed and that the allowed sentence by original judgment and commitment of 4-20 years has been completed and finished, and by court record files in room 4001 made it known to the public and all other agencies of criminal data on this day 10, and month Sept. 2007. I wish that this court honor my request for relief and closure of this matter finally.

11

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

_____X_____ Yes _____ No

(1) If your answer to "a" above is yes, what was the result? Denied me Relief to Miscalculation of Time.

_____

(2) If your answer to "a" above is no, explain: _____ 0 _____

_____

_____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

_____X_____ Yes _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken:

_____

_____

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

_____

_____

_____

("See Attachment" Page
"In Lieu of Statement of Claim".

_____

_____

_____

_____

_____

_____

_____

_____

c.          STATEMENT OF CLAIM :

Term of sentence: <u>4 to 20 years (3) counts to run concurrently</u>

Most recent grounds (5/9/06–5/10/06). Pretrial office and attorney pulled up
my Bureau of Prisons site data on F-7641-81 case that I was originally
sentenced 8/15/83 By Honorable Judge Tim Murphy, who had retired. In
pretrial report from F.B.O.P web site that due to Sheena Hungerford's
preparation on 5/10/06 and attorney under docket number PSA Case #
061308-89 according to automated probation and parole records the
defendant's parole was closed, revoked to incarceration on 10/24/04.
According to the Bureau of Prison website, the defendant was released on
11/11/05. PSA has no additional information regarding this matter. The DC
Superior Court Record Dept, room 4001 had in their records all of my closed
file cases, including case F-7641-81 that was the longest time sentence of 4 to
20 years for which I was held on parole until 2004 (1983 to 2004) and
released off parole in 2005. In my pre-sentence report done by Wendy
Corvey, it states that my parole probation has been terminated unsuccessfully.
These are grounds to show by this court acknowledgement that F-7641-81
case time and expiration contents are all closed and no other agency should
attempt to conspire to hold me on this dead issue or attempt to add more time
on the F.B.O.P. web site without having authority to do so.
In these matters concerning a 2015 release date for CF3-9216-06 and CF3-
9217-06, where did they get this release date? Who orchestrated the
authorization for access of entering this date (2015) which is wrong and
should only carry a total of 24 months consecutively and which should be
completed in 2009 after the math of 85% done on the sentence, however,
someone at the F.B.O.P. entered 2015 in the computer and does not wish to
correct it.  Someone from F.B.O.P. entered 96 months in the computer web
site to give me a date of incarceration from 2007 to 2015, doubling the 4 years
to give me 8 years, or again using a closed case data to hold me in prison
illegally by disregarding the court's record office or judge's authority to
sentence a person to a specified time period. After that time period, the case
becomes closed and final.
This agency for either justice department is abusing its authority and
overriding the power of the court system records files that show that this F-
7641-81 case is closed. This is a very illegal approach to mislead other local
and federal agencies by sending non-active computation data on me to
mislead those into thinking that I still have time until 2015 on a closed case.
It's appalling that someone with access to F.B.O.P. computers housing
inmate's data will stoop that low to keep an ex-offender or inmate in the
system illegally. I ask for an investigation and relief in this matter and to make
these Justice Department F.B.O.P. or USPC acknowledge that F-7641-81 is a
closed case.
Under F-7641-81 closed case, today after case was closed this has became an Unlawful
Detention by the Respondents when they added 3, 688 Days.

13

## RELIEF BY THIS COURT

1). I wish for this Honorable Court to have an investigation in concern of this matter-may a court investigator and outside of the federal gfovernment agencies, that have caused this deception; to have (outside instrument sentence examiners) to calculate time under F-7641-81 from the day of step back in 1983 up to a sentence served of 2003

2). I ask to have a judge assigned and a trial by jury to take place if by ordered that I can come to court on these issues on hand. And may all grounds be taken seriously due to its contents.

3). I wish to have assigned (investigator ) or attorney to have this matter from under Pro Se status, due to my legality issues.

4). If by chance that this Honorable Court findings are resolvable and this case docket number are time served, may I be release from under the Federal Bureau of Prisons and U.S. Parole Board obligations in lieu F-7641-81 and move on to complete my time sentence under CF-9216 and 9217. And may this Court judge deem any awards financially for damages.

5). May all records and files be opened to the Court for researched and evaluation by records and computation holders of these respondants .

6). I am asking this Court to correct, vacate, or set aside or closed F-7641-81 Docket Number From being misused to house new sentence or other time on it.

14

Signed on the _____ 3ʳᵈ _____ day of _Sept_, 2007

_Maurice Caldron_
Petitioner's Signature

I, declare (or certify, verify or state) that the foregoing is true and correct to the best of my knowledge or infromation and belief and that any false statements made therein are made subject to the penalties of applicable laws relating to unsworn false catition to authorities.

Executed On: _9/3/07_ 2007  _Maurice Caldron_
Signed

15

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia                    *AMENDED*

Case No. _F 764/-81 C OE_

vs.                                     PDID No. _348-504_

_MAURICE CEASAR_        "IN - JAIL"

**JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty to the Charge(s) of _Assault with intent to commit Robbery while Armed (three counts)_

and having been found guilty by ☒ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted and is guilty of the offense(s) charged, and is hereby SENTENCED to _not less than forty two (42) months nor more than twenty (20) years on each count respectively. Said sentences are to run concurrently._

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act-1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981; and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_12/18/86_
Date                                    _Reggie B. Hutt_
                                        Judge

Certification by Clerk pursuant to Criminal Rule **COPY**

_12/8/86_  A TRUE **JUN - 6 2007**
Date       TEST.                        _Owen V. Bon____
                                        Deputy Clerk
           **Clerk, Superior Court of the**
           **District of Columbia**

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Service

BY: _____

TABLE OF CONTENTS AND EXHIBITS
Case Number F-7641-81

E-(1) F-7641-81 Judgment and Commitment (1-page)

E-(2) D.C. Pre-Trial Services Agency
PS Report: pages 1 of 5 and F-7641-81 case: 3 of 5 page
This can show my type of release on 11-11-05. page 3 of 5
highlighted (Than) DSCC there escape on 11-11-05 of the B.O.P.'s
(Summery Investigation). Please compare the  date 11-11-05
and the difference of events.

