UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1191 (PLF) |
| FEDERAL BUREAU OF PRISONS, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss filed on behalf of the Federal Bureau of Prisons ("BOP").[1] The Court will dismiss this action on the ground that plaintiff fails to state a claim upon which relief can be granted.

I.  BACKGROUND

Papers drafted and filed by a *pro se* litigant are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Richardson v. United States,* 193 F.3d 545, 548 (D.C. Cir. 1999). In this spirit, the Court attempts to sort out the vague, disorganized, and rambling allegations of plaintiff's complaint and other filings.

---

[1] In the caption of his complaint, plaintiff names the "D.C./Federal Bureau of Prison[s] In Lieu Of[] Designation and Sentence Computation Center[,] Legal Instrument Examiners" as the defendant. Compl. at 1. The Court presumes that "D.C." refers to the District of Columbia. There appear to be no allegations in the body of the complaint against the District of Columbia, however, and the Court does not consider it a party defendant to this action.

On August 15, 1983, in the Superior Court of the District of Columbia ("Superior Court"), plaintiff was convicted of three counts of assault with intent to commit robbery while armed. Memorandum of Points and Authority in Support of Defendant's Motion to Dismiss ("Def.'s Mot."), Declaration of Augustus Faller ("Faller Decl."), Ex. 2 (Amended Judgment and Commitment Order, Crim. No. F-7641-81). He was sentenced to three terms of imprisonment, 42 months to 20 years each, to be served concurrently. *Id.* Evidently plaintiff was released on parole, was returned to custody for having violated the terms of his release, and again was released on parole. For reasons that are not clear in the record, the United States Parole Commission ("USPC") issued a parole violation warrant on March 26, 2004 which was executed on August 10, 2004. *See* Faller Decl. ¶ 3 & Ex. 1 (Sentence Monitoring Computation Data as of 05-21-2007) at 1. At the time of the warrant's execution, there remained 3,688 days unserved on the 1983 Superior Court sentences. *Id.*; *see id.*, Ex. 1 at 1-2. BOP projected that plaintiff would complete service of the sentence on November 20, 2011. *Id.*, Ex. 1 (Sentence Computation Data as of 05-21-2007) at 2.

BOP described plaintiff's subsequent incarceration as follows:

> On October 24[,] 2005, Plaintiff was furlough transferred to the Baltimore Residential [R]e-entry Center with a parole effective date of December 9, 2005 and a [sic] expiration full term date of September 13, 2014. On November 11, 2005, Plaintiff walked away from the center and was placed on escape status. On November 22, 2005, the [USPC] issued a Notice of Action to retard the parole effective date of December 9, 2005, for violating the rules of the institution and schedule for a Rescission Hearing, upon return to a [BOP] [f]acility. On May 10, 2006, while on escape status, Plaintiff was arrested for new criminal conduct in Washington, D.C. case 2006 CF3 9216, 9217 and released on the same day. On May 17, 2006, Plaintiff was arrested and the USPC violation from which he escaped on November 11, 2005, commenced upon his return to federal custody. On January 11, 2007, Plaintiff was sentenced to 48 months consecutive by the Honorable Judge Dixon of the District of Columbia Superior Court, case 2006 CF3 9216, 9217.

Faller Decl. ¶ 3.[2]  Evidently the 2007 Superior Court sentences were to be served consecutively to any other sentences plaintiff then was serving.  BOP began the computation of the 2007 sentences on November 20, 2011, the date on which the 1983 Superior Court sentences were projected to expire.  *Id.*, Ex. 1 (Sentence Computation Data as of 05-03-2007) at 3.  BOP projected that plaintiff would complete service of the 2007 sentences on May 8, 2015.  *Id.*

Plaintiff alleges that the 1983 Superior Court sentences expired in 2003, twenty years after sentencing, and that that criminal action has closed.  Compl. at 1, 4 (page numbers designated by the Court).  According to plaintiff, BOP and staff responsible for calculating his sentence wrongly "[a]dded 3,688 More Days To The Closed Case," *id*. at 1, such that he will be incarcerated for a period far longer than the term actually imposed.  *See id.* at 3.  He purports to bring a civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and demands "Financial Relief" to compensate him for "The Damage And Burden Emotionally, Monetarily, Punitvly [sic], And Economy [sic] Damage and Injuries[.]" *Id.* at 3.[3]

II.  DISCUSSION

BOP moves to dismiss the complaint on the ground that its claims sound in habeas.  *See* Def.'s Mot. at 3-6.  The proper respondent to a habeas petition generally is the warden of the facility at which a prisoner is detained, *see Chatman-Bey v. Thornburgh*, 864 F.2d

---

[2]  It appears that plaintiff was sentenced to two prison terms of 24 months each, to be served consecutively, for an aggregate prison term of 48 months.  *See* Compl. at 2; Faller Decl., Ex. 1 (Sentence Computation Data as of 05-03-2007) at 3.

[3]  Presumably plaintiff brings the *Bivens* claim against the unidentified "Legal Instrument Examiners" mentioned in the caption of the complaint.

804, 810 (D.C. Cir. 1988) (en banc), and a habeas petition must be filed in the federal district having jurisdiction over the warden. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1237-38 (D.C. Cir. 2004). For these reasons, BOP requests dismissal either for lack of jurisdiction or improper venue, or transfer of this action to the district where plaintiff currently is incarcerated. Def.'s Mot. at 5-6. In the alternative, BOP argues that plaintiff's claims fail on the merits because BOP calculated his sentence correctly. *Id.* at 6.

It is true that a challenge to the duration of a prisoner's confinement is a habeas claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). "[H]abeas corpus relief is not limited to immediate release from illegal custody," and "is available as well to attack future confinement and obtain future releases." *Id.* Insofar as plaintiff seeks habeas relief, he may not obtain it in this federal district.

Plaintiff objects to BOP's characterization of this action as a habeas petition, however. *See* Pl.'s Opp'n at 2 (page numbers designated by the Court) (asserting that defendant "mis-construe [sic] [plaintiff's] civil rights as a habeas corpus filing").[4] Rather, he demands monetary compensation for unlawful custody beyond the purported expiration of the 1983 Superior Court sentences. Assuming without deciding that plaintiff states cognizable civil rights claims, his claim for damages must fail.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

---

[4] The Court will direct the Clerk to docket plaintiff's "Response to Defendant[']s December 18, 2007 Motion[;] Motion to Show that Case No:4:07-cv-01646-JEJ Has Been Withdrawn December 3, 2007[] Due To Already Filed Inclusive Claim – At Hand Or In My Continued Civil Rights USC 28 § 1331/Bivens/1983 Complaint" as his opposition to the BOP's motion to dismiss ("Pl.'s Opp'n").

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ for habeas corpus.

*Id*. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Absent a showing that plaintiff's conviction or sentence has been invalidated, he cannot recover damages in this action. "The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam). Because plaintiff does not show that his conviction has been reversed, expunged, or otherwise declared invalid, any *Bivens* claim is barred. *Id.* at 1341.

      An Order consistent with this Memorandum Opinion will be issued separately.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 28, 2008