LET THIS BE FILED

Maurice Ceasar
    Plaintiff

V.

Federal Bureau of Prisons
    Defendants et al

Let this
be f[il]ed
p[er] JS
1/28/07

Case No: 1191-CV-07(PLF)
Civil Rights Act

Response to Defendants December 18, 2007 motion
Motion to show that Case No: 4:07-CV-01646-JEJ
has been withdrawn December 3, 2007. Due to Already
Filed Inclusive Claim — At hand or in my Continued
Civil Rights USC 28 § 1331 / Bivens / 1983 Complaint

    Now Come's, I, plaintiff to move Forward with my District of Columbia - Diversity Citizenship USC 28 § 1331 Bivens vs. unknown Federal Agents, And USC 42 § 1983 claim.

    In my trueness of what I am filing goes beyond the expect of any Parole Street time / or any sentence Duration However, That the Defendants are arguing the wrong subject matter. It is obvious this is about 3.991 Days and 3.688 days placed Illegally in B.O.P.'s Computers and sent to other Federal Agents (who) Avoid the truth in 2002 that these Examiners for Computations has cause this Defect and have Violated 18 § USCS 1001 Rules. They will not show cause for 1991 - 1993 - 1994 or 1995 Mandantory Release Dates of 2003, 2004, 2006 and 2008 Credit for Release Dates by not Honoring A.K.A. M. Dawson Jail time from 1991 - 1995 incarceration.

    I, Come to look Beyond, what street time they've takened and did not credited me for it in 2002 But continue to mislead the Judicial System with false contents

of Computations under F-7641-81. Theres noway I can still have time over the 4 to 20 years given in 1983 in 2007 now. And there were never, any aggregation of any of those past sentencings that were mostly time served and (1) one digit sentencings in 1991 1992 - 1995 and 1998.

It is only obvious this was all caused wrongfully for AUSA offices to be even misled by F.B.O.P.'s Reports and subject matter that does not still answer on the Civil Rights level that I file Diverse Citizenship against those Federal agents that are Responsible for the Computation Computer Data sent in 2002 and change to Cover-up my Expirational Sentence Release Dates that were proper. I, do have merits to fight And Argue my Civil Rights in the District of Columbia U.S. District Court. The Defendants, are looking for Delay And to keep conspiring my Rights to Argue my Case; Also to mis-construe my Civil Rights as a Habeas Corpus Filing.

## Conclusion

I, ask this Court to move forward with my Civil Rights in Washington D.C. as a Claim under Bivens USC.28 §1331 / USC 42 §1983. The Defendants knew That the enclosed 2241 § 28 USC was withdrawn under case no: 4:07-cv-01646-07 JEJ. They Filed a December 18, 2007 motion without any Subject or merits to continue mislead this Honorable Court.

## Certificate of Service

I, hereby wish to make it known that, I am and have filed by rights a claim of Civil Rights 1983/Bivens and USC 28 § 1331 in the District of Columbia under Diversity of Citizenship. This motion I, am filing in regards is to express my concern of clear minded of what I have filed. Also Enclosed 01646-07 Document from U.S. District Court - Middle District Pennsylvania have been (withdrawn) on December 3, 2007.

May in respect of this Honorable Court, that I, the Plaintiff move forward with Civil Rights complaint under cv-1191-07. For those Defendants to show cause of any aggregated sentences; and to show cause of D.C. D.O.C. face sheets under Maurice Dawson as combined and jail time credited to I, Plaintiff Maurice Ceasar's D-C. Superior Court Records / U.S./D.C. parole records.

This Your Honor, could show how they disregard the truth or (not) give me credit in 1991-92/1993-1995, the 1095 days (+) under A.K.A. Maurice Dawson. Also they the Defendants will not combine that jail time as being one of the problems.  (again)

May this Court look through, their misleading arguments on this 1191-07 Civil Rights claim by Defendants and may all December 19, 20, 2007 motions I filed by certified mail to be responded by the Defendants to show cause in a Civil Rights manner, not a Civil Habeas Corpus. I, send this on this __27th__ day and __December__ month of 2007

Respectfully Submitted

_Maurice Ceasar_
Maurice Ceasar #09747-007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE CEASAR,
    Petitioner

CIVIL NO. 4:CV-07-1646

v.

(Judge Jones)

DESTINATION SENTENCE
COMPUTATION CENTER
EXAMINE (NUN), et al.
    Respondents

## MEMORANDUM

December 3, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 7, 2007, Petitioner Maurice Ceasar filed with the Court a submission titled "Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241." (Doc. 1.) On the same date, Ceasar also filed an application to proceed *in forma pauperis*. (Doc. 2.) Ceasar is an inmate presently confined at the Canaan United States Penitentiary in Waymart, Pennsylvania ("USP Canaan"). Ceasar is in custody under a sentence imposed by the Superior Court of the District of Columbia. (Doc. 1 at 2.) In his petition, Ceasar challenges the calculation of his sentence and release date. (*See* Doc. 1 at 1, 5-8, 9-10, 13.)

Ceasar also filed a second submission with the Court which he titled "Ex-Parte Motion for Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1)." (Doc. 6.) In this submission, Ceasar requested that the term of supervised release to which he was sentenced by the District of Columbia Superior Court be terminated and replaced with placement in a residential drug treatment program.

On October 23, 2007, this Court issued a service Order treating Ceasar's petition as it had been labeled, namely as one filed under 28 U.S.C. § 2241. (Doc. 4). However, on November 8, 2007, this Court vacated its original service order because neither of Ceasar's petitions may be properly considered under § 2241, but rather must be considered under § 2254, as Ceasar is a state prisoner. (*See* Doc. 8). In addition, the November 8, 2007 Order advised Ceasar of the consequences of treating his submissions as petitions under § 2254. *See United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Ceasar was also given the chance to withdraw his submissions and file one all-inclusive § 2254 petition. (*See* Doc. 8).

On November 20, 2007, Ceasar filed a document in which he stated that he wishes to withdraw both of his pending petitions and file one all-inclusive petition under § 2254. (Doc. 10 at 1-2). Accordingly, this Court will deem the petitions

2

withdrawn.[1] Ceasar's submissions are withdrawn without prejudice to his ability to re-file one all-inclusive petition pursuant to 28 U.S.C. § 2254. However, Ceasar is reminded that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a § 2254 petition and that he should consult that section to determine when the one-year period starts to run in his case.

Also currently pending is Ceasar's motion to stay this action pending his transfer between Bureau of Prisons facilities. (Doc. 7.) Given that Ceasar has elected to withdraw his current submissions, the Court will deny this motion as moot.

An Order consistent with this Memorandum will issue.

---

[1] In his response to the Miller/Mason order, Ceasar also requested an extension of time in which to file the election form which was included with the order. (*See* Doc. 10.) However, Ceasar stated "I wish to <u>withdraw both of your [sic] submissions in regards to 2241 and ex parte claims - without prejudice</u>; to proceed under § 2254, 28 U.S.C." (Doc. 10 at 1 [emphasis in original].) As Ceasar has clearly indicated his desire to withdraw his habeas submissions in order to file one all-inclusive petition under § 2254, he need not file the election form and the court will deny as moot his request for an extension of time in which to do so.

3