UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,

    Plaintiff,

v.    Civil Action No. 07-1191 (PLF)

FEDERAL BUREAU OF PRISONS,

    Defendant.

FILED
MAY - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

In his Complaint, plaintiff demanded monetary compensation for allegedly unlawful custody beyond the purported expiration of the sentences imposed in 1983 by the Superior Court of the District of Columbia. On January 28, 2008, the Court issued a Memorandum Opinion and Order dismissing plaintiff's Complaint without prejudice because it failed to state a claim upon which relief can granted. Now before the Court is Plaintiff's Motion Seeking to Alter or Amend Judgment. Because plaintiff filed his motion more than 10 days after entry of the challenged Memorandum Opinion and Order, the Court treats the motion as one for relief from judgment or order under Fed. R. Civ. P. 60(b). *See, e.g., Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.").

1

Relief under Rule 60(b) should be used sparingly and should be applied only in extraordinary circumstances. *See Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988); *Piper v. United States Dep't. of Justice*, 374 F. Supp. 2d 73, 78 (D.D.C. 2005). Under Rule 60(b), the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).[1] Plaintiff's motion is woefully inadequate, as it articulates no basis for the relief he seeks. Absent a showing of extraordinary circumstances, the motion must be denied.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion Seeking to Alter or Amend Judgment [Dkt. #32] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 5/1/08

---

[1] Plaintiff does not cite Rule 60(b) and therefore does not specify the provision on which he relies. It appears that only the "catch-all" clause of Rule 60(b)(6) would apply.

2