E-(3) CSOSA
Court services and offender Supervision Agency parts of
Presentence Report - pages 13, para-1 thru para-4 and page 17
para-2 Highlighted
This  can show that CSOSA Officer Wendy Covay Investigated and
Researched my  Criminal History in findings that parole/probation
was ended or terminated with little success.

E-(4) D.C. Superior Court Search Results Computer
This  is to show that from 12/31/81 F-7641-81 1st case number
was closed out along with other clised cases that does'nt have
any  time on it... According to M.M. Deputy  Clerk Room 4001.

E-(5) Sentence Monitoring Computation Data
Pages 1 thru 3 and 1   on 5-03-2007 (right hand corner)
This can show new cases CF3-9216 and 17-06 that none of my Jail Time
was deducted while I was incarcerated at D.C. Jail and CCA from
5-10-06 up until 4-9-07. I was not credited none of that time. Also,
this shows where the time was stopped in order for DSCC in Texas for
F.B.O.P. to add 3.688 days and change my new sentence date from 2010
to 2015 altogether before release.

E-(6) Sentence Monitoring Computation Data
pages 1, and 2
pages 6, and 7 on 5-21-2007 (right hand corner)
Shows that they used F-7641-81 Docket Number in 2007 - and going back
to 2002 in which 3.688 days was given in 2003, and since the - I have
been on parole violation 3 times on set-offs and that 3.688 in 2003
should've been deducted then-they DSCC/per B.O.P. never changed the
days remaining or new sentence data. However did not credit me for the
time I spent in when the 3.688 days (first emerged in 2003). Why is it
that to day after my 3-times incarcerated on Parole Violations from
2002 to 2006 that this 3.688 days is still in existence when F-7641-81
Docket No. and time served shall be done. And why after 2 years U.S.P.
C. acted on this per B.O.P. than to accept the closing of F-7641-81.
These computations are a deception and very misleading which disre-
gards the truth.

E-(7) Copy of BP -9 respose and BP -10 Appeal
To show my remedy resolvements of denied to correct the sentence com-
putation based on their theory that they cannot show me any warrants
or arrests made for an escape or was I on parole during (new cases )
of  5-9-06.

4 Copies

*Denied*

*Sharon wants a new atty appt*

Host 10 + 11 May

# ATTACHMENT (2)

#1 /8 on 5/10/06

# 2 on 5/11/06

## D. C. PRETRIAL SERVICES AGENCY

### Pretrial Services Report

### United States vs. MAURICE CEASAR

DOB: 2/8/1960

PDID: 348504

Also known as:   David Hanson

Maurice Dawson

**Lockup #: 048**

| | |
|---|---|
| File Date: 05/10/2006 | Docket Number: |
| Lockup Date: 5/10/2006 | PSA Case #: 06130889 |
| Date Prepared:   5/10/2006 | |
| Date Printed:   5/10/2006 | |

**Charge(s)**

Burglary II

Burglary II

**Comments:**   According to the United States Marshal Service, the defendant was brought to the cell block today for arraignment court. PSA called the defendant's name and lock-up number multiple times, however, the defendant failed to answer. As a result, PSA has no personal, address or employment information for the defendant.

**Detention Eligibility and/or Administrative Procedures**

According to information available to the D.C. Pretrial Services Agency, the following applies:

§23-1322(b)(1)(A) – Defendant has been charged with a dangerous crime or a violent crime.

**Recommendations**

PSA General Supervision for Superior Court (SC)

PSA Report on — F-7641-81 Highlighted Page 3 of 5 — SEE E (2).

Release Conditions:

1.  Report to Pretrial Services Agency (PSA) room C-220 for evaluation and if positive program placement by PSA.
2.  Report to Pretrial Services Agency (PSA) weekly Specify if other selected: Report in person.
3.  Stay away from and have no contact with: complaining witness.
4.  Verify your address with Pretrial Services Agency (PSA) within 24 hours.

Comments:

PSA was unable to conduct a complete background check on this defendant due to the National Crime Information Center system being down.

Based on criminal history the defendant is ineligible for the Superior Court Drug Intervention Program (Drug Court).

**Criminal History**

**Last complete record check conducted on: 06/24/1988**

### Prior Conviction(s)

| **File Date:** 1/16/2002 | **Docket Number:** 2002-FEL-000341 | |
|---|---|---|
| **Charge Description** | **Sentence Description** | **Disp Date** |
| Burglary II | Confinement: 1 Years / VVCCA: $100.00 | 7/19/2002 |

According to the Bureau of Prison Website the defendant was released on 11/10/03.

| **File Date:** 11/21/1998 | **Docket Number:** 1998-FEL-008487 | |
|---|---|---|
| **Charge Description** | **Sentence Description** | **Disp Date** |
| Escape from Institution | Confinement: 5 Months To 15 Months / VVCCA: $500.00 | 4/30/1999 |

DC Jail records does not reflect an exact release date in this matter.  PSA has no additional information regarding this matter.

**File Date:** 5/7/1998          **Docket Number:** 1998-CMD-006639

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| UCSA Possession Marijuana | Time Served / VVCCA: $50.00 | 7/17/1998 |

**File Date:** 8/28/1995     **Docket Number:** 1995-CMD-009760

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Shoplifting | Time Served | 12/13/1995 |

**File Date:** 6/23/1988     **Docket Number:** 1988-CMD-007262

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| | Probation: 6 Months Unsupervised / Fine: $300.00 , Fine Suspend: $200.00 | 8/11/1988 |

**File Date:** 12/31/1981     **Docket Number:** 1981-FEL-007641

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |
| Assault With Intent to Rob While Armed | Confinement: 42 Months To 20 Years | 12/18/1986 |

According to automated probation and parole records the defendant's parole was closed revoked to incarceration on 10/24/04. According to the Bureau of Prison website the defendant was released on 11/11/05. PSA has no additional information regarding this matter.

**Pretrial Services has no interview information.**

E (2)

## Community Ties

**Place of Birth:**

**DC Area resident for:**

**Total Time in Area:**

**Marital Status:**

**Children:**    No

**Last Updated Date:**    05/10/2006

**Verified:** No

**Relatives Living With Defendant:**

None

**Relatives Not Living With Defendant:**

None

## Citizenship

**US Citizen:**    Yes

**Passport:**    Defendant reports not having a passport

**Last Updated Date:**    05/10/2006

## Address Information

No address information is available.

## Employment Information

No employment information is available.

## Education Information

No education information is available.

## Health Information

No health information is available.

## Substance Abuse Information

### Self Reported:

No substance abuse information is available

### Drug Test:

**Label Printed (temporary)**

**Prepared By: Sheena Hungerford**                    **Prepared Date: 5/10/2006**

| 4/17/06 | | | | | |
|---|---|---|---|---|---|
| | Theft/Second Degree Charge 2 | Instant Offense | " | " | " |

| **Total Score:** | | | | | **5.75** |

## PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

The defendant initially came to the attention of the criminal justice system in the year 1983 with an emphasis on numerous property related offenses. He has also been afforded community based services on numerous occasions that terminated with little success.

On August 11, 1988, the defendant was sentenced to six months unsupervised probation following his conviction for Sexual Solicitation, Docket M7262-88.

On September 2, 1993, the defendant was released to three years supervised probation following conviction in F-1636-90 (Burglary II). The original sentence was four years - twelve years, two years – twelve years suspended three years probation. Additionally, the defendant was placed on three years supervised probation in F-3113-93 (Attempted Burglary). The original sentence was three years probation. As a result of continued involvement in criminal activity, supervision was revoked in both cases on February 8, 1994. He was sentenced to one year in jail at that time.

On January 5, 1994, the defendant was sentenced to 2-6 years, ESS, three years probation following his conviction for Burglary/ Second Degree), Docket F10420-93. As a result of an unsatisfactory adjustment to supervision, the defendant's supervision terminated unsuccessfully on August 15, 1996. The defendant incurred another conviction, Docket F-8487-98, and was sentenced to five months – fifteen months on April 30, 1999. He was released to parole supervision on August 24, 2001. Supervision in that matter was revoked on October 26, 2004.

The defendant is currently committed at the Correctional Treatment Facility, pending sentencing in the Instant Offenses. While is was learned that the defendant was not candid with regards to information cited in his family history, he appeared cooperative, providing this Officer with the information necessary to complete this report. NCIC and Wales do not reflect any outstanding warrants and/or detainers.

## EMPLOYMENT HISTORY:

The defendant reported sporadic employment from November 2005 to May 2006 with Aramark Food Services in Northwest Washington, DC. He was employed in a Maintenance/ Food Service position, earning approximately $7-11.00 per hour. The defendant also reported that he held a part time position with Executive Personnel Inc. in Northwest Washington, DC. He was employed from the year 2004 to 2006 as a Landscaper/Maintenance worker. The defendant reported that he lost these positions due to his incarceration in the Instant Offenses. A telephone

E (3)

SEE PAGES 13, PARA 1 thru 4; And PAGE 17 PARA 2 (HighLighTed)

interview with the defendant's friend, Mr. William Michaels verified the information that he provided.

### *A pre-sentence report prepared in the year 2002 cited the following information:*

The defendant was employed from June to December 2001 with Executive Personnel Services, Inc. in Northwest Washington, DC. He further reported that he worked at Sunrise Restaurant, Ruppert Realtors, and Capital Court Reporters between 1987 and 1997. He states he has skills in transcribing forms and other clerical work. Additionally, the defendant states he has been employed in the music industry, working at a music studio, preparing demonstration tapes.

## SOCIAL HISTORY:

**Sources of Verification:** Ms. Vanessa Garrett, defendant's sister, pre-sentence report prepared in the year 2002

### Family History

The defendant was born on February 8, 1961 in the District of Columbia to the union of Ms. Virginia Boyd Ceasar and Mr. Gussie Ceasar. He reported that his mother was an alcoholic who died in 1973 from complications resulting from excessive alcohol usage. She passed when the defendant was 14 years of age. The defendant's father, formerly employed with the District's Sewer Department died in the year 1987, after contracting cancer of the lungs. He passed when the defendant was 19 years old. The defendant related that both parents had a problem with alcohol; however, neither parent was characterized as an illegal drug user.

The defendant has several siblings whose ages range from 38 to 60; Ethel Boyd, Robert Ceasar, Vanessa Garrett, Rozena Ceasar, Claudette Harris, Alonzo Ceasar and Annette Gray. Reportedly, the defendant is the only sibling known to use drugs and/or has been criminally involved.

The defendant characterized his childhood as stable. He and his siblings were raised in both the District and Prince Georges County Maryland. The defendant related that after his mother's death, he and his siblings resided with his older sister, Vanessa Garrett, due to his father's inability to care for a family of eight children. The defendant related that prior to his mother's demise; neither she nor his father provided adequate parental supervision due to their problems with alcohol.

The defendant's sister, Ms. Vanessa Garrett did not verify the information that he provided. She reported that the defendant was raised in a "middle class" home environment. She further reported that their mother died from a heart attack and that neither parent drank alcohol excessively. Ms. Garrett related that following their mother's death, their father remained instrumental in their upbringing. He did not abandon the family as the defendant professed. According to Ms. Garrett, the defendant possesses several skills. He writes music and is a graphic artist. She believes that her brother's usage of illegal drugs is the enumerating factor for his failure to lead a productive lifestyle.

### Education and Training

The defendant reported that he graduated in the year 1981 from Dunbar High School. He reported that he received a scholarship to attend college, where he studied at the University of the District of Columbia for approximately one month. Subsequently, the defendant studied for approximately two and a half years at the University Of Hartford, Connecticut. The defendant also reports having a Certificate of Accomplishment from Georgetown University Law Center, where he studied the District of Columbia Street Law.

*On September 12, 2006, the defendant was referred to the VOTEE Unit for a vocational treatment assessment. The following information was obtained from that assessment:*

Mr. Ceasar states that he has an Associates of Arts degree, was employed as a maintenance worker and is interested in obtaining and maintaining employment. Therefore, it is recommended that the defendant pursue employment in the maintenance/labor field. To ensure that the subject remains familiar with skills related to employability, a Life Skills Training and Job Readiness program is also being recommended for this defendant

### Military

No military experience was related.

### Marital Status and Living Arrangements

The defendant is a single male, who denies paternity to any children; however, the defendant does report, fathering a child in 1987 that ended in an abortion due to the mother's ill health. Prior to his arrest in these cases, the defendant had been residing at 1301 7th St. Northwest, Washington, DC (#120) with his cousin, Ms. Belinda McManus, who he claims is addicted to illegal drugs. The defendant reported that he will not return to Ms. McManus's residence and will stay with a friend, Mr. Bill Michaels at 2509 Kingsway Road #201, Fort Washington Maryland. Notably, Mr. Michaels was contacted with regards to the defendant's proclaimed living arrangement. He reported that there is not adequate space available in his home for the defendant; however, following his release from jail, he will do all possible to assist him in locating suitable housing. Consequently, no home visit was conducted because at this juncture, the defendant has "no fixed" address.

### Financial Status

No assets and/or liabilities of consequence were related.

## Health

The defendant reported that he suffers from sinus problems and Sarcoidosis, a respiratory problem. He takes prescribed medications to assist with his condition. No psychological and/or psychiatric intervention was related.

*A pre-sentence report prepared in the year 2002 cited that the defendant suffered from pneumonia during his childhood years.*

## Substance Use/Abuse

The defendant related that in the year 1991, he began experimenting with heroin and cocaine. He reported that cocaine is his drug of choice which he abused daily, spending approximately $150.00 per day on the illicit substance. He reports that he only consumes alcohol on a social basis. With regards to treatment, the defendant reported that during a period of incarceration at Lorton in the year 1996, he participated in a 60- day drug treatment program. In the year 1997, the defendant reportedly participated in four months of inpatient treatment at RAP Inc. The defendant acknowledges that he has a current substance abuse problem and has requested additional treatment.

*On September 12, 2006, the defendant was referred to the Central Intervention Team for a substance abuse Treatment assessment. Treatment Specialists proffered the following information and recommendation:*

"Offender has a substance abuse history of alcohol (1-2Xwkly since age 31years old), cocaine (daily since age 33 years old and heroin (daily since age 44 years old). Although he received no detox, he completed 2-3 months of RAP in 1990, and completed a prison based program in 1998 or 1999.Based on offender's representation, drug use history and assessment tools used, the following is recommended: 28 days residential, aftercare to be determined, support groups in the community.

> *NOTE: This treatment recommendation is based solely upon information obtained in the Assessor's clinical interview with the offender, assessment instruments, toxicology reports, and the documented history of substance abuse issues. It is not a sentencing recommendation, but an evaluation of the offender's presenting substance abuse status. The PSI writer can and will use additional sources of information and consider other factors in making a sentencing recommendation. The final sentencing recommendation and treatment plan will encompass all factors derived from the investigative process; thus, the two recommendations may differ.*

The defendant initially began testing with the DC Pretrial Service Drug Testing Agency in the year 1993. With regards to his arrest in these cases, the defendant was unable to void urine. However, available records reflect that the following positive test results:

8/9/04, 3/15/04, 3/8/04, 12/31/03, 12/15/03, 12/8/03, 1/16/02, 12/14/01, 10/29/01, 10/24/01, 10/17/01, 10/10/01, 10/3/01, 9/24/01, 9/17/01, 9/10/01, 9/10/01, 8/27/01, 11/21/98, 3/16/96, 8/28/95-positive for cocaine

Records also reflect that the defendant also tested negative during different intervals from the year 1993 to 2006 on approximately 23 occasions. His last negative test was in 2004.    ✳

## Other Significant Information

No significant information was related.

## EVALUATIVE SUMMARY:

The defendant, Maurice Ceasar, stands before the Court for sentencing after having pled guilty to two counts of Burglary and Second Degree Theft. Available criminal records reflect a lengthy history of arrests and conviction in this jurisdiction dating back to 1983. Numerous terms of probation and parole supervision are also indicated with all having ended unsuccessfully. With regards to his participation in these cases, the defendant admitted culpability relating that his substance abuse problem is the enumerating factor for his engagement in illegal crime. This seems to suggest that he is in the contemplation phase of change as he accepts responsibility for his actions, but has not taken any steps toward altering his behavior in a positive fashion.

The defendant is a life-long District of Columbia resident, who was reared in a "middle class" two-parent household. His mother died when the defendant was approximately fourteen years old. However, his father along with the assistance of his older sister reportedly cared for the family. While the defendant has amassed at least two years of college and presumably several marketable skills, the criminogenic factors as a long standing addiction to illegal drugs and at this juncture, no substantial employment history continue to influence his antisocial attitude. As a result, the defendant is virtually homeless.

It is apparent that throughout his life and his involvement with the criminal justice system, the defendant has been given opportunities to lead a productive and crime-free lifestyle given his upbringing and opportunities to address his addiction by his participation in at least two drug treatment programs. However, he has failed to do so. Moreover, the defendant's extensive criminal history for these types of offenses coupled with failed attempts to comply with community based services suggests that he is a serious threat and cannot be trusted in the community. Based upon the aforementioned information, incarceration is respectfully recommended.

### INTERVENTION PLAN:

1. Narcotics treatment in a controlled setting followed by 28 day residential treatment, aftercare and support groups upon release,

2. Vocational training in maintenance/labor field,

3. Life skills and job readiness training.

4. Random drug testing.

5. Transitional housing.

6. Seek and maintain gainful employment.

**Wendy Covay**
**Community Supervision Officer**
**(202) 442-1440**

Approved by: _____
  Karen McDaniel
  **Supervisory Community Supervision Officer**
  (202) 442-1441

Report Completed and signed:_____ **10-23-06**

ATTACHMENT (4)

Search Criteria
Case Number
Status                                          Sort          Ascending

Search Results
Case Number              Full Name                    Status              Filed

1981 FEL 007641     CEASAR, MAURICE N                                  12/31/1981
1988 CMD 007262     CEASAR, MAURICE N         Closed                   06/24/1988
1995 CMD 009760     CEASAR, MAURICE N         Closed                   08/25/1995
1995 FEL 007182     CEASAR, MAURICE N         Closed                   08/28/1995
1996 CMD 002749     CEASAR, MAURICE N         Closed                   03/16/1996
1998 CMD 006639     CEASAR, MAURICE N         Closed                   05/07/1998
1998 FEL 008487     CEASAR, MAURICE N         Closed                   11/21/1998
1998 FEL 008456     CEASAR, MAURICE N         Closed                   11/21/1998
2001 FEL 007990     CEASAR, MAURICE N         Closed                   12/14/2001
2002 FEL 000341     CEASAR, MAURICE N         Closed                   03/16/2002
2004 CMD 008334     CEASAR, MAURICE N         Closed                   08/09/2004
2006 CF3 009216     CEASAR, MAURICE N         Pending Sentencing       05/16/2006
2006 CF3 009217     CEASAR, MAURICE N         Pending Sentencing       05/16/2006

Has not
been
updated as of 3/1/07
M. M.
DA Clerk

Highlighted F-7641-81 Case number                              E(4)

```
    CAA1F  540*23 *              SENTENCE MONITORING        *       05-03-2007
    PAGE 001        *            COMPUTATION DATA           *       11:47:02
                                 AS OF 05-03-2007

    REGNO..: 09747-007 NAME: CEASAR, MAURICE


    FBI NO..........: 442456X1        DATE OF BIRTH: 02-08-1960
    ARS1............: CAA/A-DES
    UNIT............: C2 UNIT         QUARTERS.....: C04-203U
    DETAINERS.......: NO              NOTIFICATIONS: NO

    PRE-RELEASE PREPARATION DATE: 11-08-2014

    THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
    THE INMATE IS PROJECTED FOR RELEASE:  05-08-2015 VIA GCT REL

    ----------------------CURRENT JUDGMENT/WARRANT NO: 040 -----------------------

    COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
    DOCKET NUMBER..................: 2006 CF3 9216
    JUDGE..........................: DIXON
    DATE SENTENCED/PROBATION IMPOSED: 01-11-2007
    DATE COMMITTED.................: 01-11-2007
    HOW COMMITTED..................: DC SUPERIOR COURT COMT
    PROBATION IMPOSED..............: NO

                      FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
    NON-COMMITTED.: $00.00         $00.00          $00.00       $250.00

    RESTITUTION...:  PROPERTY: NO  SERVICES:  NO       AMOUNT:  $00.00

    ---------------------CURRENT OBLIGATION NO: 010 --------------------------
    OFFENSE CODE....:  605
    OFF/CHG: 22-1801(B), 2ND DEGREE BURGLARY

     SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
     SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
     TERM OF SUPERVISION............:    3 YEARS
     RELATIONSHIP OF THIS OBLIGATION
      TO OTHERS FOR THE OFFENDER....: CS TO 050
     DATE OF OFFENSE................: 05-09-2006

    ---------------------CURRENT JUDGMENT/WARRANT NO: 050 ------------------------

    COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
    DOCKET NUMBER..................: 2006 CF3 9217
    JUDGE..........................: DIXON
    DATE SENTENCED/PROBATION IMPOSED: 01-11-2007



    G0002      MORE PAGES TO FOLLOW . . .
```

NEW CASES — Sentence monitoring Comp. Data ( 1 - thru 3) and (1)

E (5.)

```
  CAA1F  540*23 *          SENTENCE MONITORING        *      05-03-2007
  PAGE 003 OF 003 *          COMPUTATION DATA          *      11:47:02
                             AS OF 05-03-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE


DATE COMPUTATION BEGAN..........: 11-20-2011
AGGREGATED SENTENCE PROCEDURE...: DC SRAA ADULT AGGREGATE SENTENCE
TOTAL TERM IN EFFECT............:    48 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     4 YEARS
AGGREGATED TERM OF SUPERVISION..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 05-09-2006

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                    05-10-2006     05-16-2006

TOTAL PRIOR CREDIT TIME.........: 7
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 188
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 05-08-2015
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-12-2015


PROJECTED SATISFACTION DATE.....: 05-08-2015
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: FUTURE COMP. ANY CHANGES TO COMP 030 WILL AFFECT DCB.

G0000      TRANSACTION SUCCESSFULLY COMPLETED

```
CAA1F  540*23 *          SENTENCE MONITORING        *    05-03-2007
PAGE 002        *        COMPUTATION DATA           *    11:47:02
                         AS OF 05-03-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE


```
DATE COMMITTED.................: 01-11-2007
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO
```

```
              FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $00.00        $00.00         $00.00      $350.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....: 605
OFF/CHG: 22-1801(B), 2ND DEGREE BURGLARY

```
   SENTENCE PROCEDURE............: DC SRAA ADULT SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:    24 MONTHS
   TERM OF SUPERVISION...........:     3 YEARS
   RELATIONSHIP OF THIS OBLIGATION
    TO OTHERS FOR THE OFFENDER....: CS TO 040
   DATE OF OFFENSE...............: 05-10-2006
```

------------------------CURRENT COMPUTATION NO: 040 ------------------------

COMPUTATION 040 WAS LAST UPDATED ON 04-12-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-14-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010, 050 010

G0002      MORE PAGES TO FOLLOW

```
   CAA1F  542*22 *          SENTENCE MONITORING          *    05-03-2007
   PAGE 001 OF 001 *          GOOD TIME DATA             *    11,47:13
                           AS OF  05-03-2007
```

```
REGNO...: 09747-007    NAME: CEASAR, MAURICE
ARS 1...: CAA A-DES
COMPUTATION NUMBER..: 040                FUNC..: PRT  ACT DT:
LAST UPDATED:  DATE.: 04-12-2007         FACL..: DSC    CALC: AUTOMATIC
UNIT................: C2 UNIT            QUARTERS...........: C04~203U
DATE COMP BEGINS....: 11-20-2011         COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 7                  TOTAL INOP TIME....: 0
CURRENT REL DT......: 11-12-2015 THU     EXPIRES FULL TERM DT: 11-12-2015
PROJ SATISFACT DT...: 05-08-2015 FRI     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
DAYS REMAINING......:                    FINAL PUBLC LAW DAYS:
```

---------------------------GOOD CONDUCT TIME AMOUNTS---------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 11-13-2011 | 11-12-2012 | 54 | | | | | |
| 11-13-2012 | 11-12-2013 | 54 | | | | | |
| 11-13-2013 | 11-12-2014 | 54 | | | | | |
| 11-13-2014 | 05-08-2015 | 26 | | | | | |

```
        TOTAL EARNED AMOUNT.........................................:       0
        TOTAL EARNED AND PROJECTED AMOUNT...........................:     188
```

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

```
CAA2I  540*23  *        SENTENCE MONITORING          *    05-21-2007
PAGE 001        *        COMPUTATION DATA             *    10:41:56
                        AS OF 05-21-2007

REGNO..: 09747-007 NAME: CEASAR, MAURICE


FBI NO..........: 442456X1        DATE OF BIRTH: 02-08-1960
ARS1............: CAA/A-DES
UNIT............: C2 UNIT         QUARTERS.....: C04-203U
DETAINERS.......: NO             NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-08-2014

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-08-2015 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7641-81
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1983
DATE WARRANT ISSUED.............: 03-26-2004
DATE WARRANT EXECUTED...........: 08-10-2004
DATE COMMITTED..................: 11-09-2004
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 644
OFF/CHG: ASSAULT WIT COMMIT ROBBERY W/ARMED

SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.: 20 YEARS
NEW SENTENCE IMPOSED...........: 3688 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 12-30-1981




G0002      MORE PAGES TO FOLLOW . . .
```

E (6)(7)

Pages 1-2- And 6-7.
F-7641-81 Docket Number used From 2002 thru 2007 under 3.688 Days.

```
CAA2I   540*23  *        SENTENCE MONITORING        *     05-21-2007
PAGE 002        *         COMPUTATION DATA          *     10:41:56
                            AS OF 05-21-2007
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE

------------------------CURRENT COMPUTATION NO: 030 ------------------------

COMPUTATION 030 WAS LAST UPDATED ON 08-30-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-01-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

```
DATE COMPUTATION BEGAN..........: 08-10-2004
TOTAL TERM IN EFFECT............: 3688 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   10 YEARS      1 MONTHS      5 DAYS
EARLIEST DATE OF OFFENSE........: 12-30-1981

JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                       08-09-2004     08-09-2004

INOPERATIVE TIME.........: REASON     FROM DATE      THRU DATE
                           ESCAPE     11-12-2005     05-16-2006

TOTAL JAIL CREDIT TIME..........: 1
TOTAL INOPERATIVE TIME..........: 186
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1211
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 11-23-2011
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 09-19-2014
EXPIRATION FULL TERM DATE.......: 03-18-2015

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 11-20-2011
PROJECTED SATISFACTION METHOD...: MAND REL
```

REMARKS.......: INMATE HAS FUTURE COMP. ANY CHANGES WILL AFFECT DCB OF 040.

G0002        MORE PAGES TO FOLLOW . . .

```
    CAA2I  540*23 *              SENTENCE MONITORING         *    05-21-2007
    PAGE 006       *             COMPUTATION DATA            *    10:41:56
                                 AS OF 11-10-2003
```

REGNO..: 09747-007 NAME: CEASAR, MAURICE


```
FBI NO...........: 442456X1              DATE OF BIRTH: 02-08-1960
ARS1.............: CAA/A-DES
UNIT.............: C2 UNIT                QUARTERS.....: C04-203U
DETAINERS........: NO                     NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  11-10-2003 VIA PAROLE

------------------------PRIOR JUDGMENT/WARRANT NO: 020 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F7641-81
JUDGE...........................: MURPHY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1983
DATE WARRANT ISSUED.............: 01-16-2002
DATE WARRANT EXECUTED...........: 01-12-2003
DATE COMMITTED..................: 12-31-2002
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  644
OFF/CHG: ASSAULT WIT COMMIT ROBBERY W/ARMED

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:  20 YEARS
 NEW SENTENCE IMPOSED...........: 3991 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 12-30-1981
```

G0002      MORE PAGES TO FOLLOW . . .

```
CAA2I  540*23 *            SENTENCE MONITORING      *       05-21-2007
PAGE 007          *          COMPUTATION DATA       *       10:41:56
                            AS OF 11-10-2003

REGNO..: 09747-007 NAME: CEASAR, MAURICE


--------------------------PRIOR COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 05-06-2003 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 01-12-2003
TOTAL TERM IN EFFECT............: 3991 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS      11 MONTHS      4 DAYS
EARLIEST DATE OF OFFENSE........: 12-30-1981

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1311
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 05-14-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 06-18-2013
EXPIRATION FULL TERM DATE.......: 12-15-2013

PAROLE EFFECTIVE................: 11-10-2003
PAROLE EFF VERIFICATION DATE....: 04-17-2003
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PRESUMPTIVE PAROLE

ACTUAL SATISFACTION DATE........: 11-10-2003
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: BUH
ACTUAL SATISFACTION KEYED BY....: EEH

DAYS REMAINING..................: 3688
FINAL PUBLIC LAW DAYS...........: 0

                10% DATE 10-12-2003
                COMP CERTIFIED BY D.C. RECORD CENTER ON 05-12-03.




G0002      MORE PAGES TO FOLLOW . . .
```

Regional Administrative Remedy Appeal

~~point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted~~

CEASAR, MAURICE     \# 09747-007     C2 UNIT     CANAAN
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** Respectively I put in a B-P 8 / BP/9 - in lieu of the Problems I Am having with U.S.P CANAAN Mr. Farley And Grand Prairie Texas. when I was in D.C. Washington CCA Institution Everything was o'k. with my time Computation. ON CF3-9216-06 / CF3-9217-06, I would be Release in 2010... However, once I was designated they of Designation Sentence Computation Center Mr. Faller, stopped my time that I was doing on CF3-9217-06 / CF3-9216-06 And Added more time About 96 more months. This Derives From a closed out parole use that was closed out by U.S.P.C. on 11/11/05 or after that Date I And No parole on F-7641-81 closed case data in which I've done All the time And overly the time up to 2005 - In which 1983-to-2003 was Original Expired Date... I, was never on the Streets for No 3.688-Days on the F7641-81 case that only 3 years or 4½ years I was on the Street for the 20 years that the sentence Carried - Now you got me doing 30 years (+'s) on this F7641-81 Docket number, in which, The Courts closed - Recently - the F7641-81 case Due to the miscalcul- ation in 2004* Mr. Faller (Attachment Continues)

10-26-07
DATE

*Maurice Ceasar (007)*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

BOP REGIONAL COUNSEL
PHILADELPHIA, PA

JUL 12 2007

_____     _____
DATE     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY     CASE NUMBER: 453293-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
DATE     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN     BP-230(13)
JUNE 2002

on BP-10) 6-26-07                                    2 of

Destination Sentence computation center - in Grand Prairie Texas
me How - Never Closed this out in petersburg /D.C. Records /Nor
bnored that this Case docket No. F7641-81 has Been closed and
Expired out By other Federal /and local Agencies Espectally
U.S.P.C. — CSOSA — D.C. Superior Court Records
U.S District Court — And Metropolitan Police /Records.
Due to Mr. Fuller - He tried to Bring up an Escape on me
From A Incident Report that I Never Seen & Also Mr. Farley
And Fuller created a 3.688 Days All over Again In which
I did Not Never had 3.688 days out on Parole in Society
As street time. Nor was I Given Any Notice By the
U.S.P.C. of me in Violation of Any Escape matters on
11/12/05. .. Either did D.H.O. converse with me during
Any of my Inctcerated time to make me Aware of my
violations ??? I've Learned of this on A Team, By Unit
Team Staff.... (Nor) was Time I spent in From 10.24.04
to 11/11/05 — Deducted From A Already 2002 Face Sheet of 3.688 Days
In which they at DSCC Stating that I still have in 2007 ???
In 2004 to 11-11-05 — That Time was In carcerated time And
y 2006 to 2007 Should've have Been deducted From the 3.688 Days
of at one time on this New Face sheet have they spoke About
E Deducted time For 2004 to 11/11/05. Nor have I have Any
Access to have they Correct this matter Respectively that I
m Now Asking You to Intervene to show A different side....
I have Proof in Documents of Legat Data From courts Record
-SOSA Progress Reports and pretrial /presentencing in my
Dummy Jacket on Files that Parole /probation was terminated
in Successfully or At the End or with little Success-which,
was terminated: please may you Not Just Look From D.S.C. Records But Review
hose Records of my Court /U.S P.C. Endeavors. Respectfully Maurice Ceaser

U. S. Department of Justice          *Request for Administrative Remedy, Part B - Response*
Federal Bureau of Prisons
**USP, Canaan, Pennsylvania**

**Name**: Caesar, Maurice
**Reg. No.**:  09747-007
**Admin. Remedy No.**: 453293-F2

This is in response to your Request for Administrative Remedy, received on May 22, 2007. You allege that the federal sentencing court ordered your sentence to be a term of 48 months of imprisonment. You further allege that the Bureau of Prisons computed your sentence to reflect 96 months imprisonment.

You were serving a federal parole violation term of 3,688 days imprisonment commencing on August 9, 2004. On October 24, 2005, you were released via a furlough transfer to a halfway house. However, you escaped from the halfway house on November 11, 2005. On May 16, 2006, you were apprehended. You continued your violation term with a new release date of November 11, 2011. During your escape you committed the offense of 2nd Degree Burglary on May 9, 2006, in the District of Columbia. You were sentenced in Superior Court by the Honorable Judge Herbert D. Dixon to 24 months imprisonment to run consecutively, under Case Number 2006 CF3 9216. In addition, you committed the offense of 2nd Degree Burglary and 2nd Degree Theft, on April 17, 2006, and May 10, 2006. You were sentenced in Superior Court by the Honorable Judge Herbert D. Dixon to 24 months imprisonment to run consecutively, under Case Number 2006 CF3 9217.  The new sentence is for a term of 48 months imprisonment consecutive to your present 3,688 days violation term.

Given the facts stated, your Request for Administrative Remedy is denied.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Street, Philadelphia, PA 19106.

_____
Ronnie R. Holt, Warden                                          Date

F (7.)

Mr. Maurice Ceasar
#09747-007
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472


CERTIFIED MAIL

7007 0220 0001 7878 1248

FEB - 6 2007

United States District Court For the
For Pennsylvania: Special Proceed
= Clerk of Court =
P . O - Box 1148
Scranton Pennsylvania 185

Legalmailed

MA
Pe

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,            )
                                   )
            Plaintiff ,     )     Civil No.: 07-1191(RMC)
v.                            )
                                   )
BUREAU OF PRISONS,       )
                                   )
            Defendant.    )
_____)

## DECLARATION OF AUGUSTUS FALLER

1.    My name is Augustus Faller. I am currently employed by the Federal Bureau of Prisons as an Operations Manager at the Designation and Sentence Computation Center in Grand Prairie, Texas. Before assuming my present position, I worked as the Manager of the District of Columbia Records Center. I have been employed by the Federal Bureau of Prisons since August, 1989 and have worked in the area of inmate sentence computation since August, 1991. In my current position, I am responsible for the sentence computation of inmates convicted of felonies in the Superior Court of the District of Columbia.

2.    I have been assigned to review the captioned case filed by plaintiff Maurice Ceasar regarding his sentence computation.

3.    Plaintiff's United States Parole Commission (USPC) warrant was executed on March 26, 2004, with 3688 days remaining to serve. On October 24 2005, Plaintiff was furlough transferred to the Baltimore Residential re-entry Center with a parole effective date of December 9, 2005 and a expiration full term date of September 13, 2014. On November 11, 2005, Plaintiff walked away from the center and was placed in escape status. On November 22, 2005, the United States Parole Commission issued a Notice of Action to retard the parole effective date of December 9, 2005, for violating the rules of the institution and schedule for a Rescission Hearing, upon return to a Bureau of Prisons Facility. On May 10, 2006, while on escape status, Plaintiff was arrested for new criminal conduct in Washington, D.C. case 2006 CF3 9216,9217 and released the same day. On May 17, 2006, Plaintiff was arrested and the USPC violation from which he escaped on November 11, 2005, commenced upon his return to federal custody. On January 11, 2007, Plaintiff was sentenced to 48 months consecutive by the Honorable Judge Dixon of the District of Columbia Superior Court, case 2006 CF3 9216,9217.

4.    I have reviewed the allegations made in Plaintiff's complaint. One page two, Plaintiff states that he was not criminally charged with escape, but was placed on escape status by the BOP. This classification, in turn, affected his release date. In response, Plaintiff had a parole effective date of December 9, 2005, but escaped from federal custody on November 11, 2005,

while serving a USPC violation of parole. He was not charged criminally by the D.C. Superior Court for escape, but was placed on escape status for 186 days. The USPC revoked his parole effective date and continued him until an expiration date of November 20, 2011.

5.    Plaintiff also claims that the BOP has given him an improper release date of 2015. For the reasons stated earlier, Plaintiff's parole effective date was November 2011. However, on January 11, 2007, Plaintiff was sentenced to two 48 month consecutive sentences by the honorable Judge Dixon of the District of Columbia Superior Court. Plaintiff's parole effective date for the previously mentioned charges is November 20, 2011, at which time he will serve the additional 48 months. Hence the 2015 release date. Plaintiff will receive 54 days a year good time credit for his 48 month sentence.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on ___10/9/07___

AUGUSTUS FALLER

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA


MAURICE CEASAR,               )
                           )
              Plaintiff ,     )     Civil No.: 07-1191(RMC)
          v.             )
                           )
BUREAU OF PRISONS,       )
                           )
            Defendant.    )
_____)

## ORDER


      UPON CONSIDERATION of the Defendant's Motion To Dismiss, any  Opposition

hereto and the entire record in this matter, it is by the Court this ____ day of _____,

2007, hereby

      ORDERED that defendant's motion be and hereby is granted.


                         _____
                         UNITED STATES DISTRICT JUDGE

Copies to:

WYNEVA. JOHNSON
Assistant United States Attorney
Judiciary Center Bldg., Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

MAURICE CEASAR
#09747-007
Allenwood FCI A-1 Unit
White Deer, Pennsylvania 17887-2000